**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **LYUDMILA S. MASLYAKOVA,** | ) | |
| ("Grandma"), | ) | CASE NO. _____ |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | |
| **SUPREME JUDICIAL COURT** | ) | |
| **OF THE COMMONWEALTH** | ) | |
| **OF MASSACHUSETTS ("SJC"),** | ) | On behalf of the people, we submit our |
| | ) | complaint for redress of ongoing |
| Honorable Justice **Ralph D. Gants**, in his | ) | deprivation of; "...life, liberty, or property, |
| official capacity as Chief Justice of SJC, | ) | without due process of law...", in violation |
| | ) | of the Fourteenth Amendment of |
| Honorable Justice **Barbara A. Lenk**, in her | ) | the United States Constitution. |
| official capacity as Associate Justice of SJC, | ) | */s/ Ilya Liviz Sr.* |
| | ) | Legal Code Jurist |
| Honorable Justice **Frank M. Gaziano**, in his | ) | |
| official capacity as Associate Justice of SJC, | ) | |
| | ) | |
| Honorable Justice **David A. Lowy**, in her | ) | |
| official capacity as Associate Justice of SJC, | ) | |
| | ) | |
| Honorable Justice **Kimberly S. Budd**, in her | ) | |
| official capacity as Associate Justice of SJC, | ) | **SEASON I - EPISODE II:** |
| | ) | **CIVIL LIBERTIES SCRIPT FOR** |
| Honorable Justice **Elspeth B. Cypher**, in her | ) | **ADMINISTRATIVE DENIAL OF** |
| official capacity as Associate Justice of SJC, | ) | **ACCESS TO JUSTICE WITH** |
| | ) | **ISSUANCE OF WRIT OF MANDAMUS** |
| Honorable Justice **Scott L. Kafker**, in his | ) | **DIRECTING THE SJC TO GRANT** |
| official capacity as Associate Justice of SJC, | ) | **PRESENT & FUTURE REDRESS TO** |
| *Defendants*. | ) | **VEHCLE INFRACTION APPEALS** |
| _____ | ) | |

- EQUAL JUSTICE and LIBERTY for ALL -

**FOR THE PEOPLE SUBMISSION**
collaborating efforts of our
**Civil Rights** in association with **Civil Liberties**
a **Legal Code Jurist** production
starring **Lyudmila S. Maslyakova** ("Grandma")
presented in **U.S. District Court** for the **District of Massachusetts**
directed by **Honorable Justice** of the federal district court
written by **Ilya Liviz Sr.** in accordance with **Fed. R. Civ. Pro**. and the **U.S. Constitution**
in compliance with **28 U.S.C. § 2283** pursuant to **42 U.S.C. § 1983**
based on **True Events** taking place within **Commonwealth of Massachusetts**
published **October 3rd** in the year **2018** of our lord.

<table>
<tr><td rowspan="1"><br><br>**NR**<br>No Redaction</td><td>**The Content of This Complaint Has Not Been Evaluated Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) - It is Being Submitted to State's Attorney General and Commission on Judicial Conduct for Additional Review and Consideration.**</td></tr>
</table>

|  |  |
| --- | --- |
| **NR**<br>No Redaction | **The Content of This Complaint Has Not Been Evaluated Pursuant to Fed. R. Civ. Pro. Rule 12(b)(6) - It is Being Submitted to State's Attorney General and Commission on Judicial Conduct for Additional Review and Consideration.** |
| Identification of children and other information has been redacted where necessary pursuant to Local CM/ECF Adm. Pro. R. N. (1-5), & S., and Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1, and the E-Government Act of 2002, personal identifiers (PID) will be partially redacted unless they are already known to the public.  Approved for public reproduction. |  |

"Civil Rights Act, Rehabilitation Act, Americans with Disabilities Act, and many other life-saving law would not be possible without the dedicated efforts of the congress - everyone deserves a chance."

*/s/ Ilya Liviz Sr.*
Legal Code Jurist

**POWER TO THE PEOPLE**



## VERIFIED CIVIL LIBERTIES COMPLAINT

I, Ilya Liviz Sr., hereby swear as followed:

*What began as a simple ticket appeal, turned into a Grandma's bold fight for access to justice!*

### the **PLOT**

1. Plaintiff Lyudmila S. Maslyakova ("Grandma"), an elderly and partially disabled citizen of the Commonwealth, married to the only man she has ever known for more than fifty (50) years, and at all times is a qualified driver for the handicap placard.  On a particular day she was dropping off her husband at the store, when she was pulling out of the handicap parking, a police officer did not allow her to leave and cited her for the new law that punishes people for using other people's placard; she now faces an immediate suspension of her license if this court, of last resort, does not come to her aide.

### the **THEME**

2. The complaint seeks injunctive and declaratory relief for constitutional violation of procedural due process access to the courts - *Eleventh Amendment's* state immunity does not apply.

3. Constitutional infirmity involves the state's highest court which concerns non-judicial administrative procedural violations - *judicial immunity* does not apply.

4. This Honorable Court is not asked to modify any state judgment; it concerns administrative denial to access to the court - *Rooker-Feldman* doctrine does not apply.

5. SJC has failed to offer a refundable deposit as an option to a fee in violation of federal declaration made in *Crawford v. Blue*, 271 F. Supp. 3d 316 (D. Mass. 2017) - *Anti Injunction Act* does not apply.

6. Complaint seeks redress to deprivation of constitutional rights caused by the state's highest court's administrative decision and control; there is no judgment to review - *Judicial Immunity* does not apply. (If the action in question is not judicial in nature, such as when the judge performs an administrative, legislative or executive act, there is no judicial immunity for money damages. *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005).

7. The pending injury is based on procedural due process, denial of access to the highest court, a violation of Fifth & Fourteenth Amendments that are administratively regulated by Honorable Justices of the state's highest court who are defendants to this litigation; the state law and Massachusetts constitution requires recusal to avoid violation of judicial code of ethics and impropriety, the state lacks appellate relief for the alleged constitutional infirmity - *Younger* doctrine does not apply.

8. The lack of state review on the matter is created by state's own constitution which requires the state's justices to recuse themselves from cases that would decide a matter that is simultaneously pertains to misfeasance alleged against them - *Abstention* does not apply. *See* Co-Star's Duties *infra*. ("A justice may not issue an order of determination who is the party of the alleged constitutional violation." *See* Mass. Const. Part the Second, c. 6, art. 5.

## the **STAGE**

9. This Honorable Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

10. This Honorable Court shall have original jurisdiction  of any civil action authorized by law to be commenced by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. *See* 28 U.S.C. § 1343(a)(3).

11. This Court possesses personal jurisdiction over Defendants, who are all citizens of Massachusetts.

12. Venue is proper in this district because multiple defendants reside in this district and because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district. *See* 28 U.S.C. § 1391(b)(l), (2).

## the **CO-STAR DUTIES**

13. The Supreme Judicial Court of the Commonwealth of Massachusetts (hereinafter "SJC") is the highest court in the judicial system of the State of Massachusetts, has the final authority to determine constitutionality of State Law and conduct, and duty of general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein. *See* M.G.L. c. 211, § 3.

14. The question of law concerns a protected group of individuals who are immune to the law Grandma is being subjected to because it was to protect such group thereby taking away subject matter jurisdiction of the court; the answer is of great public importance because state and federal constitution prohibits enforcement of this law against my client - the full court must answer this question; "...other matter clearly affecting the public interest or an entire industry, a single justice shall file with the order of transfer a statement of his reasons therefor." *See* M.G.L. c. 211, § 4A,

15. When there is a question of law on appeal, it shall be heard and determined by the SJC; "[q]uestions of law arising upon exceptions, report, or appeal shall be heard and determined by the full court." *See* M.G.L. c. 211, § 5.

16. "Questions of law arising upon a trial ... by reason of an opinion, direction, order or refusal of one justice in matter of law... and so much of the case as is necessary for understanding the question *shall be reported." See* M.G.L. c. 211, § 6. *(Emphasis added.)*

17. SJC Suffolk County, on a given day, has a single justice of the SJC presiding to make appropriate rulings to petitions filed therein; when the Single Justice of the SJC addresses a question of law, he/she has the powers of a full court.  *See* M.G.L. c. 211, § 20.

18. The Appeals court has authority to; " carry into execution its judgments, decrees, determinations and orders in matters within its jurisdiction according to the rules and principles of common law and the *Constitution* and laws of the commonwealth, and subject to the appellate jurisdiction, supervision and superintendence of the supreme judicial court." *See* M.G.L. c. 211A, § 5. (Emphasis added.)

19. The justices have taken an oath to abide by the constitution; "...do solemnly swear and affirm, that I will faithfully and impartially discharge and perform all the duties incumbent on me... to the rules and regulations of the constitution...".  *See* Mass. Const. Part the Second, c. 6, art. 2 at ¶ 6.

20. A justice may not issue an order of determination who is the party of the alleged constitutional violation.  *See* Mass. Const. Part the Second, c. 6, art. 5.

21. Legislature nor the SJC are allowed to change law or alter court proceedings, that violate rights and liberties created by the constitution.  *See* Mass. Const. Part the Second, c. 6, art. 6.

22. If this matter is to remain in state court it would create impropriety which is conduct that constitutes grounds for discipline under M.G. L. c. 211C, § 2(5), and conduct that undermines a judge's independence, integrity, or impartiality. *See* Ex. A, p. 43, preamble at ¶ 2. and p. 49, Rule 1.1, 1.2, 2.1 at ¶ 2, 1.2, 2.10, and 2.15.  Moreover, if SJC was to find in favor of Grandmother, it would mean they would have to find against themselves. *See e.g. Gibson v. Berryhill,* 411 U.S. 564 (1973) (enjoining ongoing Board of Optometry proceedings because board members with "substantial pecuniary interest in legal proceedings should not adjudicate these disputes."); *Cf. Cobb v. Supreme Judicial Court of Massachusetts,* 334 F. Supp. 2d 50, (2004) (Holding failure to move for recusal of the Justice waives claiming judicial bias later.)

23. "The courts shall, respectively, make and promulgate uniform codes of rules, consistent with law, for regulating the practice and conducting the business of such courts in cases not expressly provided for by law, for the following purposes:  First, **Simplifying and shortening pleadings and procedure**.  Second, Prescribing the terms upon which amendments will be allowed or unnecessary counts and statements stricken from the record; discouraging negligence and deceit; **preventing delay**; securing parties from being misled; **placing the party not in fault as nearly as possible in the condition in which he would have been if no mistake had been made**; distinguishing between form

and substance; and substituting fixed and certain requirements for the discretion of the court.  Third, Conducting trials.  Fourth, Presenting distinctly the questions to be tried by the jury.  Fifth, Giving a party such notice of the evidence which is intended to be offered by the adverse party as will prevent surprise and enable him to prepare for trial. Sixth, Prescribing such forms of verdicts as will place upon record the finding of the jury. Seventh, The entry of judgment by the clerk under a general order in all cases ripe for judgment.  Eighth, **Expediting the decision of causes and securing the speedy trial thereof**. Ninth, **Remedying abuses and imperfections in practice and diminishing costs**. Tenth, Filing and hearing motions to set aside verdicts and notifying adverse parties thereof. Tenth A, Making effective the declaratory procedure provided by chapter two hundred and thirty-one A."  See M.G.L. c. 213, § 3 (emphasis added.)

## the **SETTING**

24. This Honorable Court is able to issue its Declaratory Judgment pursuant to 28 U.S.C. § 2202, and is judicial immunity does not bar claims for injunctive relief where declaratory judgment was violated or where declaratory relief was unavailable. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (quoting Federal Court Improvements Act of 1996 amendments to § 1983).  Specifically, Grandma was asking the highest court to rule on her motion to waive fees - the court did not hear accept, let alone even acknowledge her motion.

25. Constitutional infirmity involves payment for administrative review.  This concerns non-judicial administrative procedure for which there is lack of judicial immunity.

26. Alternately, every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.  *See* 42 U.S.C. § 1983.

27. The U.S. Supreme Court has declared that; "due process of law prohibits a state from denying, solely because of inability to pay court fees and costs, access to its courts to indigents..." *See Boddie v. Connecticut*, 401 U.S. 371 (1971) (Concluding that the Due Process Clause of the Fourteenth Amendment requires that appellants be afforded an opportunity to go into court without paying.) *See also Mathews v. Eldridge*, 424 U.S. 319; "The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner."(Relying on Fifth and Fourteenth Amendment.)

28. Grandma has been found responsible for inappropriately misusing a handicap placard which is designed to allow parking for qualified individuals like herself; she is appealing

on grounds that the court lacked subject matter jurisdiction to find her responsible
because she is part of the class the law is designed to protect.

29. "[R]esolution of the issue whether the administrative procedures provided here are
constitutionally sufficient requires analysis of the governmental and private interests that
are affected." *See Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L.Ed. 2d 18
(1976)  Grandma is seeking review of housing court denying her fundamental right to a
jury trial, which is a much greater right than the court recently determined $25 fee for
review to violate due process. *See Crawford v. Blue*, 271 F.Supp.3d 316 (2017)(Finding
that the state's legitimate and compelling interest in deterring frivolous appeals and
administrative fiscal concerns, can't outweigh the constitutional property right.) Of note:
Grandma's request for a fundamental right to a jury will determine whether she can stay
in her home which has higher constitutional protections. *See id*. (Recognizing right to
maintain control over one's home would warrant more due process protection.)

## the FINANCIAL INTERESTS

30. No further appeals are available because the Supreme Court Justices may not rule on this
matter.  If Defendants do not recuse themselves, they lose the ability to function as a
judge because they will be in violation of their Code of Judicial Conduct Canon 1, inter
alia, Requires Compliance with the Law, including the Code of Judicial Conduct. *See* Ex.
A, p. 49, at Rule 1.1, & Comment[1] ("[a] judge's obligation to comply with the law
ordinarily includes the obligation to comply with the State conflict of interest law, G. L. c.
268A and c. 268B.")

31. "Any public official, as defined by section one of chapter two hundred and sixty-eight B,
who in the discharge of his official duties would be required knowingly to take an action
which would substantially affect such official's financial interests, unless the effect on
such an official is no greater than the effect on the general public, shall file a written
description of the required action and the potential conflict of interest with the state ethics
commission established by said chapter two hundred and sixty-eight B." *See* M.G.L. c
268A, § 6A.

32. On top of being subjected to claims of this civil action and violations of the Code of
Judicial Conduct, if the defendants attempt to preside over this matter in any way, they
will be in violation of the state ethics commission's civil penalties as well.  *See* M.G.L. c
268A, § 9(c).

## the LEAD ROLE
### (Starring)

33. Plaintiff, Lyudmila S. Maslyakova ("Grandma"), is a retired senior citizen of the State of
Massachusetts, who is presently being deprived by Massachusetts State's highest court
access to the courts and is being deprived of her property right to operate a motor vehicle.

### the **CHARACTERS**
(Co-Starring)

34. Each of the individual justices defendants named in here-above caption is a sitting justice of the state's highest court, The Supreme Judicial Court of the Commonwealth of Massachusetts ("SJC"), and is an adult citizen of the State of Massachusetts, and is sued in his or her official capacity.

### the **EXTRAS**
(Limited Appearance)

35. Defendants Lynn Police Department ("LPS") are part of City Government in Lynn, MA, with Thomas M. McGee as the current mayor, and Michael Margery as Chief of Police located 300 Washington St., Lynn, MA 01902.

36. Defendants Registry of Motor Vehicles ("RMV") are part of the Massachusetts State Government, administered under the state's executive branch by the current secretary & chief executive officer Stephanie Pollack. , with their close to Lynn location at 9c Everett St., Revere, MA 02151.

### the **PERFORMANCE**

{Let there be light:} [1]

### **ACT I**
("Grandma is cited for violating new handicap placard law")

{Normal sunny day, people are smiling as they are going in and out, of the local store. Grandparents (husband and wife) pull up to the store, and both  lean over toward the middle of the vehicle  and they each give each other a gentle peck on the lips as they have for the past more than fifty (50) years as the husband and wife.  Grandpa slowly gets out of the vehicle, taking his time to not get stuck in the seat-belt which he always has to wrestle with, closes the passenger door, and with his eyes, and his right hand, says another temporary bye to his deer wife. Grandma, with a smile on her face, put the car in reverse, as she attempts to pull away so that she can do her own shopping nearby, when all of a sudden she hears the police siren and red and blue lights}

---

[1] Mass. Civ. R. Pro. Rule 7 are virtually identical to Fed. R. Civ. Pro. Rule 7.  *See* Mass. Civ. R. Pro.. Rule 7, Reporter's Notes (1973).   Because Rule 7(c), demurrers, pleas, and exceptions for insufficiency of a pleading are abolished, defendants must utilize a motion or answer to attack any part of this pleadings, which plaintiff comport.  *See* Fed. R. Civ. Pro. Rule 12(b).   For purposes of Fed. R. Civ. Pro. Rule 8 and Rule 10, text that is found within {} are made pursuant to Fed. R. Civ. Pro. Rule 10(d)(2), as alternative statements of a claim, within this non-verified complaint written by counsel's perception; accuracy shall be confirmed via normal course of discovery; are presumed to be stricken unless confirmed by discovery.

37. [Synopsys] - Grandma, a senior citizen with disabilities, just dropped off her husband at the front of the store utilizing his handicap placard to park in the handicap accessible zone; as she attempts to leave, she is cornered and is not allowed to drive away; she is cited for violating the new handicap placard law.

38. On 04/18/2016 Grandma (72 years of age at the time) drives with her husband to go shopping; she pulls right up to the entrance of the store and parks in the handicap area - she properly has a handicap placard in the rear view window signifying she has authority to park there.

{Slight shadow appears as the officer approaches the unsuspecting Grandma, with his vehicle blocking her in, and the lights fully flashing; the officer approaches her with full governmental authority, with a gun, with mace/pepper spray, handcuffs, authoritative demeanor, radio is making chirping and other sounds, and begins to interrogate - Grandma confused and struggles to locate her driving license, registration and is unable to explain as to why it was her husband's and not her handicap placard hanging from the rear-view window}

39. On 04/18/2016 Grandma is cited by the City of Lynn Police Officer for violating the new law that punishes citizens that use other peoples handicap placards pursuant to M.G.L. c. 90, § 2; MA Uniform Citation: R7222546. (Add. 78.)

## ACT II
### ("Grandma losses in Lynn District Court")

40. [Synopsys] - Grandma attempts to have the state district court reconsider its determination that she is responsible for using someone else's handicap placard. She brings her motion for reconsideration with affidavits of her husband and witnesses that swear she was in the process of dropping him off at the store; a common theme that husband and wife have been doing. She also, is a qualifying handicap placard driver based on her age and age related disabilities.

41. On 06/07/2016, the clerk magistrate enters a judgment against Grandma. (Add. 73.)

42. On 10/20/2016, Grandma, who doesn't speak English very well was not provide an interpreter, and her appeal of the clerk magistrate's decision was unsuccessful before the Lynn District Court Judge, docket no. 1613MV000901. (Add. 75.)

43. On 10/31/2016, Grandma retains this counsel who files a motion for reconsideration in hopes the Lynn District Court will change its ruling; but the ruling stands. (Add. 57.)

## ACT III
### ("District Appellate Court")

44. [Synopsis] - Grandma is shocked to lose in Lynn District Court and with her counsel proceeds her appeal to the Appellate Division.

45. On 01/09/2017, Grandma proceeds with her Appellate Division appeal, docket. no. 16-ADMS-20042. (Add. 56.)

46. On 01/22/2017, Grandma files her Appellant's Brief with the Appellate Division. (Add. 41.)

47. On 02/25/2018 the Appellate Court rules against the Grandma. (Add. 39.)

### ACT IV
("Appeals Court")

48. [Synopsis] -  Grandma does not give up, and her counsel continues with the appeal process *pro bono*, which is the first time the Lynn District Court has ever seen happen for a motor vehicle citation.  However, the Appeals Court starts giving Grandma the run-around because of issues with sufficiency of her notice of appeal even though all the requirements are met.  The paperwork is all there, but because the front cover does not fit the "norm" the appeal is rejected.

49. On 09/11/2017, Grandma proceeds to appeal the Appellate Division to the Appeals Court pursuant to M.G.L. c. 231, § 109, docket no. 2017-J-0407. (Adds. 22, & 39.)  Grandma's request to stay suspension of her license pending the appeal was denied.  *See ibid.* at paper no. 2.

50. On 01/02/2018, Grandma's appeal is not accepted; "[i]t does not appear that a copy of the Notice of Appeal was included with the notice of assembly. (Add. 19, at no. 3, Order.)

51. On 01/29/2018, Grandma's appeal is not accepted; "...entry on the trial court's cover sheet that a Notice of Appeal was filed on October 17, 2017 was a clerical error and the defendant did not at any time file a notice of appeal in that court." (*Id.* at no. 5, Order.)

52. On 02/13/2018, Grandma's appeal is finally entered in the Appeals Court Full Court panel Case, docket no. 2017-P-1607, only to be prevented from pursuing it; "There is no notation on the District Court docket that the defendant filed a timely notice of appeal of that decision in accordance with Mass. R. App. P. 4(a) and a clerk of the District Court has confirmed that, as of January 23, 2018, no notice of appeal was filed by the defendant... While defendant's counsel contends that a timely notice of appeal was filed, I do not credit counsel's assertion.  In addition, counsel fails to articulate any legal argument that could serve the basis for a meritorious appeal." (Add. 20, at no. 8, Order.)

53. Grandma has clearly put the court on notice; "...during the pendency of her hearing, [she] medically 'qualified' for a handicap placard at the time she was utilizing the space intended for handicapped drivers..." - no redress or even temporary stay of her impending driving license suspension was granted.  (Add. 23, in ¶ 1.)

54. On 02/15/2018 Grandma refiles her Notice of Pro Bono Appeal because of the Appeals court refusing to accept her appeal and subsequent return of the file due to alleged insufficient notice of appeal.  petition pursuant to M.G.L. c. 211, § 3 to Supreme Judicial Court of Suffolk County Single Justice ("SJC Suffolk") petition to review Appeals Suffolk's failure to act on Motion for Relief from Judgment.  *See Ex.* A, p. 41, SJC Suffolk County docket.

## ACT V
("Supreme Judicial Court for Suffolk County")

55. [Synopsis] -  Grandma's Indigency status has already been confirmed both at the Appellate Division for the District Court, Single Justice of the Appeals Court, and the Appeals Court, yet she was again being delayed procedurally for something that has already been determined three times; she is a senior citizen and a qualifying disabled individual for whom time is of the essence - a stay was necessary to prevent ensuing cancelation of the driving license.

56. On 06/01/2018, Grandma files her Notice of Appeal with the Appeals Court (add. 30) to pursue *Pro Bono* petition pursuant to M.G.L. c. 211, § 3 to Supreme Judicial Court of Suffolk County Single Justice ("SJC Suffolk") petition to review Appeals court failure to accept her notice of appeal nor stay the ensuing driving license suspension.  (Add. 4.)

57. Even though Grandma was charged a filling fee at; 1)Appellate Division (16-ADMS-20042); 2) Single Justice Appeals Court (2017-J-0407); 3) Appeals Court Full Panel (2017-P-1607); 4) and now in SJC Suffolk.  (Add. 3.)

58. Part of the petition was a Motion for Waiver of Fees (add. 6.), with the case having implications on the public counsel filed request to report to the full court pursuant to G.L. c., § 112, inter alia, "... the elderly belong to a vulnerable group of citizens that warrant added protection... elderly facing suspension of their driving license for improper use of handicap placard ... [she] qualified for such benefits at the time of operation." (Add. 7.)

59. Grandma's petition explains the confusion with the notice of appeal, and provides justification that the Notice of Appeal is in fact compliant with Mass. R.A .P. Rule 3(c); " 1) Parties are identified; 2) matter is identified with reference to the docket; 3) at the top of the first page we see that the 'Massachusetts Appeals Court'  is clearly listed first the court receiving this packet; 4) subsequent pages contain "APPEAL COURT" in the caption; 5) Appeal Court Docket No. has "tbd"; to be determined, with prior appellate docket referenced there-under (16-ADMS-20042); 6) and as previously mentioned; "Notice of Pro Bono Appeal' is stated in the center, albeit slightly to the right of the page." (Add. 11, in § 2.)

60. Grandma's motion for waiver of fees is not even looked at, and her petition is not even allowed to be filled.  (Add. 2.) (Entire contents of the petition is returned without, entry, docketing, or even consideration there is a motion that specifically seeks filling fee waiver.  She has expended tremendous amount of time and money to appeal court's administrative deficiency without even reaching the merits of her case, and she had to

repeatedly seek redress with the Registry of Motor Vehicles to prevent suspension by maintaining up-to-date communication with the RMV and the courts, which has always required extra time and diligence to acquire minimal protection with no guarantee of impending suspension of her license.

## ACT VI
("Federal Court to Grandma's Rescue")

61. Grandma's claim relates to the administrative oversight that is exclusively controlled by the SJC, the state must assent to removal to federal court, or be in violation of its own constitution and legislative law. *See* the CO-STAR DUTIES *supra*.

62. Grandma is the protected class the law was designed to protect; the court lacked subject matter jurisdiction to issue any judgments against her. Moreover, being charged (whether waived or not) so many times at each appellate step violates Due Process clause of the Fourteenth Amendment, and is unconstitutional because of redundant fee charging leading to a "windfall" without actually addressing the issue. *Cf. Gillespie v. City of Northampton*, 460 Mass. 148 (2011) (The case only addressed a single fee of $275 pursuant to M.G.L. c. 30A, § 14, for judicial review under the Massachusetts Administrative Procedure Act in Superior Court, as procedurally constitutional.)

63. What started as a simple ticket given to an elderly Granma for whom the law is designed to protect, has resulted in unnecessary delay, multiple appellate court charges, several denials, and more importantly she is still subject to her license being administratively suspended because the court has failed to grant her request for a stay pending the appeal. (Add. 36.)

{With deep monotonic background cello playing, several characters look confused and in a state of disbelief as the light dims, and so; let there be darkness:}

## CALL OF ACTION I
(Denial of Access to the Court Violates Due Process of the Fourteenth Amendment)

64.  Grandma re-alleges and incorporates all text found within the entire complaint as if written herein.

65.  Grandma emotionally suffered having to endure a difficult appeal process that failed to offer her redress which required to first stay the impending driving license suspension to avoid irreparable and permanent injury; her husband relies upon her to drive him to doctor appointments, and other various errands they must complete for maintenance of *status quo*.

66. Grandma's appeal turned into challenging actual procedural steps that did not even concern her issue why she was cited for in the first place. Moreover, without a stay of her ensuing suspension of her driving license she lacks "adequate and effective appellate

review", *id est*, it is impossible without a trial transcript or adequate substitute to have a review. *See Griffin v. Illinois*, 351 U.S. 12, 1956)

67. Administrative errors by the court, *exampli gratia*, failing to rule on her motion to dismiss as to waiver of fees resulted in administrative blockade of access to the court.

68. The clerk could have simply denied Grandma's motion for waiver of fees, and direct her to follow a procedure that court is accustomed to; however, complete failure to acknowledge of such pleading, which requests to waive the administrative procedure relating to the fee for which she is being denied, is violation of due process.

69. Moreover, pursuant to Mass. R.A.P. Rule 10(a)(1) the filling fee is fixed by law. Dismissal for failure of appellant in a civil case to comply with Rule 10(a) may be addressed by motion. *See* Mass. R.A.P. Rule 10(c)(Allowing the filling of a motion to address noncompliance prior to the court's hearing.)

## CALL OF ACTION II
(Excessive Court Fees Violates Due Process of the Fourteenth Amendment)

70. Grandma re-alleges and incorporates all text found within the entire complaint as if written herein.

71. An appellant should not be subjected to a battery of appeal fees where some of the appellate relief is established in part to alleviate docket clocker from higher courts; 1)Appellate Division appeal fee is $180[2]; 2) Single Justice Appeals Court fee is $315[3]; 3) Appeals Court Full Panel is $300[4]; 4) and now in SJC Suffolk.  (Add. 3.)

72. Grandma can make a good argument that appeal of administrative denial to accept her notice of appeal is analogous to Rule 60 relief from Judgment motion for which "[n]o additional fees shall be required for such filling". *See* Mass. R.A.P. Rule 4(a), in ¶ 2.

73. Alternatively, the claim is supported by federal declaration made in *Crawford v. Blue*, 271 F. Supp. 3d 316 (D. Mass. 2017).

## CALL OF ACTION III, IV, V, & VI
(42 U.S.C. §§ 1981, 1982, 1983, - Deprivation of Access To The Court of Law )

74. Grandma re-alleges and incorporates all text found within the entire complaint as if written herein.

75. "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." *See* 42 U.S.C. § 1981(c).

---

[2] *See* Mass. R.A.P. Rule 10(a)(1).
[3] *See* M.G.L. c. 262, §§ 4 & 4C.
[4] *See* M.G.L. c. 262, § 4.  See also Mass. R.A.P. 10(a)(1)

76. The judgment of loss of driving license is an unlawful taking of her property right; A[a]l citizens shall have the same right to hold personal property. *See* 42 U.S.C. § 1982.

77. "Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated ...". *See* 42 U.S.C. § 1983 (Violation of declaratory judgment in *Crawford v. Blue supra* at ¶ 5.)

78. "Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action...". *See* 42 U.S.C. § 1986 (Violation of declaratory judgment in *Crawford v. Blue supra* at ¶ 5.)

## CALL OF ACTION VII, VIII, & IX
(Violative of the guarantees of First, Fifth, Ninth & Fourteenth Amendments, and right to be free from purchasing justice,)

79. Grandma re-alleges and incorporates all text found within the entire complaint as if written herein.

80. Grandma was denied substantive and procedural due process because the court lacked subject matter jurisdiction to find her responsible for violating a law that is designed to protect her, and erroneous refusal by the court to accept her Notice of Appeal which was obvious to the parties and lower court it was sufficient.

81. Grandma is denied equal protection due to her "disability" deemed not qualifying even though it clearly has been proved she falls within the protected class[5]. Moreover, the ability to cure the deficiency, if any, is a simple administrative task which does not warrant punishment that includes a hefty fine of $500 (over $700 with court fees) and thirty (30) day loss of license.

---

[5] Where a statute discriminates on the basis of a suspect classification, the statute is subject to strict judicial scrutiny. *See Commonwealth v. Weston W.,* 455 Mass. 24 (2009).

82. arts. 1, 10 & 11 of the Declaration of Rights of the Massachusetts Constitution guarantee right to Equal Protection, Due Process and art. 11 right to being free from having to "purchase" justice.

83. Grandma was not offered a right to a jury trial as a choice, which cannot be deprived without a valid waiver.  *See* Part The First arts. 12 & 15, and The Initiative II. § 2, at ¶ 3.[6]

## CALL OF ACTION X & XI
(Discrimination and Obstruction to access to a court of law - ADA, § 504)

84.  Grandma re-alleges and incorporates all text found within the entire complaint as if written herein.

85.  The state made it unlawful for Grandma to park in handicap designated areas which are designed to protect a disability class to which she is a member of.  By use of punitive damages and loss of property right, she is economically restricted from parking in an area that others similarly situated class members are able to access.

## EPILOGUE

WHEREFORE, Plaintiff,  Grandma, humbly prays for this Honorable Court to enter judgment in her favor as follows:

A.     Asserting federal jurisdiction, so that the claim against the SJC can be heard in federal court.

B.     Issue a judgment declaring barring access to the court on matters concerning fundamental rights concerning possession of a property right warrant immediate consideration for a stay to prevent permanent and irreparable harm as result of administrative suspension of a driving license which is unlawful in violation of the Fifth and Due Process Clause of the Fourteenth Amendments to the United States Constitution and therefore is unconstitutional and unlawful.

C.     Issue a judgment declaring counsel's declaration as to his client's Indigency sufficiently protects state's legitimate and narrow interest of deterring frivolous fillings, and offers adequate protections through availability of contempt of court or disciplinary proceedings, to allow such filling; or at the very least not be the cause of not looking at the merits of appeal - fees can be made part of judgment or be determined at a later time.

---

[6] This counsel's position *Northeast Line Const. Corp. v. J.E. Guertin Co., Inc.*, 955 N.E. 2d 308 (2011) should be, in part, struck down to recognize "parties have a right to a trial by jury; and this method of procedure shall be held sacred"; such guaranteed right should not have to be "raised" and should be, as directed by The First Part art. 15, always available until there is a valid waiver.  "In civil cases, waiver of a fundamental right is never presumed...." *Spence v. Reeder,* 382 Mass. 398 (1981), citing *Aetna Ins. Co. v. Kennedy,* 301 U.S. 389 (1937).

D.     Pursuant All Writs Act (28 U.S.C. § 1651) issue a Writ of Mandamus directing compliance by the state court, or pursuant to court's equitable authority, issue an injunction against the Defendant's, which clearly a declaratory relief will not suffice to prevent future constitutional infirmities. See *Crawford v. Blue*, 271 F. Supp. 3d 316 (D. Mass. 2017) ("this Court has every confidence that she, in cooperation with the Massachusetts General Court, will—without federal judicial order—obey the United States Constitution and devise a procedure to refund the filing fee to those held to have been wrongfully cited for motor vehicle infractions. How she does it ought be up to her."). However, here we are again, and still there is no refund policy in place; your "...practice to assume that public officials will comply with the law declared by a court" without resorting to an injunction has not only failed you, but failed my client - Writ of Mandamus is warranted. *See id*.

E.     Money Judgment for damages, injury, violations, attorney fees, costs, and other relief pursuant to call of actions.

F.     For such other and further relief, to cure injury/s and legal costs, as the Court may deem just, proper, and appropriate.

## WRITTEN FOR A JURY AUDIENCE
(right to a jury preserved)

The aforementioned is true and accurate to the best of my knowledge and recollection.  Signed under pains and penalty of perjury on this 3rd day of October, in the year 2018 of our Lord.

_____
Legal Code Jurist

Written on behalf of,
Lyudmila S. Maslyakova,

Dated: 10/03/2018

_____
Ilya Liviz, *Esq*.
LIVIZ LAW OFFICE
200 Central St. No. 1
Lowell, MA 01852
1-(978)-606-5326
www.LIVIZ.com
ilya.liviz@gmail.com
B.B.O.# 686409

# ADDENDUM
("Add. 1 to Add. 78")

SJC for Suffolk County denial access to justice (Jul. 31, 2018).   .   .   Add. 1

SJC for Suffolk County fee for justice (Jun. 13, 2018).   .   .   .   Add. 2

*Lynn Police Department v. Lyudmila S. Maslyakova* (Jun. 1, 2018) .   .   Add. 3
*Pro Bono* M.G.L. c. 211, § 3 Petition to the SJC for Suffolk County

*Lynn Police Department v. Lyudmila S. Maslyakova* (Feb. 15, 2018)   .   Add. 21
*Pro Bono* Appeal to the Appeals Court

Lynn District Court docket   .   .   .   .   .   .   .   Add. 32

*Lynn Police Department v. Lyudmila S. Maslyakova* (Aug. 25, 2017)   .   Add. 39
Decision and Order for Appellate Division Case no. 16-ADMS-20042

*Lynn Police Department v. Lyudmila S. Maslyakova* (Jan. 22, 2017)   .   Add. 40
Appellant's Brief for Appellate Division Case no. 16-ADMS-20042

*Lynn Police Department v. Lyudmila S. Maslyakova* (Oct. 31, 2016)   .   Add. 57
Motion for Reconsideration in District Court, doc. no. 1613MV000901

Disabled Persons Parking Identification Placard Exp. 10/24/21   .   .   Add. 66

Disabled Persons Parking Identification Placard Exp. 07/30/09   .   .   Add. 77

**The Commonwealth of Massachusetts**

## SUPREME JUDICIAL COURT

### FOR SUFFOLK COUNTY

### JOHN ADAMS COURTHOUSE

ONE PEMBERTON SQUARE, SUITE 1300

BOSTON, MASSACHUSETTS 02108-1707

WWW.SJCCOUNTYCLERK.COM

..JE INFC .RMATION (617) 557-1100
FACSIMILE (617) 557-1117

ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

**MAURA S. DOYLE**
CLERK

July 31, 2018

Ilya Liviz
1566th St.
Lowell, MA 01850

> LYNN POLICE DEPT.
> v.
> LYUDMILA S. MASLYAKOVA
> Receipt date:  June 1, 2018

Dear Mr. Liviz:

On June 1, 2018, this office received your papers entitled "Lynn Police Dept. vs. Lyudmila S. Maslyakova".

On June 13, 2018 this office sent you a letter(s) requesting that the filing fee of $315.00 or an Affidavit of Indigency pursuant to c. 261, sec. 27A be submitted within thirty (30) days in order for your papers to be placed on the single justice docket.

Since there has been no response from you with regard to this matter for over thirty (30) days, I am returning your filings to you.

Very truly yours,

Maura S. Doyle, Clerk

Enclosure(s) as stated

# The Commonwealth of Massachusetts

## SUPREME JUDICIAL COURT

### FOR SUFFOLK COUNTY

### JOHN ADAMS COURTHOUSE

ONE PEMBERTON SQUARE, SUITE 1300

BOSTON, MASSACHUSETTS 02108-1707

WWW.SJCCOUNTYCLERK.COM

CASE INFORMATION (617) 557-1100
FACSIMILE (617) 557-1117

ATTORNEY SERVICES (617) 557-1050
FACSIMILE (617) 557-1055

**MAURA S. DOYLE**
CLERK

June 13, 2018

Ilya Liviz, Esq.
156 6th St.
Lowell, MA 01850

    RE:    <u>Papers titled, "Lynn Police Department vs. Lyudmila S. Maslyakova" received on</u>
              <u>June 1, 2018.</u>

Dear Attorney Liviz:

On June 1, 2018, you hand-delivered the above-referenced papers to this office. At that time, the office staff notified you that in order to enter these papers onto the single justice docket, you must submit the filing fee of $315.00, or an Affidavit of Indigency and Request for Waiver, Substitution or State Payment of Fees & Costs pursuant to c. 261, sec. 27A-27G (referred to hereafter as "Affidavit"), and that the Affidavit, if submitted, must be completed by the petitioner herself, Lydumila S. Maslyakova.

Please submit the filing fee or the Affidavit completed by Ms. Maslyakova to this office so that your papers may be promptly processed.

Please be further advised, if this office is not in receipt of the filing fee or the Affidavit completed by Ms. Maslyakova within thirty (30) days, the papers will be returned to you.

Very truly yours,

Maura S. Doyle, Clerk

Enclosure(s) as stated

Ilya Liviz *Esq.*
Civil Liberties Trial & Appellate Advocate
156 6th St. Lowell, MA 01852
Lowell, MA 01850
www.Liviz.com
ilya.liviz@gmail.com - Office (978) 606-5326

06/01/2018                                **FOR MY PEOPLE *PRO BONO* SUBMISSION**
**Via: Hand Delivery**
**Attn: Civil Clerk**
SJC Suffolk County Single Justice
1 Pemberton Square,
Boston, MA 02108

RE:   **Lynn Police Department vs. Lyudmila S. Maslyakova**
      **Supreme Judicial Court Suffolk County Single Justice Docket No._____**
      **Appeals Court Full Panel Docket No. 2017-P-1607**
      **Our Online File: Liviz Law Office/Lyudmila Maslyakova/GLc211s3/Suffolk**

Sir/Madam:

Attached herewith please find the following documents in support of Defendant's Lyudmila S. Maslyakova, Interlocutory Appeal, pursuant to M.G.L.c. 211, §3.

1. *Pro Bono*, Counsel's, Ilya Liviz's, Notice of Appearance, for Defendant, Lyudmila S. Maslyakova.

2. Defendant's, Lyudmila Maslyakova's, Motion for Waiver of Entry Fees Pursuant to G.L.c. 40, § 22

3. Defendant's Lyudmila Maslyakova's, Request to Report to the Full Court Pursuant to G.L.c. 231, § 112, Because of Implications On the Public

4. Defendant's, Lyudmila Maslyakova's, G.L.c. 211, § 3 Petition to SJC Suffolk County Single Justice To Issue Rescript Directing Lynn District Court Entry of Not Responsible For Lack of Subject Matter Jurisdiction, With Accompanying Affidavit and Memorandum in Support thereof.

5. Exhibit A - Notice of Appeal; Exhibit B - Appeal Court Dk; Exhibit C - Bill, House, 2425

6. Defendant's, Lyudmila Maslyakova's, Certificate of Service

Respectfully Submitted,
Ilya Liviz
*Encl*

*Lynn Police Department v. Lyudmila S. Maslyakova*                         Page 1 of 16
Petition to SJC Suffolk County Single Justice Pursuant to G.L.c 211, §3

**Add. 3 of 78**

## COMMONWEALTH OF MASSACHUSETTS
### SUPREME JUDICIAL COURT

SUFFOLK, SS

SJC SUFFOLK COUNTY Dk._____
APPEALS COURT DOCKET NO. 2017-P-1607
APPELLATE DIVISION NORTHERN DISTRICT
DOCKET NO. 16-ADMS-20042
LYNN DISTRICT COURT Dk. 1613MV000901
MA UNIFORM CITATION. R7222546

| | |
|---|---|
| **LYUDMILA S. MASLYAKOVA** | ) |
| Petitioner | ) |
| | ) |
| v. | ) |
| | ) |
| **LOWELL POLICE DEPARTMENT** | ) |
| Respondent | ) |
| | ) |

> RECEIVED
> JUN 0 1 2018
> MAURA S. DOYLE CLERK
> OF THE SUPREME JUDICIAL COURT
> FOR SUFFOLK COUNTY

### *PRO BONO*, COUNSEL'S, ILYA LIVIZ'S, NOTICE OF APPEARANCE, FOR DEFENDANT, LYUDMILA S. MASLYAKOVA

TO the Clerk of the Supreme Judicial Court Suffolk County Single Justice;

Please enter my appearance as counsel for Defendant, Lyudmila S. Maslyakova, in the above captioned matter.

Respectfully submitted,
On Behalf of Lyudmila Maslyakova,

Ilya Liviz, *Esq.*
Civil Liberties
Trial & Appellate Advocate
156 6th St. Lowell, MA 01853
www.Liviz.com
ilya.liviz@gmail.com
(978) 606-5326
BBO #686409

Dated: 06/01/2018

*Lynn Police Department v. Lyudmila S. Maslyakova*
Petition to SJC Suffolk County Single Justice Pursuant to G.L.c 211, §3

Page **2** of **16**

Add. 4 of 78

## COMMONWEALTH OF MASSACHUSETTS
## SUPREME JUDICIAL COURT

SUFFOLK, SS

SJC SUFFOLK COUNTY Dk._____
APPEALS COURT DOCKET NO. 2017-P-1607
APPELLATE DIVISION NORTHERN DISTRICT
DOCKET NO. 16-ADMS-20042
LYNN DISTRICT COURT Dk. 1613MV000901
MA UNIFORM CITATION. R7222546

**LYUDMILA S. MASLYAKOVA**                )
     Petitioner                            )
                                          )
v.                                        )
                                          )
**LOWELL POLICE DEPARTMENT**              )
     Respondent                           )
_____           )

> RECEIVED
> JUN 0 1 2018
> MAURA S. DOYLE CLERK
> OF THE SUPREME JUDICIAL COURT
> FOR SUFFOLK COUNTY

## DEFENDANT'S, LYUDMILA S. MASLYAKOVA'S, MOTION FOR WAIVER OF FEES
## PURSUANT TO G.L.C. 40, § 22 & 10X copies

    **NOW COMES** Defendant, Lyudmila S. Maslyakova, in the above entitled petition, and

humbly moves this honorable court, to waive the entry fee pursuant to House No. 2425 Bill

signed into law, going in effect 06/01/2018. & 10X copies At comm expense

In Support thereof, copy of Bill attached herewith.

                    Respectfully submitted,
                    On Behalf of Lyudmila Maslyakova,

                    Ilya Liviz, *Esq.*
                    Civil Liberties
                    Trial & Appellate Advocate
Dated: 06/01/2018          156 6th St. Lowell, MA 01853
                    www.Liviz.com
                    ilya.liviz@gmail.com
                    (978) 606-5326
                    BBO #686409

## COMMONWEALTH OF MASSACHUSETTS
## SUPREME JUDICIAL COURT

SUFFOLK, SS

SJC SUFFOLK COUNTY Dk._____
APPEALS COURT DOCKET NO. 2017-P-1607
APPELLATE DIVISION NORTHERN DISTRICT
DOCKET NO. 16-ADMS-20042
LYNN DISTRICT COURT Dk. 1613MV000901
MA UNIFORM CITATION. R7222546

**LYUDMILA S. MASLYAKOVA**　　　　　)
　　　　　Petitioner　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
**LOWELL POLICE DEPARTMENT**　　　　)
　　　　　Respondent　　　　　　　　　)
＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿)

> RECEIVED
> JUN 0 1 2018
> MAURA S. DOYLE CLERK
> OF THE SUPREME JUDICIAL COURT
> FOR SUFFOLK COUNTY

## DEFENDANT'S, LYUDMILA MASLYAKOVA'S, REQUEST TO REPORT TO THE FULL COURT PURSUANT TO G.L.c., § 112, BECAUSE OF IMPLICATIONS ON THE PUBLIC

**NOW COMES** Defendant, Lyudmila Maslyakova ("Lyudmila"), in the above captioned

petition, and hereby humbly moves this Honorable Court of SJC Suffolk County to report the

matter to the full court.

In Support thereof; our fellow brothers and sisters would agree that the elderly belong to

a vulnerable group of citizens that warrant added protection. Pursuant to our moral duty; we

should offer redress to the elderly facing suspension of their driving license for improper use of

handicap placard if they can clearly show they qualified for such benefits at the time of

operation.

Respectfully submitted,
On Behalf of Lyudmila Maslyakova,

Ilya Liviz, Esq.
Civil Liberties
Trial & Appellate Advocate
156 6th St. Lowell, MA 01853

Dated: 06/01/2018

*Lynn Police Department v. Lyudmila S. Maslyakova*　　　　　　　　Page **4** of **16**
Petition to SJC Suffolk County Single Justice Pursuant to G.L.c 211, §3

Add. 6 of 78

www.Liviz.com
ilya.liviz@gmail.com
(978) 606-5326
BBO #686409

## COMMONWEALTH OF MASSACHUSETTS
## SUPREME JUDICIAL COURT

SUFFOLK, SS

SJC SUFFOLK COUNTY Dk._____
APPEALS COURT DOCKET NO. 2017-P-1607
APPELLATE DIVISION NORTHERN DISTRICT
DOCKET NO. 16-ADMS-20042
LYNN DISTRICT COURT Dk. 1613MV000901
MA UNIFORM CITATION.  R7222546

**LYUDMILA S. MASLYAKOVA**                )
      Petitioner                )
                                 )

v.                                        )

**LOWELL POLICE DEPARTMENT**              )
      Respondent                )
_____            )

RECEIVED

JUN 0 1 2018

MAURA S. DOYLE CLERK
OF THE SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY

## DEFENDANT'S, LYUDMILA S. MASLYAKOVA'S G.L.c. 211, § 3, PETITION TO SJC SUFFOLK COUNTY SINGLE JUSTICE TO ISSUE RESCRIPT DIRECTING LYNN DISTRICT COURT ENTRY OF NOT RESPONSIBLE FOR LACK OF SUBJECT MATTER JURISDICTION WITH ACCOMPANYING AFFIDAVIT AND MEMORANDUM IN SUPPORT THEREOF.

### REQUEST FOR REVIEW

**NOW COMES** Defendant, Lyudmila S Maslyakova, in the above entitled petition, and humbly petitions this honorable court, to ALLOW her petition to the SJC Suffolk County Single Justice with Request to Report to the Full Court based on public policy reasons.

### STATEMENT OF THE ISSUES OF LAW RAISED BY THE PETITION

1)Did Lynn District Court have Subject Matter Jurisdiction when Lyudmila presented evidence she qualifies for the benefits at the time of the violation?

### STATEMENT AS TO MOTION FOR RECONSIDERATION

No action is pending in any of the lower courts.

### STATEMENT OF SPECIFIC RELIEF REQUESTED

*Lynn Police Department v. Lyudmila S. Maslyakova*
Petition to SJC Suffolk County Single Justice Pursuant to G.L.c 211, §3

Page **6** of **16**

Add. 8 of 78

Present to the full court or issue a rescript directing Lynn District Court making an entry of not responsible for lack of subject matter jurisdiction.

## SATEMENT ON ADDENDUM CONTAINING COPY OF ORDER

*See* Memorandum with Accompanying Affidavit *infra*.

## AFFIDAVIT

I, Ilya Liviz, hereby swear under oath as followed. Based on my review of the record, interviewing of Lyudmila S Maslyakova (over 70 years old), and handling the herein matter throughout the appeal process, Lyudmila had a handicap placer prior to the citation, qualified to renew her handicap placer and failed to renew. However, she did already have a temporary handicap placard during the pendency of the matter in Lynn District Court, with the permanent handicap placard, which she now has, en route from the registry. Her husband no longer has a driver license (this is a resent change); she needs the use of the vehicle to be able to get herself and her husband to medical appointments, and complete other errands. Impending[1] loss of license for 30 days would place her in extreme hardship.

The aforementioned "Affidavit" paragraph is true and correct, to the best of my knowledge and recollection. Signed under pains and penalty of perjury on this _____6____ day of June 2018.

_____          6/1/18
ilya liviz                                        06/01/2018

---

[1] Counsel is drafting several appeals at the same time; the suspension is about to, or already has occurred. I do not know the exact date; thus, a motion for protective order is filled concurrently .

## MEMORANDUM OF LAW

### I.  INTRODUCTION

Lynn Police Officer observed Lyudmila Maslyakova leave from a handicap parking space displaying someone else's (husbands) handicap placard in violation of G. L.c. 90, § 2, which requires her to pay a fee of $500 and face a mandatory 30 day loss of driving license suspension.

### II.  NOTICE WAS SUFFICIENT

#### A.  Content of the Notice of Appeal

Content of the Notice of Appeal is controlled by the Mass.R.A.P. Rule 3(c), which states; "The notice of appeal shall specify the party or parties taking the appeal and shall, in civil cases, designate the judgment, decree, adjudication, order, or part thereof appealed from. In child welfare cases, the notice of appeal and any request for a transcript, if required, shall be signed by the party or parties taking the appeal, unless the appellant is the minor subject of the action; a notice of appeal that is not so signed shall not be accepted for filing by the clerk." Procedurally, motion to alter or amend a judgment, or motion for a new trial, nullify the notice of appeal, requiring the filling of another notice of appeal.  Mass.R.A.P. Rule 4(a).

#### B.  Appeals Court Finding

If we take a look at the "Notice of Appeal" submitted by Counsel several times,

Appeals Court determined that this counsel has failed to file a notice of appeal; "While defendant's counsel contends that a timely notice of appeal was filed, I do no credit counsel's assertion." *See* Ex. B -Appeals Court Dk. at #8.  The court further states; "[w]ithout receiving a notice of appeal, it is unclear why the District Court Clerk's Office assembled and transmitted this appeal on December 7, 2017. Accordingly, the appeal is vacated without prejudice as it was erroneously transmitted and the assembly is returned to the District Court at this time." *Ibid.*

C.    Cause of Confusion on Notice of Appeal

Indeed, a quick look at the appeal packet, shows (by the numbered list 1 - 6) it contained

six (6) pleadings; none of which is a "Notice of Appeal".  Lack of the notice is obviously due to

counsel's oversight and not the defendant's, which is good cause for Defendant to have his appeal

refiled in criminal proceedings.  *See Commonwealth v. Darrryl Barboza*, 68 Mass.App.Ct. 180,

861 N.E.2d 37 (2007) (Appeals Court Suffolk County - single justice - "held that trial counsel's

failure to verify that notice of appeal had been received and filed by the clerk constituted good

cause warranting time extension.  Because loss of drive license is at stake, a form of punishment,

this type of good cause should apply similarly to the facts of this case.

However, if we take a closer look at page one of the "Notice of Appeal - packet", in the

middle, following the "Our Online File", immediately preceding "Dear Clerk", it states "Notice

of Pro Bono Appeal".  It is true that I obviously forgot to include the "Notice of Appeal" pleading

in the packet.  But, I am not required to do so.  If we look at the Mass.R.A.P. Rule 3(c) *supra*, all

of the requirements are met! 1) Parties are identified; 2) matter is identified with reference to the

docket; 3) at the top of the first page we see that the "Massachusetts Appeals Court" is clearly

listed first the court receiving this packet; 4) subsequent pages contain "APPEAL COURT" in the

caption; 5) Appeal Court Docket No. has "tbd"; to be determined, with prior appellate docket

referenced there-under (16-ADMS-20042); 6) and as previously mentioned; "Notice of Pro Bono

Appeal" is stated in the center, albeit slightly to the right of the page. (Emphasis added.)

D.    Lyudmila Should Have An Option to Cure, If Any, Defect in Notice of Appeal

If we take a step back, and ask ourselves is access to justice hindered in any way through

this process; we were looking at the trees and forgot that we have a forest. The record was

assembled, forwarded, and we were ready to work on the merits, and then we have to do it all

over again. The purpose of Notice of Appeal, is simple; put parties on notice of appeal and for

assembly of the record; clearly that goal was accomplished. The additional steps that were

requested by the judicial branch resulted in wasting of judicial recourses, more "headache" for

the *pro bono* counsel, (who is already struggling financially - yes, cost of mailing can become of

issue), and denial of administration and access to justice.

In other words, the parties were not prejudiced. There was need for "presentment like

notice" for proper investigation. *See e.g. Holahan v. City of Medford*, 394 Mass. 186, 474 N.E.

2d 1117, 23 Ed. Law Rep. 260 (1985). (Using need for timely investigation as one of the reasons

to support proper presentment; "... the purpose of the presentment requirement is to allow the

public employer to investigate any claim in full and to "arbitrate, compromise or settle" any such

claim as it sees fit."). Many areas of law use similar notice provisions which are simply designed

to put parties on notice of the appeal. *See e.g.* [Zoning] *Costello v. Board of Appeals of

Lexington*, 3 Mass.App.Ct.441, 333 N.E.2d 210 (1975) ("Strict compliance with all the details of

the notice provision is not required, so long as notice adequate to serve the purpose of the

provision is given within the period limited."); [Probate] Eyster v. Pechenik, 71

Mass.App.Ct.773, 887 N.E.2d 272 (2008) (SJC Full Court agreeing SJC Single Justice and

Probate Court did not make any error, nevertheless, due to; procedural clerical issues, statutory

confusion, and lack of prejudice to the parties, the full court resolved in favor of preserving

rights of appeal.)

When there are important rights at stake, the court should grant relief to correct any

deficiencies more readily. See Com. v. Barboza, 68 Mass. App.Ct. 180, 861 N.E.2d 37 (2007)

(" [T]here are additional considerations that the appellate court or a single justice may properly

consider in determining "good cause," including the importance of the rights lost to the

defendant should his motion for enlargement be denied." )(Internal quotations and citations omitted).

If there is in fact any defect with the Notice of Appeal, Lyudmila should be given an opportunity to correct it. See *Com. v. White*, 429 Mass. 258, 707 N.E.2d 823 (1999);

> "It is in the interests of judicial economy to allow this appeal to proceed. The dismissal of the appeal provides an additional ground for yet another motion for post conviction relief based on the claim of ineffective assistance of counsel for failure to file the notice of appeal within the time specified by rule 4(b). Moreover, in this case, the clerk in the trial court assembled the record, the appeal was docketed without objection in the Appeals Court, and counsel for the defendant filed a brief and record appendix after seeking and being granted several extensions of time, not opposed by the Commonwealth. The delay in filing the notice of appeal resulted in no prejudice to the Commonwealth, which had been on notice of the defendant's claims from October, 1992, when he filed a pro se motion for a new trial."

D.  <u>This Honorable Court May Issue Writ of Mandamus to Appeals Court to Accept Appeal</u>

Lynn District Court behaved in way and manner that would demonstrate it accepted the "notice of appeal", whatever it may be, and in turn, with the assembly of record, sent its notice of entry, making the Appeals Court (a non party judicial mediator) administering the lower court similar to SJC administration of inferior courts function pursuant to G.L.c. 211, § 3; result which offends administration of justice. Finally, as applicable to this case, "[m]andamus lies to compel a court to take jurisdiction upon appeal of a cause improperly dismissed b y it." *See Ex parte Parker*, 120 U.S. 737, 7 S.Ct. 767, 30 L.Ed. 818, (1887). Writ of Mandamus should be issued directing the Appeals Court to assert its jurisdiction and continue with the appeal. *Id.*

**III     LACK OF SUBJECT MATTER JURISDICTION**

A.     Violation of G. L.c. 90, § 2

"Any person who wrongfully displays a handicapped plate on or a placard in a motor

vehicle parked in a designated handicapped parking space or in a regular metered space or in a

commercial parking space shall be subject to a fine of $500 for a first offense and $1,000 for a

second or subsequent offense. The registrar shall suspend the operator's license or right to

operate of any person found to have violated the provisions of this section relative to the

wrongful use or display of a special handicapped plate or parking identification placard for a

period of 30 days for a first offense, for a period of 90 days for a second offense and for a period

of one year for a third or subsequent offense. Such suspension shall be in addition to any other

penalty, fine, suspension, revocation or requirement that may be imposed for such violation

including,". *See* G. L.c. 90, § 2.

The Internal Special Audit Unit's report clearly states; "Placards are intended for persons

with true disabilities and not as financial relief for commuters. " *See Glenn A. Cunha* The Abuse

of Disability Parking Placards in Massachusetts  p. 30 at ¶ 3. (Feb. 24, 2016).[2] Amendment to the

statute was intended to deter misuse of disability parking placards in response to the report;

"Commonwealth needs stronger penalties for misusing a disability parking placard. Currently,

the fine for using another person's placard is $500 – less than the cost to park in a parking garage

in Boston for a month." *See Id.* on p. 5 at last ¶.

B.     Lyudmila is a Qualified Person Belonging to Statute's Protected Class

---

[2] *See* https://www.mass.gov/files/documents/2016/08/pv/abuse-of-disability-parking-placards-in-massachusetts-february-2016.pdf

We need to look at the statue's intended protected class. *See Dahill v. Police Dept. of Boston*, 434 Mass. 233, 748 N.E.2d 956 (2001) (SJC looked to see the class of persons the Legislature sought to protect in determining "handicap" threshold inquiry under G. L. c. 151B). "Our primary duty is to interpret a statute in accordance with the intent of the Legislature... We derive the words' usual and accepted meaning from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." Commonwealth v. Escobar, 479 Mass. 225, 93 N.E.3d 1156 (2018).

Attached herewith affidavit (or quick registry check), we can see that Lyudmila was the protected class prior to this incident (had a handicap placard previously), and presently has permanent handicap placard issued to her (i.e. she simply failed to renew). *See* Affidavit *supra*.

## IV.    STATE IS VIOLATING ITS CITIZEN'S CIVIL RIGHTS

"All persons shall have the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation,". *See* G.L.c. 272, § 98. " This right is recognized and declared to be a civil right." *Id.* The State is presently subject to many violations, *exampli gratia*, Massachusetts antidiscrimination statute, the Massachusetts equal rights statute, constitutional equal protection, Discrimination, Federal Rehabilitation Act, and the Americans with Disabilities Act (ADA).

## V.    NEED TO ADDRESS BURDEN OF PROOF FOR PROTECTED CLASS

Supreme Judicial Court, pursuant to its G.L.c. 211, § 3 superintendence powers, should correct errors of the lower court via SJC Suffolk County rescript or writ of mandamus directing the clerk to enter not responsible.  However, in light of the fact this new law suspends driving privileges for ninety (90) days for second offense, and a period of one (1) year for the third offense, it would benefit the legal community and the public, to have SJC of the Commonwealth

issue a full opinion to address burden of proof for future defendant's which this new law will be tested on (i.e. what proof would be sufficient to prove to the district court that the driver belongs to the protected class).  Defendants should not be placed in harm to have standing

## CONCLUSION

For the aforementioned reasons, Defendant, Lyudmila S Maslyakova, humbly requests this court GRANT requested relief.

<div style="margin-left:40%">

Respectfully submitted,
On Behalf of Lyudmila Maslyakova,

_____

Ilya Liviz, *Esq.*
Civil Liberties
Trial & Appellate Advocate
156 6th St. Lowell, MA 01853
www.Liviz.com
ilya.liviz@gmail.com
(978) 606-5326
BBO #686409

</div>

Dated: 06/01/2018

## COMMONWEALTH OF MASSACHUSETTS
## SUPREME JUDICIAL COURT

SUFFOLK, SS

SJC SUFFOLK COUNTY Dk._____
APPEALS COURT DOCKET NO. 2017-P-1607
APPELLATE DIVISION NORTHERN DISTRICT
DOCKET NO. 16-ADMS-20042
LYNN DISTRICT COURT Dk. 1613MV000901
MA UNIFORM CITATION.  R7222546

**LYUDMILA S. MASLYAKOVA**           )
      Petitioner           )
                 )
v.           )
                 )
LOWELL **POLICE DEPARTMENT**           )
      Respondent           )
_____           )

## <u>DEFENDANT'S, LYUDMILA S. MASLYAKOVA, CERTIFICATE OF SERVICE</u>

I, Ilya Liviz, hereby certify that on this 6 day a true copy of the herein contained documents, were served on Petitioner Lynn Police Department in Lynn, MA.
Signed under pains and penalties of perjury, on this date ___6_____.

1. *Pro Bono*, Counsel's, Ilya Liviz's, Notice of Appearance, for Defendant, Lyudmila S. Maslyakova.

2. Defendant's, Lyudmila Maslyakova's, Motion for Waiver of Entry Fees Pursuant to G.L.c. 40, § 22

3. Defendant's Lyudmila Maslyakova's, Request to Report to the Full Court Pursuant to G.L.c. 231, § 112, Because of Implications On the Public

4. Defendant's, Lyudmila Maslyakova's, G.L.c. 211, § 3 Petition to SJC Suffolk County Single Justice To Issue Rescript Directing Lynn District Court Entry of Not Responsible For Lack of Subject Matter Jurisdiction, With Accompanying Affidavit and Memorandum in Support thereof.

5. Exhibit A - Notice of Appeal; Exhibit B - Appeal Court Dk; Exhibit C - Bill, House, 2425

6. Defendant's, Lyudmila Maslyakova's, Certificate of Service

Respectfully submitted,

On Behalf of Lyudmila Maslyakova,

Ilya Liviz, *Esq.*
Civil Liberties
Trial & Appellate Advocate
156 6th St. Lowell, MA 01853
www.Liviz.com
ilya.liviz@gmail.com
(978) 606-5326
BBO #686409

Dated: 06/01/2018

6/1/2018        Mass Appellate Courts - Public Case Information

# APPEALS COURT
## Full Court Panel Case
### Case Docket

---

### LYNN POLICE DEPARTMENT vs. LYUDMILA S. MASLYAKOVA
2017-P-1607

---

### CASE HEADER

| | | | |
|---|---|---|---|
| **Case Status** | Closed: appeal dismissed | **Status Date** | 02/13/2018 |
| **Nature** | Motor Vehicle Infraction | **Entry Date** | 12/20/2017 |
| **Sub-Nature** | | **SJ Number** | |
| **Appellant** | Defendant | **Case Type** | Civil |
| **Brief Status** | Awaiting blue brief | **Brief Due** | 01/29/2018 |
| **Panel** | | **Argued/Submitted** | |
| **Citation** | | **Decision Date** | |
| **Lower Court** | Lynn District, ES | **TC Number** | |
| **Lower Ct Judge** | | **TC Entry Date** | 05/06/2016 |
| **FAR Number** | | **SJC Number** | |

### INVOLVED PARTY      ATTORNEY APPEARANCE

**Lynn Police Department**
Plaintiff/Appellee
Awaiting red brief

**Lyudmila S. Maslyakova**         Ilya Liviz, Esquire
Defendant/Appellant
Awaiting blue brief

### DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 12/20/2017 | #1 | Lower Court Assembly of the Record Package |
| 12/20/2017 | | Notice of entry sent. |
| 12/20/2017 | #2 | Affidavit of indigency (IMPOUNDED) and Motion to waive entry fee, filed by Lyudmila S. Maslyakova. |
| 12/20/2017 | | RE#2 ALLOWED FORTHWITH. The appellant's Affidavit of Indigency appears regular and complete on its face, and indicates that the appellant is indigent. The court hereby allows the Motion to Waive entry fee. Notice sent. |
| 12/26/2017 | #3 | Motion for production of transcripts and certified docket and Motion to stay proceedings filed for Lyudmila S. Maslyakova by Attorney Ilya Liviz. |
| 12/28/2017 | | RE#3: Denied without prejudice to renewal in the Lynn District Court. *Notice/Attest. |
| 01/02/2018 | | ORDER: The documents forwarded with the Notice of Assembly from the Lynn District Court include a cover sheet indicating the appellant filed a Notice of Appeal on October17, 2017. However, it appears from a review of the trial court docket that no entry was made for the filing of a Notice of Appeal on that date. It does not appear that a copy of the Notice of Appeal was included with the notice of assembly. The district court is to correct the docket sheet and transmit the corrected docket, along with a copy of the notice of appeal, to this court under docket no.17-P-1607 forthwith. *Notice/Attest. |
| 01/16/2018 | #4 | Letter from Lynn District Court re: receipt of notice of docket entry of 12/28/17. |
| 01/25/2018 | #5 | Letter from Lynn District Court re: Receipt of notice of docket entry of January 2, 2018 |
| 01/29/2018 | | ORDER: On January 25, 2018, the trial court clerk's office by letter dated January 23, 2018, notified this Court that the entry on the trial court's cover sheet that a Notice of Appeal was filed on October 17, 2017 was a clerical error and the defendant did not at any time file a notice of appeal in that court. Accordingly, the defendant is ordered to show cause in writing why jurisdiction over this appeal is proper, or move for voluntary dismissal pursuant to Mass. R. App. Proc. 29(b), or file a motion for enlargement of time to file the notice of appeal pursuant to Mass. R. App. Proc. 14(b) under docket no. 17-P-1607. Failure to take action on or before February 5, 2018, may result in dismissal of the appeal for failure to prosecute. *Notice |

**Add. 19 of 78**

## DOCKET ENTRIES

| | | |
|---|---|---|
| 02/05/2018 | #6 | Motion for enlargement of time to file notice of appeal filed for Lyudmila S. Maslyakova by Attorney Ilya Liviz. |
| 02/05/2018 | | RE#6: Denied without prejudice to renewal on or before 2/16/18 including: (1) a statement of meritorious appellate issues as required by Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 378-379 (1975), (2) a copy of the "electronically dated photograph" referenced therein, and (3) a certificate of service compliant with Mass.R.A.P. 13.*Notice. |
| 02/06/2018 | #7 | Motion for enlargement of time and partial suspension of appellate procedure pursuant to uniform unwritten rule 101 "Respect your elders" and for production of Trial Court transcripts at commonwealths expense filed for Lyudmila S. Maslyakova by Attorney ilya Liviz. |
| 02/13/2018 | #8 | ORDER: On August 25, 2017, the Appellate Division of a District Court affirmed that trial court's judgment finding the defendant, Lyudmila Maslyakova, responsible for handicap parking plate/placard misuse in violation of G. L. c. 90, § 2, requiring her to pay a fee of $505. There is no notation on the District Court docket that the defendant filed a timely notice of appeal of that decision in accordance with Mass. R. App. P. 4(a) and a clerk of the District Court has confirmed that, as of January 23, 2018, no notice of appeal was filed by the defendant. Before me now is the defendant's renewed motion for enlargement of time to file a notice of appeal of the judgment.(1) The request for relief is governed by Mass. R. App. P. 4(c) and 14(b) and cases interpreting those rules. While defendant's counsel contends that a timely notice of appeal was filed, I do not credit counsel's assertion. In addition, counsel fails to articulate any legal argument that could serve the basis for a meritorious appeal. See Tisei v. Bldg. Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975). Although I am sympathetic to the defendant's situation, I am constrained to deny the motion and the other requests for relief contained therein. Without receiving a notice of appeal, it is unclear why the District Court Clerk's Office assembled and transmitted this appeal on December 7, 2017. Accordingly, the appeal is vacated without prejudice as it was erroneously transmitted and the assembly is returned to the District Court at this time. (Hanlon, J.) *Notice/Attest. Footnote 1 On February 5, 2018, the defendant's original motion for enlargement of time to file notice of appeal was denied without prejudice to renewal by February 16, 2018. |

As of 03/14/2018 20:00

Add. 20 of 78

**Ilya Liviz** *Esq.*
200 Central St. Unit No.1
Lowell, MA 01850
Office (978) 221-6385 - Fax (978) 221-6386

09/05/2017
Via: Hand Delivery
**Attn: Civil Clerk**
Massachusetts Appeals Court
1 Pemberton Square #1200
Boston, MA 02108

**Attn: Clerk of the Civil Citation Violation**
580 Essex St.
Lynn, MA 01901

**Attn: Clerk of the Civil Citation Department**
Lynn Police Department
300 Washington St.
Lynn, MA 01902

RE:   **Lynn Police Department vs. Lyudmila S. Maslyakova**
DOCKET NO.: 1613MV000901
Our Online File: Liviz Law Office/Lyudmila Maslyakova/Notice of Pro Bono Appeal
Dear Clerk

Attached herewith please find the following document to be filed in the above referenced Motion for Reconsideration with Request for a Hearing.

1. . Entry of *Pro Bono* Appearance

2. Defendnat's Motion for Staying RMV 30 Day Suspension of Driving Privileges

3. Affidavit in Support of Defendnat's Motion for Staying RMV 30 Day Suspension of Driving Privileges

4. Defendant's Motion for Waiver of Fee and Request For Transcription of District Court Hearing at Commonwealth's Expense

5. Defendant's Affidavit of Indigency (Court Form)

6. Certificate of Service of Herein Listed Documents

I thank you in advance for your time and attention in this matter.
Very truly yours,

Ilya Liviz
Cc: Lyudmila S. Maslyakova

2018 FEB 15 P 12 23
LYNN DISTRICT COURT
FILED

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

APPEAL COURT
DOCKET NO.: tbd

LYNN POLICE DEPARTMENT          )
                    Plaintiff          )
                                       )
v.                                     )
                                       )
LYUDMILA S. MASLYAKOVA          )
                    Defendant          )
—————————————————————)

APPELLATE COURT
DOCKET NO.:16-ADMS-20042
LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

## ENTRY OF *PRO BONO* APPEARANCE

Please enter my appearance, Ilya Liviz Esq. as attorney for Lyudmila S. Maslyakova in the above captioned matter.

Respectfully Submitted

Ilya Liviz Esq
200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax
B.B.O. No.: 686409

Dated: 09/05/2017

2/15/2018

LYNN DISTRICT COURT
FILED
2018 FEB 15 P 4: 23

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

APPEAL COURT
DOCKET NO.: tbd

| | | |
|---|---|---|
| LYNN POLICE DEPARTMENT | ) | APPELLATE COURT |
| Plaintiff | ) | DOCKET NO.:16-ADMS-20042 |
| | ) | LYNN DISTRICT COURT |
| v. | ) | DOCKET NO.: 1613MV000901 |
| | ) | MA UNIFORM CITATION::R7222546 |
| LYUDMILA S. MASLYAKOVA | ) | |
| Defendant | ) | |

## DEFENDANT'S MOTION FOR STAYING RMV 30 DAY SUSPENSION OF DRIVING PRIVILEGES

TO THE HORANBLE COURT:

Defendant, while driving out of the handicap parking spot, did not have a proper displayed handicap placard.  However, the Defendant did in fact have one prior to the citation, during the pendency of her hearing, and medically "qualified" for a handicap placard at the time she was utilizing the space intended for handicapped drivers; there is a good public policy argument, *inter alia*, that even if she had a "lapse" on properly filling out documents or acquiring a handicap placard, she did inherently had authority to park there because such spaces were designed for drivers like her (transcript will be reviewed for possible other errors).

In further support, please find Defendant's affidavit of Indigency; she intends to make a constitutional challenge to the mandatory 30 day suspension for her oversight (she is the only driver for her and her husband; 30 day suspension will create undue hardship on her and her husband who are both in their 70s.

Respectfully Submitted
On behalf of
Lyudmila S. Maslyakova

Ilya Liviz, Esq
200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax
B.B.O. No.: 686409

Dated: 09/05/2017
2/15/2018

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

APPEAL COURT
DOCKET NO.: tbd

LYNN POLICE DEPARTMENT         )
      Plaintiff                          )
                              )
v.                                              )
                              )
LYUDMILA S. MASLYAKOVA         )
      Defendant                        )
_____ )

APPELLATE COURT
DOCKET NO.:16-ADMS-20042
LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION FOR STAYING RMV 30 DAY SUSPENSION OF DRIVING PRIVILEGES

I, Lyudmila S. Maslyakova swear as follows:

At, the time I received a Motor Vehicle citation I medical qualified for a Handicap Placard. Currently I am the only driver for both myself and my husband who are elderly and require to go to many medical appointments. Not being able to drive ourselves to court would create extreme hardship on us.

The foregoing is true and accurate to the best of my knowledge and recollection. Signed under pains and penalty of perjury.

_____
Lyudmila S. Maslyakova

On file       2/15/2018

on behalf
of Lyudmila Maslyakova
(illegible)       09/05/2017

2018 FEB 15  P 4 23
LYNN DISTRICT COURT
FILED

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

APPEAL COURT
DOCKET NO.: tbd

| | | |
|---|---|---|
| LYNN POLICE DEPARTMENT | ) | APPELLATE COURT |
| Plaintiff | ) | DOCKET NO.:16-ADMS-20042 |
| | ) | LYNN DISTRICT COURT |
| v. | ) | DOCKET NO.: 1613MV000901 |
| | ) | MA UNIFORM CITATION.:R7222546 |
| LYUDMILA S. MASLYAKOVA | ) | |
| Defendant | ) | |
| | ) | |

## DEFENDANT'S MOTION FOR WAIVING FILLING FEE AND REQUEST FOR TRANSCRIPTION OF DISTRICT COURT HEARING AT COMMONWEALTH's EXPENSE

TO THE HORANBLE COURT:

Defendant humbly requests this court to allow waiver of fees and costs association with the transcription of the district court hearing be paid by the commonwealth. In support thereof.

Defendant, while driving out of the handicap parking spot, did not have a proper displayed handicap placard. However, the Defendant did in fact have one prior to the citation, during the pendency of her hearing, and medically "qualified" for a handicap placard at the time she was utilizing the space intended for handicapped drivers; there is a good public policy argument, *inter alia*, that even if she had a "lapse" on properly filling out documents or acquiring a handicap placard, she did inherently had authority to park there because such spaces were designed for drivers like her (constitutional challenge of the statute). Furthermore, there are issues as to whether she was offered a Russian-English translator and other possible errors that can be determined only be review of the transcript.

In further support, please find Defendant's affidavit of Indigency and Motion for Stay of R.M.V. suspension of driving privileges.

Respectfully Submitted
On behalf of
Lyudmila S. Maslyakova

Ilya Liviz, Esq
200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax
B.B.O. No.: 686469

Dated: 09/05/2017

2/15/2018

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

APPEALS COURT FULL PANEL
DOCKET NO. 2017-P-1607
APPELLATE DIVISION
NORTHERN DISTRICT
DOCKET NO. 16-ADMS-20042
LYNN DISTRICT COURT
DOCKET NO.  1613MV000901
MA UNIFORM CITATION.  R7222546

LOWELL POLICE DEPARTMENT            )
        Plaintiff                                         )
                                    )
v.                                                            )
                                      )
LYUDMILA S. MASLYAKOVA             )
        Defendant                                      )

### AMENDED Certificate of Service

I, Ilya Liviz, hereby certify, Pursuant to Mass. R. App. Pro. R 13(c), a true copy of the Renewed
Motion for Enlargement of Time and Partial Suspension of Appellate Procedure Dated
electronically filed on 02/05/2018 and accepted on 02/06/2018, is served upon Lynn Police
Department, via First Class mail, at 300 Washington St., Lynn, MA 01902., on 02/09/2018.

*1-6 of cover sheet (original order)*

*9/5/2017*

_____
ilya Liviz

Respectfully submitted,
On behalf of Defendant,
Lyudmila S. Maslyakova,

_____
Ilya Liviz
200 Central St.
Lowell, MA 01852
978-606-5326
ilya.liviz@gmail.com
BBO No. 686409

Dated: 02/09/2018

*2/15/2018*

2018 FEB 15  P 4: 25
LYNN DISTRICT COURT
FILED

| | |
|---|---|
| **Part I** | ADMINISTRATION OF THE GOVERNMENT |
| **Title VII** | CITIES, TOWNS AND DISTRICTS |
| **Chapter 40** | POWERS AND DUTIES OF CITIES AND TOWNS |
| **Section 22** | REGULATION OF VEHICLES; PENALTIES FOR VIOLATION; DISABLED VETERANS AND HANDICAPPED PERSONS EXCEPTED FROM PARKING VIOLATIONS; TAXICAB LICENSES |

Section 22. Except as otherwise provided in section eighteen of chapter ninety and subject, so far as applicable, to section two of chapter eighty-five and sections eight and nine of chapter eighty-nine, a city or town may make ordinances or bylaws, or the board of aldermen or the selectmen or the town council may make rules and orders, for the regulation of carriages and vehicles used therein, and may set penalties for the violation thereof; and may set and receive an annual fee for each license granted to a person to use any such carriage or vehicle therein. No such rule or order shall prohibit the use of passenger or station wagon type motor vehicles whose gross weight is less than five thousand pounds and which are registered for commercial use, on ways, parkways or boulevards where noncommercial passenger-type motor vehicles are permitted to operate. Such rules and orders shall not take effect until they have been published at least once in a newspaper published in the city, town or county.

No penalty shall be imposed upon any disabled veteran or handicapped person, whose vehicle bears the distinctive number plates, or displays the special parking identification plate authorized by section two of chapter ninety or bears the official identification of a handicapped person issued by any other state, or any Canadian Province, for parking such vehicle on any way for a longer period of time than permitted by said ordinances, by-laws, rules or orders.

Except in the counties of Dukes and Nantucket every metered taxicab licensed under this section shall have the name or the trade name of the owner and the name of the city or town in which it is licensed painted on the sides thereof in letters not less than four inches high and one half inch wide.

## COMMONWEALTH OF MASSACHUSETTS
## SUPREME JUDICIAL COURT

SUFFOLK, SS

APPEALS COURT DOCKET NO. 2017-P-1607
APPELLATE DIVISION NORTHERN DISTRICT
DOCKET NO. 16-ADMS-20042
LYNN DISTRICT COURT Dk. 1613MV000901
MA UNIFORM CITATION. R7222546

**LYUDMILA S. MASLYAKOVA**                    )
     Petitioner                    )
                        )

v.                    )

**LOWELL POLICE DEPARTMENT**                    )
     Respondent                    )
                        )

**RECEIVED**

JUN 0 1 2018

APPEALS COURT

## *PRO BONO*, COUNSEL'S, ILYA LIVIZ'S, NOTICE OF APPEAL, FOR DEFENDANT, LYUDMILA S. MASLYAKOVA

Defendant, Lyudmila S. Maslyakova, in the above captioned matter, hereby files her notice of appeal, to pursue the matter before the Supreme Judicial Court of the Single Justice, inter alia, for deprivation of civil rights, discrimination, and equal protection under the laws, exampli gratia, antidiscrimination statute, Equal Protection, Federal Rehabilitation Act, American with Disabilities Act (ADA), etc.

Respectfully submitted,
On Behalf of Lyudmila Maslyakova,

Ilya Liviz, *Esq.*
Civil Liberties
Trial & Appellate Advocate
156 6th St. Lowell, MA 01853
www.Liviz.com
ilya.liviz@gmail.com
(978) 606-5326
BBO #686409

Dated: 06/01/2018

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                    LYNN DISTRICT COURT

NOTICE OF THE ASSEMBLY OF THE RECORD
APPEAL COVER SHEET

DOCKET NO: 1613MV901 and Appellate NO: 16-ADMS-20042

CASE NAME: LYNN POLICE DEPARTMENT VS. LYUDMILA S MASLYAKOVA

APPEARANCES

Plaintiff(s) Lynn Police Department          Defendant(s) Ilya Liviz, Esquire
              300 Washington Street                        200 Central Street Unit No 1
              Lynn, MA 01902                               Lowell, MA 01850


Nature of the Case: MOTOR VEHICLE CITATION, HANDICAP PARKING
                    PLATE/PLATECARD MISUSE


Trial Court Entry Date: May 6, 2016

Date of Claim of Appeal: October 17, 2017

Appeal by: Lyudmila S Maslyakova

Date Transcript Ordered:
Transcript prepared: yes - no

number of volumes:

Decision:


Date:   December 7,  2017

Clerk of Court

# COMMONWEALTH OF MASSACHUSETTS

## NOTICE OF THE ASSEMBLY OF THE RECORD ON APPEAL
### APPELLATE COURT ENTRY STATEMENT

Court Department | District Court | District Court Division | Lynn District Court

Trial Court Docket No(s): 1613MV901

Case Name: LYNN POLICE DEPARTMENT VS. LYUDMILA S MASLYAKOVA

### APPEARANCES

Attorney Name for each Plaintiff/Petitioner and Either BBO Number OR Address and Telephone Number (enter information then "tab" out to view)

LYNN POLICE DEPARTMENT, 300 WASHINGTON STREET, LYNN, MA 01902

Attorney Name for each Defendant/Respondent and Either BBO Number OR Address and Telephone Number (enter information then "tab" out to view)

Ilya Liviz, Esquire, 200 Central Street No 1, Lowell, MA 01852

Nature of the case (Select the most appropriate description): MOTOR VEHICLE CITATION, HANDICAP PARKING PLATE/PLA

Date Petition, Complaint or Indictment Entered in Trial Court:    May 6, 2016

Is the Case or Any Information Impounded? No

If yes, attach a copy of the order of impoundment or provide the citation to the statute or rule pursuant to which the documents were impounded, and specify each impounded document (enter information then "tab" out to view). See S.J.C. Rule 1:15, § 2(a).

Date When Notice of Appeal Filed: Oct 17, 2017

Appeal By (specify each party listed in notice of appeal):    LYUDMILA S MASLYAKOVA

Identify the order or judgment being appealed (enter information then "tab" out to view):

CERTAIN RULINGS OPINIONS DIRECTIONS AND JUDGMENTS OF THE TRIAL COURT

Date Transcripts Ordered:                Number of Transcript Volumes:

Enclosing CD(s) with PDF(s) of the Transcript:  ○ Yes  ● No

Dates of Transcribed Proceedings:

In Criminal Cases, has a Stay of Execution of Sentence Been Granted?  ○ Yes  ● No

Date Notice of Assembly Issued: Dec 7, 2017

_____
Clerk, Clerk Magistrate, Register, or Recorder

To be filled in by the appellate court:

Date Entered in S.J.C. or Appeals Court:                S.J.C. or Appeals Court Docket Number:

[ Print Form ]



**MASSACHUSETTS**
**LYNN DISTRICT COURT**
**Docket Report**

### 1613MV000901 Lynn PD vs. Maslyakova, Lyudmila S

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Civil Motor Vehicle | **FILE DATE:** | 05/06/2016 |
| **ACTION CODE:** | 90/2/B-1 | **CASE TRACK:** | |
| **DESCRIPTION:** | HANDICAP PARKING PLATE/PLACARD MISUSE * c90 §2 | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS :** | Disposed for Statistical Purposes |
| **CASE DISPOSITION:** | Pending | **STATUS DATE :** | 06/07/2016 |
| **CASE JUDGE:** | | **CASE SESSION:** | |

| LINKED CASE |
|---|
| 16ADCI20042NO |

| PARTIES |
|---|

**Complaintant**
Lynn PD

**Defendant**
Maslyakova, Lyudmila S
130 Eastern Ave
Apt 324
LYNN, MA 01902

**Private Counsel**                                          686409
Ilya Liviz
Liviz Law Office
Liviz Law Office
200 Central St
Lowell, MA 01852
Work Phone (978) 606-5326
Added Date: 09/05/2016

| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
| 06/07/2016 | CMVI Appeal fee for Judge Hearing due.<br>Event: Judge Hearing for CMVI<br>Date: 07/28/2016  Time: 09:00 AM<br>Receipt: 83622 Date: 06/07/2016<br>Result: Event Continued | 50.00 | 50.00 | 0.00 | 0.00 |
| 11/07/2016 | For the entry of a civil appeal in the appellate division of the district court department | 180.00 | 0.00 | 180.00 | 0.00 |
| | **Total** | **230.00** | **50.00** | **180.00** | **0.00** |

| Deposit Account(s) Summary | Received | Applied | Checks Paid | Balance |
|---|---|---|---|---|
| **Total** | | | | |

TRUE COPY ATTEST

CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
580 ESSEX STREET
LYNN, MASSACHUSETTS 01901

Add. 32 of 78



## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 05/06/2016 | 1 | Request for magistrate hearing received from Registry of Motor Vehicles. | |
| 05/10/2016 | | Event Scheduled<br>Event: Magistrate Hearing for CMVI<br>Date: 06/07/2016  Time: 09:00 AM<br>Result: Event Continued | |
| 05/11/2016 | | Event Resulted<br>The following event: Magistrate Hearing for CMVI scheduled for 06/07/2016 09:00 AM has been resulted as follows:<br>Result: Event Continued<br>Reason: Clerical error | Stirgwolt |
| 05/11/2016 | | Event Scheduled<br>Event: Magistrate Hearing for CMVI<br>Date: 06/07/2016  Time: 11:00 AM<br>Result: Held, Appealed by Defendant | |
| 06/07/2016 | | Charges Disposed:<br>Charge #1 HANDICAP PARKING PLATE/PLACARD MISUSE * c90 §2<br>    Date: 06/07/2016<br>    Code: Responsible<br>    Judge: Cole, Sharleen N<br>    Adjusted Amount: $505.00 | |
| 06/07/2016 | | Case disposed after hearing.<br>The following event: Magistrate Hearing for CMVI scheduled for 06/07/2016 11:00 AM has been resulted as follows:<br>Result: Held, Appealed by Defendant | Cole |
| 07/26/2016 | | Event Resulted<br>The following event: Judge Hearing for CMVI scheduled for 07/28/2016 09:00 AM has been resulted as follows:<br>Result: Event Continued | Conlon |
| 07/26/2016 | | Event Scheduled<br>Event: Rescheduled Judge's Hearing<br>Date: 09/16/2016  Time: 09:00 AM<br>Result: Event Continued | |
| 09/15/2016 | | Event Resulted<br>The following event: Rescheduled Judge's Hearing scheduled for 09/16/2016 09:00 AM has been resulted as follows:<br>Result: Event Continued | Stirgwolt |
| 09/15/2016 | | Event Scheduled<br>Event: Rescheduled Judge's Hearing<br>Date: 10/05/2016  Time: 09:00 AM<br>Result: Event Continued | |
| 09/16/2016 | | Event Resulted<br>The following event: Rescheduled Judge's Hearing scheduled for 10/05/2016 09:00 AM has been resulted as follows:<br>Result: Event Continued | Stirgwolt |

A TRUE COPY ATTEST

*[signature]*

CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
560 ESSEX STREET
Add: 33-01 0178


| 09/16/2016 | Event Scheduled<br>Event: Rescheduled Judge's Hearing<br>Date: 10/20/2016  Time: 09:00 AM<br>Result: Held - MV | |
| --- | --- | --- |
| 10/20/2016 | Case disposed after hearing.<br>The following event: Rescheduled Judge's Hearing scheduled for<br>10/20/2016 09:00 AM has been resulted as follows:<br>Result: Held - MV | Campbell |
| 10/21/2016 | Charges Disposed:<br>Charge #1 HANDICAP PARKING PLATE /PLACARD MISUSE * c90 §2<br>    Date: 10/19/2016<br>    Code: Responsible After Appeal<br>    Judge: Campbell, Hon. Cathleen E.<br>    Adjusted Amount: $505.00 | |
| 12/15/2016 | Sent notice to RMV about pending appeal 12/15/16 | |
| 12/27/2016 | On November 7, 2016; Scheduled for transmission to Appellate Division.<br>All documents required for appeal received and parties notified. | |
| 08/28/2017 | Charges Disposed::<br>Charge #1 HANDICAP PARKING PLATE /PLACARD MISUSE * c90 §2<br>    On: 08/28/2017    Judge: Hon. Daniel C Crane<br>    Responsible After Appellate Division Review<br>    Adjusted Amount: $505.00 | |
| 09/13/2017 | rec'd notice from appeals court of motion for stay denied. 9/13/2017 | |
| 10/20/2017 | Event Scheduled<br>Event: Status Review (CV)<br>Date: 10/20/2017  Time: 02:00 PM<br>Result: Event Begun But Not Completed | |
| 10/20/2017 | Event Resulted<br>Judge: Stirgwolt, Jane Brady<br>The following event: Status Review (CV) scheduled for 10/20/2017 02:00<br>PM has been resulted as follows:<br>Result: Event Begun But Not Completed | Stirgwolt |

TRUE COPY ATTEST

*Jane Brady Stirgwolt*

CLERK MAGISTRATE
DISTRICT COURT OF SOUTHERN ESSEX
E ESSEX STREET
LYNN, MASSACHUSETTS 01901

| NOTICE OF DENOVO APPEAL HEARING FOR CIVIL MOTOR VEHICLE INFRACTION VIOLATOR COPY | DOCKET NUMBER 1613MV000901 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| NAME AND ADDRESS OF ACCUSED VIOLATOR | COURT NAME & ADDRESS |
|---|---|
| Lyudmila S Maslyakova<br>130 Eastern Ave<br>Apt 324<br>LYNN, MA 01902 | Lynn District Court<br>580 Essex Street<br>Lynn, MA 01901<br>(781)598-5200 |

| DATE OF OFFENSE 04/18/2016 | CRASH (Y/N) No | DATE & TIME HEARING SCHEDULED |
|---|---|---|

| LICENSE NO. S23761865 | STATE MA | LOCATION OF OFFENSE Lynn |
|---|---|---|
| REGISTRATION NO. 5SWL50 | STATE MA | CITING POLICE DEPARTMENT Lynn PD |
| CITING OFFICER ID 6793 | CITING OFFICER NAME | |

| SPEED | MPH IN A      MPH ZONE | NO. OF COUNTS 1 | ^^^ WHEN YOU MUST APPEAR ^^^ |
|---|---|---|---|

| VIOLATION CODE CITATION NO. | VIOLATION DESCRIPTION | ASSESSMENT AMOUNT | **MASSDOT PAYMENT ADDRESS** |
|---|---|---|---|
| 90/2/B R7222546 | HANDICAP PARKING PLATE/PLACARD MISUSE * c90 §2 | 505.00 | Citation Processing Center PO Box 55890 Boston, MA 02205-5890 |
| | | | |
| | | | |
| | | | |
| | **TOTAL DUE ON CITATION:** | 505.00 | |

**TO THE ACCUSED VIOLATOR NAMED ABOVE:**

The denovo appeal hearing you requested on the above civil motor vehicle infraction(s) will be held before a judge of this court on the date and time indicated above. You must appear to present your side of the case and to offer any witnesses or other evidence you wish. The courthouse address is listed above. Please bring this notice with you to the court.

You may choose to withdraw your request for a denovo appeal hearing and pay the full amount of the citation by notifying the clerk-magistrate's office that you wish to do so at least 24 hours prior to the scheduled hearing. Should you withdraw your request for the denovo hearing, the denovo appeal filing fee you have paid will not be refunded, and you must then pay the full amount indicated on the citation to the Registry of Motor Vehicles within 20 days.

If you do not withdraw your request for a denovo appeal hearing and you fail to appear for your hearing at the date and time indicated above, you will lose your right to a hearing, and your driver's license will be suspended until you pay the full amount of the citation plus additional late fees to the Registry of Motor Vehicles.

If after hearing you are found responsible, you will be required to pay the amount ordered by check or money order payable to "MASSDOT." All payments to the Registry of Motor Vehicles must be sent to the "MASSDOT Payment Address" listed above.

*Case has been filed at the Appellate Division.*

*Alt Date 12-30-17*

| DATE ISSUED 12/15/16 | CLERK-MAGISTRATE Jane Brady Stirgwolt | |
|---|---|---|

www.mass.gov/courts          Date/Time Printed: 12-15-2016 11:41:44

*Add. 35 of 78*

# MEMORY TRANSMISSION REPORT

```
                                      TIME      : DEC-15-2016  11:42AM
                                      TEL NUMBER : +7815984350
                                      NAME      : LYNN D CT CLERKS


FILE NUMBER          :   507

DATE                 :   DEC-15 11:41AM

TO                   :   18573680809

DOCUMENT PAGES       :   001

START TIME           :   DEC-15 11:41AM

END TIME             :   DEC-15 11:42AM

SENT PAGES           :   001

STATUS               :   OK

FILE NUMBER     : 507        *** SUCCESSFUL TX NOTICE ***
```

| NOTICE OF DENOVO APPEAL HEARING FOR CIVIL MOTOR VEHICLE INFRACTION VIOLATOR COPY | DOCKET NUMBER 1613MV000901 | Trial Court of Massachusetts District Court Department |
|---|---|---|

NAME AND ADDRESS OF ACCUSED VIOLATOR
Lyudmila S Masiyakova
130 Eastern Ave
Apt 324
LYNN, MA 01902

COURT NAME & ADDRESS
Lynn District Court
580 Essex Street
Lynn, MA 01901
(781)598-5200

| DATE OF OFFENSE 04/18/2016 | CRASH (Y/N) No | | | DATE & TIME HEARING SCHEDULED |
|---|---|---|---|---|
| LICENSE NO. S237761866 | STATE MA | LOCATION OF OFFENSE Lynn | | |
| REGISTRATION NO. 5SWIL50 | STATE MA | CITING POLICE DEPARTMENT Lynn PD | | |
| CITING OFFICER ID 6793 | CITING OFFICER NAME | | | |
| SPEED     MPH IN A     MPH ZONE | | NO. OF COUNTS 1 | | ^^^   WHEN YOU MUST APPEAR   ^^^ |

| VIOLATION CODE CITATION NO. | VIOLATION DESCRIPTION | ASSESSMENT AMOUNT | MASSDOT PAYMENT ADDRESS |
|---|---|---|---|
| 90/2/B R7222646 | HANDICAP PARKING PLATE/PLACARD MISUSE * c90 §2 | 505.00 | Citation Processing Center PO Box 55890 Boston, MA 02205-5890 |
| | | | |
| | | | |
| | TOTAL DUE ON CITATION: | 505.00 | |

**TO THE ACCUSED VIOLATOR NAMED ABOVE:**

The denovo appeal hearing you requested on the above civil motor vehicle infraction(s) will be held before a judge of this court on the date and time indicated above. You must appear to present your side of the case and to offer any witnesses or other evidence you wish. The courthouse address is listed above. Please bring this notice with you to the court.

You may choose to withdraw your request for a denovo appeal hearing and pay the full amount of the citation by notifying the clerk-magistrate's office that you wish to do so at least 24 hours prior to the scheduled hearing. Should you withdraw your request for the denovo hearing, the denovo appeal filing fee you have paid will not be refunded, and you must then pay the full amount indicated on the citation to the Registry of Motor Vehicles within 20 days.

If you do not withdraw your request for a denovo appeal hearing and you fail to appear for your hearing at the date and time indicated above, you will lose your right to a hearing, and your driver's license will be suspended until you pay the full amount of the citation plus additional late fees to the Registry of Motor Vehicles.

If after hearing you are found responsible, you will be required to pay the amount ordered by check or money order payable to "MASSDOT." All payments to the Registry of Motor Vehicles must be sent to the "MASSDOT Payment Address" listed above.

*Case has been filed at the Appellate Division.*

*Alt Date 12-30-17*

| DATE ISSUED 12/15/16 | CLERK-MAGISTRATE Jane Brady Stirgwolt | |
|---|---|---|

067                          www.mass.gov/courts                    Date/Time Printed: 12-15-2016 11:41:44

NOTICE OF ASSEMBLY
COMMONWEALTH OF MASSACHUSETTS
LYNN DISTRICT COURT
580 ESSEX STREET
LYNN, MASSACHUSETTS 01901
CLERK'S OFFICE

December 6, 2017


Ilya Liviz, Esquire
200 Central Street No1
Lowell, MA  01852

RE: Lynn Police Department
VS: Lyudmila S. Maslyakova
    Motor Vehicle Citation
NO: 1613MV901 AND Appellate NO: 16-ADMS-20042


Dear Petitioner:

The parties are hereby NOTIFIED that the RECORD IS FULLY ASSEMBLED in the subject
case in accordance with the Massachusetts Rules of Appellate Procedure (M.R.A.P. Rule 9)).


Very truly yours,



JANE BRADY STIRGWOLT, Clerk Magistrate

cc: Lynn Police Department
    300 Washington Street
    Lynn, MA 01902          NOTE
                            1 copy of your file
                            1 copy of each party atty
                            1 copy to Appeals Court

# COMMONWEALTH OF MASSACHUSETTS

### APPEALS COURT CLERK'S OFFICE
John Adams Courthouse
One Pemberton Square, Suite 1200
BOSTON, MASSACHUSETTS 02108-1705
(617) 725-8106

September 11, 2017

Lynn District Court
Clerk for Civil Business
580 Essex Street
Lynn, MA 01901

RE:   No. 2017-J-0407
      Lower Ct. No.: 1613MV000901

**LYNN POLICE DEPARTMENT**
**vs.**
**LYUDMILA S. MASLYAKOVA**

NOTICE OF DOCKET ENTRY

Please take note that, with respect to the Motion for stay under M.R.A.P. 6(a) with attachments, filed by Lyudmila S. Maslyakova. (Paper #2),

on September 11, 2017, the following order was entered on the docket of the above-referenced case:

RE#2: Denied without prejudice to refiling in the trial court in the first instance, subsequent to the filing of a notice of appeal. (Lemire, J.). Notice/attest/Campbell, J.

Very truly yours,

The Clerk's Office

Dated: September 11, 2017

To:  Lynn Police Department
Ilya Liviz, Esquire
Lynn District Court

SEP 13 2017

## COMMONWEALTH OF MASSACHUSETTS
## APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT
## NORTHERN DISTRICT

ESSEX, SS.

**APPELLATE DIVISION**
**CASE NO. 16-ADMS-20042**

**LYNN POLICE DEPARTMENT**

**V.**

**LYUDMILA S. MASLYAKOVA**

**Trial Court: Lynn Division**
**of the District Court Department**
**Docket No. 1613MV0901**
**Citation No. R7222546**

### DECISION AND ORDER

This case came on to the Appellate Division for the Northern District upon the defendant's civil motor vehicle infraction appeal.  Upon review,

**It is hereby ORDERED that the Clerk of the Trial Court make the following entry on the docket of this case:**

As the defendant has failed to establish an error of law, the trial court's finding of responsible is affirmed.

**DATE: AUGUST 25, 2017**

**HON. DANIEL C. CRANE, Justice**
**HON. MATTHEW J. NESTOR, Justice**

This certifies that this is the Decision
& Order of the Appellate Division in
this matter.  A True Copy, Attest:

*Brien M. Cooper*
Brien M. Cooper, Clerk

FILED

AUG 28 2017

LYNN DISTRICT COURT

COMMONWEALTH OF MASSACHUSETTS

APPELLATE DIVISION

NORTHERN DISTRICT

No. 16-ADMS-20042

ESSEX, ss.

LYNN POLICE DEPARTMENT

Appelle,

v.

LYUDMILA S. MASLYAKOVA

Appellant

ON APPEAL FROM A JUDGMENT OF THE DISTRICT COURT,

LYNN DIVISION

AS AFFIRMED BY AN ORDER OF THE DISTRICT COURT JUDGE

BRIEF OF APPELLANT LYUDMILA S. MASLYAKOVA

WITH MOTION TO FILE WITHOUT APPENDIX

Ilya Liviz (BBO No.686409)
Liviz Law Office
200 Central St. Unit No.1
Lowell, MA 0182
978-221-6385
978-221-6386 (FAX)

**COMMONWEALTH OF MASSACHUSETTS**

ESSEX, SS                         APPELLATE DIVISION
                                  DOCKET NO.:16-ADMS-20042
                                  LYNN DISTRICT COURT
                                  DOCKET NO.: 1613MV000901
                                  MA UNIFORM CITATION.:R7222546

LYNN POLICE DEPARTMENT            )
          Appelle                )
                                 )
v.                               )
                                 )
LYUDMILA S. MASLYAKOVA           )
          Appellant              )
_____)

## MOTION TO FILE BRIEF OF APPELLANT LYUDMILA S. MASLYAKOVA WITHOUT APPENDIX AND WITH PARTIAL SUSPENSION OF THE RULES PURSUANT TO APPELLATE PROCEDURE RULE 2

Appellant, Lyudmila S. Maslyakova, in the above captioned

matter, requests that the four (4) copies of her brief be

accepted without Appendix and Partial Suspension of the

Appellate Procedure Brief requirements where necessary.


                              Respectfully Submitted
                              By her attorney,


                              _____
                              Ilya Liviz, Esq
                              200 Central St., No.1
                              Lowell, MA 01852
                              1-(978)-221-6385 Office
                              1-(978)-221-6386 Fax
                              B.B.O. No.: 686409

Dated: 1/22/2017

## TABLE OF CONTENTS

TABLE OF AUTHORITIES   .   .   .   .   .   .   i

STATEMENT OF ISSUE  .   .   .   .   .   .   .   ii

STATEMENT OF THE CASE.   .   .   .   .   .   .   1

STATEMENT OF FACTS  .   .   .   .   .   .   .   1

ARGUMENT   .   .   .   .   .   .   .   3

      THE DISTRICT COURT JUDGE ERRED BY
      CONSIDERING POLICE OFFICER'S TESTIMONY
      BASED ON HIS INVESTIGATION WHICH WAS
      INITIATED WITHOUT RESONABLE BASIS   .   .   3

      EVEN IF THE OFFICER HAD RESONABLE BASIS
      TO DETAIN LYUDMILA, THE INTEROGATION
      SHOULD HAVE BEEN TERMINATED WHEN SHE
      SAID SHE DROPPED HER HUSBAND OFF
      AND WAS IN THE PROCESS OF PICKING HIM UP   4

      PUBLIC POLICY ARGUMENT   .   .   .   .   5

CONCLUSION   .   .   .   .   .   .   .   7

MASS.R.A.P. 16(K) CERTIFICATE OF COMPLIANCE   .   .   9

CERTIFICATE OF SERVICE   .   .   .   .   .   .   10

## TABLE OF AUTHORITIES

Cases

Com. V. Rodrigues,
472 Mass. 767, 37 N.E. 3d 611 (2015).    .    .    .    .    8

Commonwealth v. Wren,
391 Mass. 705, 707, 463 N.E.2d 344 (1984)    .    .    .    8

Bureau of Special Investigations v. Coalition of Public Safety,
430 Mass. 601, 722 N.E.2d 441 (2000)    .    .    .    .    11


Other Authorities

http://www.massrmv.com/MedicalAffairs/DisabilityPlatesandPlacard
s/DisabledParkingFAQsforCustomers.aspx   .    .    .    .    9

i

## STATEMENT OF THE ISSUE

Whether the Defendant's rights to due process under the
United States Constitution and Massachusetts Declaration of
Rights were violated during the course of the *de novo* District
Court hearing on a civil motor vehicle infraction, when the
District Court judge allowed testimony of a police officer who
lacked reasonable basis for his investigatory stop.   Even if
such investigatory stop was justified, the investigation should
have been terminated once the Appellant responded she dropped
her husband off and was in the process of picking him up.   It is
against our Public Policy to interrogate disabled elderly (in
their 70's) for whom the Handicap Parking Space was designed for
in the first place.

## STATEMENT OF THE CASE

This is an appalling case that the public and community should be embarrassed over. On April 18th, 2016 a police officer, with a marked cruiser, with a badge, with a gun, with a stun gun, with OC Spray, with handcuffs, with a radio, with governmental authority; DETAINS an elderly woman that is 72 years old (at the time) to investigate whether she had the right to park in a Handicap Parking Space with a disability placard already hanging from rear-view mirror.

## STATEMENT OF FACTS

A.   The Traffic Stop and the Citation

Lyudmila S. Maslyakova (hereinafter "Lyudmila"), who was 72 years old at the time, is disabled and had her own handicap placard prior to this incident but chose not to extend it because she only travels with her husband who also has a disability placard.

On April 18th, 2016, an Officer drove and parked his cruiser behind Lyudmila S. Maslyakova's vehicle, blocking her in, because Disability placard had a photo of her husband. Lyudmila S. Maslyakova told the Officer that it was her husband's and that she dropped him off at the store and he walked over to an adjacent store and needs her to pick him up. Because they always go to the store together she did not renew

1

her disability placard (since this incident she has renewed and posses her own disability placard)[1] and was in the process of picking him up after he walked over to an adjacent store.   The Officer cited Lyudmila for Disability Placard violation; a violation that carries a minimum $500 fine and 30 day loss of license.   Lyudmila is the sole responsible party for driving her husband to all of his Doctors' appointments.

B.   The Clerk-Magistrate Hearing

Lyudmila appeared without an attorney or interpreter (she is Russian Speaking) and was found responsible.

C.   The District Court Appeal

Lyudmila appeared without counsel at the hearing before a judge of the District Court.   The Judge credited Officer's testimony that her husband was "nowhere" to be found and affirmed the Clerk-Magistrate's decision

Lyudmila retained counsel who submitted a motion for reconsideration with Affidavit of her husband who swore under pains and penalties of perjury that he walked from the store he was dropped off, to an adjacent store across the street and required a ride home; they always go to and from the stores together.   There was no rehearing on the matter and the judge

---

[1] During the pendency of her renewal she possessed a temporary Disability Placard which was not accepted by the court.

2

affirmed the decision based on giving full credit to the
officer's testimony.

## ARGUMENT

**THE DISTRICT COURT JUDGE ERRED IN ALLOWING INVESTIGATORY
TESTIMONY TO COME INTO THE RECORD BECAUSE THE OFFICER LACKED
RESONABLE SUSPICION TO DETAIN LYUDMILA**

The officer pulled over behind Lyudmila's vehicle (which
had its ignition on) blocking her exit from a handicap parking
space; thus she was not free to go. A police stop of a moving
automobile constitutes a seizure, and therefore, any such stop,
whatever its purpose, must comply with the Fourth Amendment to
the United States Constitution and with art. 14 of the
Massachusetts Declaration of Rights. Quoted from Com. V.
Rodrigues, 472 Mass. 767, 37 N.E. 3d 611 (2015). A mere hunch
does not amount to reasonable suspicion. *Commonwealth v.*
*Wren,* 391 Mass. 705, 707, 463 N.E.2d 344 (1984)  She is clearly
an elderly lady (72 years old) who has a Disability Placard in
her window and there is no reason to believe that an elderly
would be violating civil infraction law by getting a "fake"
disability placard (at which point it would become a crime).  In
other words, if you see someone in their 70's operating a motor
vehicle with a disability placard in their rear-view window one
should not conduct an investigation to see if he/she is the

3

person in the placard (i.e. no reasonable basis to suspect that
the 70 plus year old is "faking" their disability).

**EVEN IF THE OFFICER HAD RESONABLE BASIS TO DETAIN LYUDMILA, THE
INTEROGATION SHOULD HAVE BEEN TERMINATED WHEN SHE SAID SHE
DROPPED HER HUSBAND OFF AND WAS IN THE PROCESS OF PICKING HIM
UP.**

Officer interrogated Lyudmila as to the whereabouts of her
husband.[2]  The interrogation went as far as to even having her to
call him to locate him.  The Registry of Motor Vehicles allows
non-placard holders to drop off and pick up placard holders.

> "Who can use my Disabled Placard?
>
> The placard is for the *disabled person's benefit only* and
> only for the times that person is a) in the vehicle or **b)
> being dropped off or picked up.** Do Not let anyone else use
> your disabled placard parking privileges. If you  abuse
> your disabled placard, or if you allow someone else to do
> so, one or both of you may be fined $500 - $1,000, face a
> 30-day license suspension, AND lose the disabled parking
> privileges." See.

http://www.massrmv.com/MedicalAffairs/DisabilityPlatesandPlacard
s/DisabledParkingFAQsforCustomers.aspx (Highlighted bold for
*Emphasis*)

Because the Registry allows for non-placard holders to drop
off and/or pick up disabled persons, once Lyudmila stated that
she was in process of picking up her husband who walked over to
adjacent store the investigation should have stopped.

---

[2] This is an OLD LADY who has never been in trouble with the law
and was being detained and interrogated by a governmental
authority. On top of being intimidated, she was trying the best
she could to communicate in her non-native language (she is a
United States of America Citizen that is fluent in Russian).

4

## PUBLIC POLICY ARGUMENT

"Regardless of the reason for it, a police stop of a moving vehicle can be humiliating, frightening, and embarrassing for the vehicle's occupants and can raise the possibility of arrest and incarceration..." See Com . V. Rodriguez, 472 Mass. 767, 37 N.E.3d 611. Mrs. Lyudmila S. Maslyakova is a gentle old-lady who has been married and devoted to the same husband for half a century. She had her own Disability placard prior to this incident, during her hearing at court and presently.[3] She did not extend the placard (time of incident) because she always goes to the store with her husband; they are practically attached at the hip.

In all honesty, I am writing about reasonable suspicion and other creative terms created by the courts. But, why don't we just ask our "gut"; does this seem right? Were we not raised to help the elderly to cross the street, help the elderly with their groceries, are we not supposed to protect and help our elderly who put many years in raising us? She is a disabled elderly who had inherent authority to park there; handicap parking spot is implemented in our cities specifically for

---

[3] After receiving the citation Lyudmila immediately acquired a temporary (without a photo) Disability Placard which was presented in court; she now received and is in possession of the "permanent" placard.

5

people in need such as my client. If this was presented to the jury of my peers I am confident we would get a verdict of "not responsible".[4]

When we look to Public Policy based decisions there seems to be a plethora of case law under Labor and Employment. There we can find that the S.J.C. has determined a three step process. First, we wrote that, the public policy 'must be well defined and dominant, and is to be ascertained "by reference to the laws and legal precedents and not from general considerations of supposed public interests." Second, we noted that the conduct involved cannot be "disfavored conduct in the abstract." Finally, we required a showing that the arbitrator's award reinstating the employee violates public policy to such an extent that the employee's conduct would have required dismissal. See Bureau of Special Investigations v. Coalition of Public Safety (Quotations and Citations omitted), 430 Mass. 601, 722 N.E.2d 441 (2000). It seems that the S.J.C. is trying to say that a decision, albeit in that case law applies to an arbitrators decision only, will not be set aside unless it clearly violates a Public Policy. Here at present case, we

---

[4] She is not seeking a "pardon" or "slap on the wrist". Again, based on the Registry of Motor Vehicle Policy she is allowed to drop off and pick up her husband; which clearly means there will be times when she will be in the vehicle without his presence.

6

ultimately see that handicap parking space was designed and
implemented to be used by people such as my client for the exact
purpose it was intended for. Thus, a mere lapse in not extending
the placard or not being able to explain oneself (either because
of intimidation or lack of proficiency in the English language)
should not lead to a temporary suspension of one's right to
operate a motor vehicle (license suspension). Lastly and most
importantly, this violation results in a 30 day suspension of
the right to operate a motor vehicle.  Both husband and wife, at
their old age, require a lot of medical appointments; loss of
license will have detrimental outcome on their life.  I think it
is fair to say that members of our community would agree that
terminating Lyudmila's driver license for any period of time
offends our moral principles.

## CONCLUSION

For the foregoing reasons, Mrs Lyudmila S. Maslyakova
humbly requests this Court to order the Lynn District Court to
enter a finding of "not responsible" on the civil motor vehicle
infraction for Disability placard violation because the Officer
either lacked reasonable suspicion to conduct an investigatory
stop, or his investigation should have stopped once he was told
that the operator of the vehicle was in the process of dropping

7

off/picking up the individual to whom the Disability placard

belongs to, or based on Public Policy argument.

                                   Respectfully Submitted
                                   By her attorney,

                                 Ilya Liviz, Esq
                                 200 Central St., No.1
                                 Lowell, MA 01852
                                 1-(978)-221-6385 Office
                                 1-(978)-221-6386 Fax
                                 B.B.O. No.: 686409

Dated: 1/22/2017

8

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

APPELLATE DIVISION
DOCKET NO.:16-ADMS-20042
LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

LYNN POLICE DEPARTMENT      )
      Appelle            )
                           )
v.                            )
                           )
LYUDMILA S. MASLYAKOVA     )
      Appellant           )

## CERTIFICATE OF COMPLIANCE PURSUANT TO RULE 16(K) OF THE MASSACHUSETTS RULES OF APPELLATE PROCEDURE

I, Ilya Liviz, hereby certify that the foregoing brief complies

with the rules of court that pertain to the filing of briefs, to

the best of my ability and financial constraints.

Respectfully Submitted

_Ilya Liviz (26)_
Ilya Liviz, Esq
200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax
B.B.O. No.: 686409

Dated: 1/22/2017

9

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

APPELLATE DIVISION
DOCKET NO.:16-ADMS-20042
LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

LYNN POLICE DEPARTMENT            )
       Appelle                  )
                         )
v.                               )
                         )
LYUDMILA S. MASLYAKOVA           )
       Appellant                )
_____ )

## CERTIFICATE OF SERVICE

I, Ilya Liviz, hereby certify that a true and accurate copy of

the Appellate Brief was provided to Lynn Police Department by

physical delivery to 300 Washington St. Lynn, MA 01902 on

1/23/2017.


Respectfully Submitted


*Ilya Liviz (zb)*
Ilya Liviz, Esq
200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax
B.B.O. No.: 686409

Dated: 1/22/2017

10



# Trial Court of the Commonwealth
## Appellate Division Of The District Court Department

Edward W. Brooke Courthouse
AODC Office - First Floor
24 New Chardon Street
Boston, MA 02114-4703
(617) 788-8810

PRESIDING JUSTICES
Mark S. Coven
*Northern District*

William P. Hadley
*Western District*

Kathryn E. Hand
*Southern District*

CLERK
Brien M. Cooper, Esq.

JUSTICES
Sabita Singh
Mark E. Noonan
Christopher D. Welch
David P. Despotopulos
Paul L. McGill
Patricia T. Poehler
Daniel C. Crane
Kevin J. Finnerty
Matthew J. Nestor
J. Thomas Kirkman
Thomas L. Finigan
Gregory C. Flynn

January 9, 2017

## LYNN POLICE DEPT. V. LYUDMILA S. MASLYAKOVA

**APPELLATE DIVISION DOCKET NO. <u>16-ADMS-20042</u>**
**Lynn District Court Docket No. 1613MV0901**
**Citation No. R7222546, issued on 04/18/16**

To the parties to the civil motor vehicle infraction appeal described above:

This **NOTICE** is to inform you of the following:

1. The Appellate Division has received the civil motor vehicle infraction appeal named above. The docket number for this case is **<u>16-ADMS-20042</u>**.

2. Each party to this action has the right to submit written legal briefs on the legal issue(s) presented for review. Briefs must be submitted on or before **<u>MONDAY, JANUARY 23, 2017</u>** **by mailing four (4) copies of the brief to the following Appellate Division address:**

   Appellate Division, Northern District
   Edward W. Brooke Courthouse
   AODC Office - First Floor
   24 New Chardon Street
   Boston, MA 02114-4703

3. If a review of the tape recording of the trial court hearing is determined to be necessary, you will be notified. The notice will set forth the procedure for obtaining a cassette copy of the trial court hearing tape from the trial court.

4. Civil motor vehicle appeals are ordinarily reviewed and decided by this Appellate Division, Northern District, <u>without oral argument</u>.

Commonwealth of Massachusetts
LYNN DIVISION
DISTRICT COURT DEPARTMENT
of the Trial Court
580 Essex St., Lynn, Massachusetts 01901

Date:          11/7/2016

To Whom it May Concern;

Motor Vehicle Appeal to the Appellate Division:

&ast;          Supplemental Motor Vehicle Abstract

&ast;          Civil Motor Vehicle Claim of Appeal

&ast;          Magistrate Hearing Judgment

&ast;          Judges Hearing Judgment

Attached for records:

&ast;          Dates of Rescheduled events.

&ast;          Motion of Reconsideration that was Denied.

&ast;          ***Russian Interpreter was used for hearings.***

Thank You.

**Civil Department of the Clerks Office**
**Nikkia Iovanna**
**781.586.7278**



_____
Clerk Magistrate

**Ilya Liviz *Esq.***
200 Central St. Unit No.1
Lowell, MA 01850
Office (978) 221-6385 - Fax (978) 221-6386

10/31/2016

**Via: Hand Delivery**

**Attn: Clerk of the Civil Citation Violation**
580 Essex St.
Lynn, MA 01901

**Attn: Clerk of the Civil Citation Department**
Lynn Police Department
300 Washington St.
Lynn, MA 01902

RE:   **Lynn Police Department vs. Lyudmila S. Maslyakova**
       DOCKET NO.: 1613MV000901
       Our Online File: Liviz Law Office/Lyudmila Maslyakova/Motion for Reconsideration

Dear Clerk

Attached herewith please find the following document to be filed in the above referenced Motion for Reconsideration with Request for a Hearing.

1. Entry of Appearance

2. Defendant's Motion for Reconsideration and Request for Hearing Thereon

3. Affidavit in Support of Motion for Reconsideration from Husband

4. Affidavit in Support of Motion for Reconsideration from Witness

5. Exhibit 1 - Massachusetts's disabled Placard Law

6. Exhibit 2-Permanent Disability Placard

7. Notice of Hearing

8. Certificate of Service of Herein Listed Documents

I thank you in advance for your time and attention in this matter.

Very truly yours,

Ilya Liviz

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS                                    LYNN DISTRICT COURT
                                             DOCKET NO.: 1613MV000901
                                             MA UNIFORM CITATION.:R7222546

LYNN POLICE DEPARTMENT          )
      Plaintiff               )
                                )
v.                              )
                                )
LYUDMILA S. MASLYAKOVA          )
      Defendant               )
_____  )

### ENTRY OF APPEARANCE

Please enter my appearance, Ilya Liviz Esq. as attorney for Lyudmila S. Maslyakova in the above captioned matter.

Respectfully Submitted

Ilya Liviz, Esq
200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax
B.B.O. No.: 686409

Dated: 10/31/2016

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

LYNN POLICE DEPARTMENT
    Plaintiff            )
                         )
v.                       )
                         )
LYUDMILA S. MASLYAKOVA   )
    Defendant            )
_____)

*[Handwritten: Date, Assoc. Js DCt. 10/31/16 Cathleen Campbell. After review by this Court, Ms. Maslyakova's Motion for Re-consideration & Request for a hearing there on is DENIED. A full hearing was conducted by the Court. The Court found the police officers testimony credible. Request for A. hearing is DENIED]*

### DEFENDANT'S MOTION FOR RECONSIDERATION AND REQUEST FOR A HEARING THEREON

TO THE HORANBLE COURT:

Now come the defendant, Lyudmila Maslyakova, and hereby respectfully requests the Court reconsider the previous finding of Responsible Judgment on Denovo Appeal for Civil Motor Vehicle Infraction, and request a hearing thereon.  In further support of their motion and request for a hearing, attached please find the Affidavit from the Husband and a Witness who were present the day of the alleged violation.  Lyudmila herself holds a permanent Disability placard.  Based upon these affidavits and previous fillings, the Defendants respectfully request that the Court reconsider its prior oral determination to find the Defendant responsible and to have a hearing thereon.  These affidavits further supplement and enhance Defendant's position that although Ms. Maslyakova was alone in the vehicle, she was in the process of either "dropping off or picking up a disabled individual" which is consistent with the law.[1]

Respectfully Submitted
On behalf of
Lyudmila S. Maslyakova

_____
Ilya Liviz, Esq

_____
[1] It is of note that both elderly husband and wife both had disability placecards; wife did not renew because she would not leave the home without her husband.  They have been married for many years, are very sick, love each other dearly and do not leave each other's side.  At the time of the hearing both had valid disability placecards.  Ramification of a finding of "responsible" leads to a 30-day driving license suspension; husband and wife, *inter alia*, are unable to attend to doctor appointments.

200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax
B.B.O. No.: 686409

Dated: 10/31/2016

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

| | |
|---|---|
| LYNN POLICE DEPARTMENT<br>Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| LYUDMILA S. MASLYAKOVA<br>Defendant | ) |
| | ) |

### AFFIDAVIT IN SUPPORT OF MOTION FOR RECONSIDERATION FROM HUSBAND

I, Arcadiy Maslyakova, who reside at 130 Eastern Ave. Apt.324, Lynn MA 01902, Depose under oath as follows.

On 04/18/2016 I and my wife drove to Shaw's Supermarket at 43 State St, Lynn, MA 01901. While she is shopping at the Shaw's, I routinely walk over to the Russian food store, Foods of Europe INC at 28 state St Lynn MA 01901 to speak to my friends. While I was in the Russian Store I received a phone call from my wife, Lyudmila Maslyakova, and she told me that she was getting a handicap parking violation; I did not understand why. I asked her to request that the police office wait there. When I got there (which was right away), he was not there. We immediately proceeding to drive to the Police Station to contest the ticket. I was present at the Clerk Magistrate hearing and at the hearing before the judge and I was not allowed to testify.

The foregoing is truthful, accurate and correct to the best of my knowledge and recollection. Signed under penalties and pains of perjury.

_____
Arcadiy Maslyakova

10/30/16
Date:



YANA MATLIS
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires Aug. 22, 2019

Yana Matlis   10/30/ 2016

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

LYNN POLICE DEPARTMENT          )
      Plaintiff                             )
                       )
v.                                             )
                       )
LYUDMILA S. MASLYAKOVA          )
      Defendant                          )
_____)

## AFFIDAVIT IN SUPPORT OF MOTION FOR RECONSIDERATION FROM WITNESS

I, Lev Podoskily, who reside at 53 Nahant Ave. Apt. 7 in Revere, MA 02151, Depose under oath as follows.

On 04/18/2016 I was located in the Russian food store, Foods of Europe INC at 28 state St Lynn MA 01901. I enjoy coming to the store because it also give me an opportunity to speak with local Russian friends and acquaintances. I was speaking to Arcadiy Maslyakova in the Russian Store when he received a distress phone call from his wife Lyudmila Maslyakova. When I asked him what is wrong he replied to me that she is getting a parking violation ticket and that he had to run. He appeared to be confused and concerned. I am now aware of the proceedings and submit this affidavit in support that he was present in the Russian Store and his wife was his "ride". If you have any questions, please don't hesitate to contact me at 1-781-559-4779.

The foregoing is truthful, accurate and correct to the best of my knowledge and recollection. Signed under penalties and pains of perjury.

_____          10/30/16
Lev Podoskily                                                   Date:

YANA MATLIS
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Comm. Expires Aug. 22, 2019

Yana Matlis 10/30/2016

# EXHIBIT 1

RMV - Disabled Parking FAQ's for customers

parking ordinances may be in effect, so obey all designated parking rules. For instance, if a sign says, "Residential Parking Only," then you must also have the proper residence parking authority. Massachusetts's law also allows vehicles with proper Disabled Parking authority to disregard most - but not all - public meter fees. Note, however, Massachusetts Port Authority does not exempt meters fees for Disabled Parking.

Do not park in a cross-hatch area (Zebra Stripe) adjacent to an HP space. This area is reserved for van ramp access.

In the U.S. and Canada: All U.S. States and Canada recognize the Massachusetts Disabled Placard as an authorized document for HP parking. However, New York City does not recognize Disabled Placards issued by any other authority other than the City of New York.

 8.  Who can use my Disabled Placard? 

The placard is for the disabled person's benefit only and only for the times that person is a) in the vehicle or b) being dropped off or picked up. **Do Not** let anyone else use your disabled placard parking privileges. If you abuse your disabled placard, or if you allow someone else to do so, one or both of you may be fined $500 - $1,000, face a 30-day license suspension, AND lose the disabled parking privileges.

9.  How can I get an HP sign in front of my house?

The Registry of Motor Vehicles does not designate HP parking spaces. You must inquire with your local City or Town office. Many cities have Disability Commissions which can assist you with this.

10.  Will applying for Disabled Parking affect my driver's license status?

It may! The Registry of Motor Vehicles is committed to the safety of the public. There are a few conditions that automatically disqualify a person from holding a driver's license. They are: 1) Legal blindness, 2) Class IV heart disease as defined by the American Heart Association; and 3) Oxygen Saturation Rate of 88% or less at rest or with minimal exertion. For all other conditions, the Registry relies on the medical professional who completes your application to comment on your medical or physical ability to operate a motor vehicle safely. The medical professional may advise the RMV that you should take a Competency Road Test; if so our Medical Affairs Office will contact you.

11.  What is the white plastic covering seen on the placard?

A white Security Sleeve is issued with each placard. The Security Sleeve is designed to fit over your picture on the placard if you wish to conceal your photo and/or your name. You are not required to use the sleeve. It is your choice. The sleeve is removable and you _must_ remove it if requested to do so by law enforcement. To use the sleeve.

1.  Place Placard between thumb and index finger;
2.  Gently squeeze Placard so that the bottom end slightly curls;
3.  Slip sleeve over the end of the Placard and wiggle it up to cover picture and name.

12.  Can I have an HP plate and a Disabled Placard?

Yes. The Registry is phasing out the HP plate because it is considerably less convenient than the Disabled Placard for most individuals. However, if you have an HP plate and need disabled parking while your vehicle is not available (e.g., when you are using a rental car), then a Temporary Placard can be issued. Temporary is defined as 2 - 24 months. You will need to request the Temporary Placard from Medical Affairs in writing with the reason for the request. You may send a letter which includes your Name, Date of Birth and Current Address. Social Security Number is preferred but not required for the request. Or you may download and complete this form.

13.  Is there an HP motorcycle plate available in Massachusetts?

Yes, you must apply as you would for the Disabled Placard. Simply check that you are requesting the HP Motorcycle plate on the application. If you have already been approved for Permanent Disabled parking, then you may request the plate in writing without further medical information. Please note: HP plates are only issued to persons with a permanent disability as certified by your medical professional.

14.  How do I get a Disabled Veteran Plate?

The Disabled Veteran Plate is available for disabled veterans whose service-connected disability otherwise qualifies them for disabled parking and is at least 60% service-connected as certified by the Veterans Administration. An applicant must complete the Application for Disabled Parking and submit the DV Plate letter issued by the Veterans Administration showing that the disability that qualifies the applicant for disabled parking is, at least, 60% service-connected. Applications should be submitted to the Medical Affairs Branch:

**Medical Affairs/ RMV**
**P.O. Box 55889**
**Boston, MA 02205**

15.  What benefits are associated with the Disabled Veteran (DV) Plate?

Individuals who apply and qualify for a DV Plate are eligible:



EXHIBIT

_I_

_10-26-16_

# EXHIBIT 2



## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

LYNN POLICE DEPARTMENT )
      Plaintiff )
      )
      )
v. )
      )
LYUDMILA S. MASLYAKOVA )
     Defendant )
      )

## NOTICE OF HEARING

All parties are hereby put on notice that the herewith filed Motion for Reconsideration has been scheduled to be heard in Lynn District Court, located at 580 Essex St., Lynn,, MA,

On: _____

Respectfully Submitted *Pro Se*,

Ilya Liviz, Esq
200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax
B.B.O. No.: 686409

Dated: 10/31/2016

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

LYNN DISTRICT COURT
DOCKET NO.: 1613MV000901
MA UNIFORM CITATION.:R7222546

LYNN POLICE DEPARTMENT    )
    Plaintiff    )
    )
v.    )
    )
LYUDMILA S. MASLYAKOVA    )
    Defendant    )
    )

## CERTIFICATE OF SERVICE

I, Ilya Liviz, hreby certify, under the penalties of perjury, that on 10/31/2016 I have made service of a copy of the following documents upon the plaintiff of record for each party listed hereunder. Documents

1. Entry of Appearance

2. Defendant's Motion for Reconsideration and Request for a Hearing Thereon

3. Affidavit in Support of Motion for Reconsideration from Husband

4. Affidavit in Support of Motion for Reconsideration from Witness

5. Exhibit 1 - Massachusetts's disabled place-card law

6. Exhibit 2- Permanent Disability Placard

7. Notice of Hearing

**Attn: Clerk of the Civil Citation Department**
Lynn Police Department
300 Washington St.
Lynn, MA 01902

Respectfully Submitted,

Ilya Liviz, Esq
200 Central St., No.1
Lowell, MA 01852
1-(978)-221-6385 Office
1-(978)-221-6386 Fax

| NAME OF CASE | COURT DIVISION Lynn District Court |
|---|---|

VS.

PLAINTIFF/COMMONWEALTH    DEFENDANT

580 Essex Street
Lynn, MA 01901

On behalf of the ☐ Plaintiff ☐ Commonwealth ☐ Defendant in this case, I respectfully request the Court:

☐ *Continuance:* to continue this case which is presently scheduled for _____
on _____ DATE _____ , until _____ DATE _____ , for the reasons given on the back of this form. EVENT

☐ *Remove default:* to order that the default, default order, or default judgment that was entered on _____ DATE
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ *Remove dismissal:* to order that the order for, or judgment of, dismissal that was entered on _____ DATE
be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ *Speedy trial:* to order that the complaints whose numbers are listed above be advanced for speedy trial, for the reasons given on the back of this form.

☐ *New trial:* to order that the court's judgment in this case dated _____ DATE be vacated and
a new trial ordered, for the reasons given on the back of this form.

☐ *Revise or revoke sentence:* to revise or revoke the sentence(s) imposed in this case on _____ DATE
for the reasons given on the back of this form.

☐ *Amend or extend an abuse prevention order:* to extend or amend the abuse prevention order under G.L. c. 209A dated
_____ DATE _____ in the manner and for the reasons given on the back of this form.

☐ *Withdraw from representation:* to be permitted to withdraw from further representation of the _____ PARTY
in this case for the reasons given on the back of this form. I have notified my client of this motion.

☒ *Other:* (Specify what you are asking the Court to do, and the reasons for your request, on the back of this form.)

I have today ☐ mailed ☐ delivered a copy of this motion to all other parties to this case.

Any statements of fact made in this motion are made under the penalties of perjury and
☐ of my own personal knowledge. ☐ based on information that I believe is true.

| DATE SIGNED 09/15/16 | SIGNED X _Mas_ |
|---|---|

| PRINT NAME Maslyakova | ADDRESS 130 Eastern Ave apt 324 | DAYTIME TELEPHONE NO. 781 820 0869 |
|---|---|---|

If motion is agreed to by other party, that party or attorney should sign here to indicate assent.

| DATE SIGNED | SIGNED X | DAYTIME TELEPHONE NO. |
|---|---|---|

**FOR CLERK-MAGISTRATE'S USE ONLY**

| This motion has been scheduled for hearing before the Court on this date and time. | DATE OF HEARING | TIME OF HEARING |
|---|---|---|

| DATE SIGNED 9-15-16 | CLERK-MAGISTRATE OR DESIGNEE Cheryl / Clerks Office |
|---|---|

**FOR JUDGE'S USE ONLY**

☐ After hearing ☐ Without a hearing this motion is ☒ Allowed. ☐ Denied.

| DATE 9-15-16 | JUSTICE October 5TH /B. | Add. 69 of 78 R.O. Int. (order) |
|---|---|---|

Russian Interp

✓ **Paid**          ✓ **Police Notified**

~~7/28/16~~          **Lynn**
~~9/16/16~~          **1613MV901**
~~10/5/16~~          **Off ID: 6793**
10/20/16

**Hearing Before a Justice**          OCt 20, 16
**Date:** ~~July 28, 2016~~
          ~~Sept 16, 2016~~  ~~Oct 5, 16~~
**Maslyakova,**     **Lyudmila**

## HANDICAP PARKING PLATE

Oct 20th
~~Oct 5 16~~     NFC

**Judge:** Canning

**Tape:** 932-444

**Findings:**  R

BP

MOTION TO THE COURT
AND AFFIDAVIT

16 MU 901

Trial Court of Massachusetts
District Court Department

| NAME OF CASE | | COURT DIVISION |
|---|---|---|
| Lynn Police PLAINTIFF/COMMONWEALTH | VS. Lyudmila Maslyakova DEFENDANT | Lynn District Court 580 Essex Street Lynn, MA 01901 |

On behalf of the ☐ Plaintiff ☒ Commonwealth ☐ Defendant in this case, I respectfully request the Court:

☒ *Continuance:* to continue this case which is presently scheduled for _____ EVENT
on _____ DATE , until _____ DATE , for the reasons given on the back of this form.

☐ *Remove default:* to order that the default, default order, or default judgment that was entered on _____ DATE be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ *Remove dismissal:* to order that the order for, or judgment of, dismissal that was entered on _____ DATE be set aside, and that this case be restored to the court's calendar, for the reasons given on the back of this form.

☐ *Speedy trial:* to order that the complaints whose numbers are listed above be advanced for speedy trial, for the reasons given on the back of this form.

☐ *New trial:* to order that the court's judgment in this case dated _____ DATE be vacated and a new trial ordered, for the reasons given on the back of this form.

☐ *Revise or revoke sentence:* to revise or revoke the sentence(s) imposed in this case on _____ DATE for the reasons given on the back of this form.

☐ *Amend or extend an abuse prevention order:* to extend or amend the abuse prevention order under G.L. c. 209A dated _____ DATE in the manner and for the reasons given on the back of this form.

☐ *Withdraw from representation:* to be permitted to withdraw from further representation of the _____ PARTY in this case for the reasons given on the back of this form. I have notified my client of this motion.

☐ *Other:* (Specify what you are asking the Court to do, and the reasons for your request, on the back of this form.)

I have today ☐ mailed ☐ delivered a copy of this motion to all other parties to this case.

Any statements of fact made in this motion are made under the penalties of perjury and
☐ of my own personal knowledge. ☐ based on information that I believe is true.

| DATE SIGNED 7/26/16 | SIGNED X |
|---|---|

| PRINT NAME | ADDRESS | DAYTIME TELEPHONE NO. |
|---|---|---|

If motion is agreed to by other party, that party or attorney should sign here to indicate assent.

| DATE SIGNED | SIGNED X | DAYTIME TELEPHONE NO. |
|---|---|---|

**FOR CLERK-MAGISTRATE'S USE ONLY**

| This motion has been scheduled for hearing before the Court on this date and time. ▷ ▷ | DATE OF HEARING | TIME OF HEARING |
|---|---|---|

| DATE SIGNED 7/26/16 | CLERK-MAGISTRATE OR DESIGNEE |
|---|---|

**FOR JUDGE'S USE ONLY**

☐ After hearing ☐ Without a hearing this motion is ☒ Allowed. ☐ Denied.

Add. 71 of 78

| DATE | JUSTICE Per Judge Conlon + Jane 7/26/16 |
|---|---|

| JUDGMENT BY MAGISTRATE FOR CIVIL MOTOR VEHICLE INFRACTION ORIGINAL | DOCKET NUMBER 1613MV000901 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| NAME AND ADDRESS OF ACCUSED VIOLATOR | COURT NAME & ADDRESS |
|---|---|
| Lyudmila S Maslyakova 130 Eastern Ave Apt 324 LYNN, MA 01902 | Lynn District Court 580 Essex Street Lynn, MA 01901 (781)598-5200 |

| DATE OF OFFENSE 04/18/2016 | CRASH (Y/N) No | DATE & TIME HEARING SCHEDULED Magistrate Hearing for CMVI |
|---|---|---|
| LICENSE NO. S23761865 | STATE MA | LOCATION OF OFFENSE Lynn | 06/07/2016          11:00 AM |
| REGISTRATION NO. 5SWL50 | STATE MA | CITING POLICE DEPARTMENT Lynn PD | MAGISTRATE CONDUCTING HEARING *Cole* |
| CITING OFFICER ID 6793 | CITING OFFICER NAME | |

"X" IF APPLICABLE

☐ VIOLATOR FAILED TO APPEAR

| SPEED       MPH IN A       MPH ZONE | NO. OF COUNTS 1 |

☐ VIOLATOR WAIVED HEARING

| VIOLATION CODE CITATION NO. | VIOLATION DESCRIPTION | ASSESSMENT AMOUNT | JUDGMENT DATE | JUDGMENT R | JUDGMENT NR | AMOUNT ORDERED |
|---|---|---|---|---|---|---|
| 90/2/B R7222546 | HANDICAP PARKING PLATE/PLACARD MISUSE * c90 §2 | 505.00 | 6-7-16 | | X | 505 |
| | | | | | | |
| | | | | | | |

*Russian Interp. for 7-28-16 9AM*

TOTAL DUE AFTER HEARING   505

### TO THE ACCUSED VIOLATOR NAMED

The judgment indicated above has bee[n] ... fraction(s) for which you were cited. An "R" judgment means that yo[u] ... d that infraction. An "NR" judgment means that you were found not re[sponsible]

If you have been found responsible for any ... nt Ordered" indicated above. You must send your check or money ... " amount indicated above (payable to MASSDOT) and mail it wit[h] ... enter, PO Box 55890, Boston, MA 02205-5890.

This form and your check must be received ... DAYS from the judgment date indicated above unless an altern[ate] ... ows in the box below. If you fail to pay the total amount due on time, ... pended until you pay the total amount due plus substantial late fees to the Re[gistry of M]otor Vehicles.

| ALTERNATE DUE DATE |
|---|

TAPE/CD NUMBERS:

## APPEAL

Denovo appeal to judge claimed by accused violator:   YES ☑   NO ☐

The accused violator has been notified that he or she must pay a non-refundable $50 denovo appeal fee, PAYABLE TO THE COURT TODAY, before a denovo hearing will be scheduled.

Denovo appeal hearing scheduled for (Date): *Thurs - July 28, 2016 - 9AM*

Add. 72 of 78

*Courtroom #1*

| JUDGMENT ON DENOVO APPEAL FOR CIVIL MOTOR VEHICLE INFRACTION COPY | DOCKET NUMBER 1613MV000901 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| NAME AND ADDRESS OF ACCUSED VIOLATOR | COURT NAME & ADDRESS |
|---|---|
| Lyudmila S Maslyakova<br>130 Eastern Ave<br>Apt 324<br>LYNN, MA 01902 | Lynn District Court<br>580 Essex Street<br>Lynn, MA 01901<br>(781)598-5200 |

| DATE OF OFFENSE 04/18/2016 | CRASH (Y/N) No | | DATE & TIME HEARING SCHEDULED |
|---|---|---|---|
| LICENSE NO. S23761865 | STATE MA | LOCATION OF OFFENSE Lynn | Judge Hearing for CMVI |
| REGISTRATION NO. 5SWL50 | STATE MA | CITING POLICE DEPARTMENT Lynn PD | 07/28/2016          09:00 AM |
| CITING OFFICER ID 6793 | CITING OFFICER NAME | | JUDGE CONDUCTING DENOVO APPEAL |
| SPEED          MPH IN A        MPH ZONE | | NO. OF COUNTS 1 | "X" IF APPLICABLE<br>☐ VIOLATOR FAILED TO APPEAR<br>☐ VIOLATOR WAIVED HEARING |

| VIOLATION CODE CITATION NO. | VIOLATION DESCRIPTION | ASSESSMENT AMOUNT | JUDGMENT DATE | JUDGMENT R | JUDGMENT NR | AMOUNT ORDERED |
|---|---|---|---|---|---|---|
| 90/2/B R7222546 | HANDICAP PARKING PLATE/PLACARD MISUSE * c90 §2 | 505.00 | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | TOTAL DUE ON CITATION: | 505.00 | TOTAL DUE AFTER HEARING | | | |

## TO THE ACCUSED VIOLATOR NAMED ABOVE:

The judgment indicated above has been entered on the denovo appeal from the magistrate's decision you requested concerning the civil motor vehicle infraction(s) for which you were cited. An "R" judgment means that your were found responsible for having commited that infraction. An "NR" judgment means that you were found not responsible for that infraction.

If you have been found responsible for any infraction, you are required to pay the "Amount Ordered" indicated above. You must send your check or money order for the "TOTAL DUE AFTER DENOVO APPEAL" amount indicated above (payable to MASSDOT) and mail it with a copy of this form to: Citation Processing Center, PO Box 55890, Boston, MA 02205-5890.

This form and your check must be received by the Registry of Motor Vehicles WITHIN 20 DAYS from the judgment date indicated above unless an alternate due date was ordered by the court and shows in the box below. If you fail to pay the total amount due on time, your driver's license will be suspended until you pay the total amount due plus substantial late fees to the Registry of Motor Vehicles.

TAPE/CD NUMBERS:

| ALTERNATE DUE DATE | |
|---|---|

Add. 73 of 78

| JUDGMENT ON DENOVO APPEAL FOR CIVIL MOTOR VEHICLE INFRACTION COPY | DOCKET NUMBER 1613MV000901 | Trial Court of Massachusetts District Court Department |
|---|---|---|

**NAME AND ADDRESS OF ACCUSED VIOLATOR**

Lyudmila S Maslyakova
130 Eastern Ave
Apt 324
LYNN, MA 01902

**COURT NAME & ADDRESS**

Lynn District Court
580 Essex Street
Lynn, MA 01901
(781)598-5200

| DATE OF OFFENSE 04/18/2016 | CRASH (Y/N) No | | DATE & TIME HEARING SCHEDULED Rescheduled Judge's Hearing |
|---|---|---|---|

| LICENSE NO. S23761865 | STATE MA | LOCATION OF OFFENSE Lynn | 10/20/2016          09:00 AM |
|---|---|---|---|

| REGISTRATION NO. 5SWL50 | STATE MA | CITING POLICE DEPARTMENT Lynn PD | JUDGE CONDUCTING DENOVO APPEAL  *915 am* |
|---|---|---|---|

| CITING OFFICER ID 6793 | CITING OFFICER NAME | "X" IF APPLICABLE |
|---|---|---|

☐ VIOLATOR FAILED TO APPEAR

| SPEED | MPH IN A      MPH ZONE | NO. OF COUNTS 1 |
|---|---|---|

☐ VIOLATOR WAIVED HEARING

| VIOLATION CODE CITATION NO. | VIOLATION DESCRIPTION | ASSESSMENT AMOUNT | JUDGMENT DATE | JUDGMENT R | NR | AMOUNT ORDERED |
|---|---|---|---|---|---|---|
| 90/2/B R7222546 | HANDICAP PARKING PLATE/PLACARD MISUSE * c90 §2 | 505.00 | 10/20/16 | X | | 505— |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | TOTAL DUE ON CITATION: | 505.00 | TOTAL DUE AFTER HEARING | | | 505— |

**TO THE ACCUSED VIOLATOR NAMED ABOVE:**

The judgment indicated above has been entered on the denovo appeal from the magistrate's decision you requested concerning the civil motor vehicle infraction(s) for which you were cited. An "R" judgment means that your were found responsible for having commited that infraction. An "NR" judgment means that you were found not responsible for that infraction.

If you have been found responsible for any infraction, you are required to pay the "Amount Ordered" indicated above. You must send your check or money order for the "TOTAL DUE AFTER DENOVO APPEAL" amount indicated above (payable to MASSDOT) and mail it with a copy of this form to: Citation Processing Center, PO Box 55890, Boston, MA 02205-5890.

This form and your check must be received by the Registry of Motor Vehicles WITHIN 20 DAYS from the judgment date indicated above unless an alternate due date was ordered by the court and shows in the box below. If you fail to pay the total amount due on time, your driver's license will be suspended until you pay the total amount due plus substantial late fees to the Registry of Motor Vehicles.

TAPE/CD NUMBERS:

| ALTERNATE DUE DATE | |
|---|---|

Add. 74 of 78

parking ordinances may be in effect, so obey all designated parking rules. For instance, if a sign says, "Residential Parking Only," then you must also have the proper residence parking authority. Massachusetts's law also allows vehicles with proper Disabled Parking authority to disregard most - but not all - public meter fees. Note, however, Massachusetts Port Authority does not exempt meters fees for Disabled Parking.

Do not park in a cross-hatch area (Zebra Stripe) adjacent to an HP space. This area is reserved for van ramp access.

In the U.S. and Canada: All U.S. States and Canada recognize the Massachusetts Disabled Placard as an authorized document for HP parking. However, New York City does not recognize Disabled Placards issued by any other authority other than the City of New York.

8. Who can use my Disabled Placard?

The placard is for the disabled person's benefit <u>only</u> and only for the times that person is a) in the vehicle or b) being dropped off or picked up. **Do Not** let anyone else use your disabled placard parking privileges. If you abuse your disabled placard, or if you allow someone else to do so, one or both of you may be fined $500 - $1,000, face a 30-day license suspension, AND lose the disabled parking privileges.

9. How can I get an HP sign in front of my house?

The Registry of Motor Vehicles does not designate HP parking spaces. You must inquire with your local City or Town office. Many cities have Disability Commissions which can assist you with this.

10. Will applying for Disabled Parking affect my driver's license status?

It may! The Registry of Motor Vehicles is committed to the safety of the public. There are a few conditions that automatically disqualify a person from holding a driver's license. They are: 1) Legal blindness; 2) Class IV heart disease as defined by the American Heart Association; and 3) Oxygen Saturation Rate of 88% or less at rest or with minimal exertion. For all other conditions, the Registry relies on the medical professional who completes your application to comment on your medical or physical ability to operate a motor vehicle safely. The medical professional may advise the RMV that you should take a Competency Road Test; if so our Medical Affairs Office will contact you.

11. What is the white plastic covering seen on the placard?

A white Security Sleeve is issued with each placard. The Security Sleeve is designed to fit over your picture on the placard if you wish to conceal your photo and/or your name. You are not required to use the sleeve. It is your choice. The sleeve is removable and you <u>must</u> remove it if requested to do so by law enforcement. To use the sleeve:

1. Place Placard between thumb and index finger;

2. Gently squeeze Placard so that the bottom end slightly curls;

3. Slip sleeve over the end of the Placard and wiggle it up to cover picture and name.

12. Can I have an HP plate and a Disabled Placard?

Yes. The Registry is phasing out the HP plate because it is considerably less convenient than the Disabled Placard for most individuals. However, if you have an HP plate and need disabled parking while your vehicle is not available (e.g., when you are using a rental car), then a Temporary Placard can be issued. Temporary is defined as 2 - 24 months. You will need to request the Temporary Placard from Medical Affairs in writing with the reason for the request. You may send a letter which includes your Name, Date of Birth and Current Address. Social Security Number is preferred but not required for the request. Or you may download and complete this form.

13. Is there an HP motorcycle plate available in Massachusetts?

Yes, you must apply as you would for the Disabled Placard. Simply check that you are requesting the HP Motorcycle plate on the application. If you have already been approved for Permanent Disabled parking, then you may request the plate in writing without further medical information. Please note: HP plates are only issued to persons with a permanent disability as certified by your medical professional.

14. How do I get a Disabled Veteran Plate?

The Disabled Veteran Plate is available for disabled veterans whose service-connected disability otherwise qualifies them for disabled parking and is at least 60% service-connected as certified by the Veterans Administration. An applicant must complete the Application for Disabled Parking and submit the DV Plate letter issued by the Veterans Administration showing that the disability that qualifies the applicant for disabled parking is, at least, 60% service-connected. Applications should be submitted to the Medical Affairs Branch:

**Medical Affairs/ RMV
P.O. Box 55889
Boston, MA 02205**

15. What benefits are associated with the Disabled Veteran (DV) Plate?

Individuals who apply and qualify for a DV Plate are eligible:





██████████ **M.D.**

████████ *Medical Associate*

██████**STREET**

██, **MA** █████

**PH:** ████████

**Fax:** 7██████

To whom it may concern,

My patient Mr.Maslyakov is 83 yo male has been follow in my office for multiple medical problems:



Mr. Maslyakov does not drive the car,  he has Disability  placard due to ambulation problem and inability to walk long distance. Usually his wife has been driving for Mr. Maslyakov.

On April 18, 2016 Mr. Maslyakov's wife (Lyudmila Maslyakova) was parked at designated disability parking space and waiting for her husband, who went to grocery shop. At this moment she  was fined by policeman.

There is no restriction for driver to wait disabled person in the car. She did not break any rules.

Would you like to help my patient to resolve this problem. They live on social security benefit program and would not be able to afford to pay  fine in the amount $755.00.

If you have any questions please call my office.

April 25,2016                                        Sincerely,

████████████████████

████████ **M.D.**



EXHIBIT





DC-MV-6 (2/88)

**COMMONWEALTH OF MASSACHUSETTS**
**SUPPLEMENTAL MOTOR VEHICLE ABSTRACT**

CITATION NUMBER (one number only)
R7222546

| VIOLATOR NAME (LAST, FIRST, INITIAL) | | DATE OF BIRTH | LICENSE NUMBER | STATE |
|---|---|---|---|---|
| Masiyakova Lyudmila | | | S23761865 | MA |

| STREET ADDRESS | | | REGISTRATION NUMBER | STATE |
|---|---|---|---|---|
| 130 Eastern Ave #324 | | | 5SWL50 | MA |

| CITY/TOWN | STATE | ZIP CODE | POLICE DEPARTMENT |
|---|---|---|---|
| Lynn | MA | 01902 | Lynn PD |

| DATE OF VIOLATION | LOCATION OF VIOLATION |
|---|---|
| 4-18-16 | |

| DOCKET NUMBER | OFFENSE | CHAPTER | SECTION | JUDGMENT | DATE OF JUDGMENT | COMMENT |
|---|---|---|---|---|---|---|
| 1613MV901 | Handicap Parking Plate/Platecard misuse | 90 | 2 | R | under Appeilate Review | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

INSTRUCTIONS TO COURT:
1. Use a separate form for each citation number.
2. To update previous abstract, fill in shaded areas only.
3. To use to report a conviction for which no citation was written, fill out as completely as possible.  **REGISTRY COPY**
4. Certify abstract with clerk-magistrate's facsimile.

COURT ID
13

CERTIFIED BY CLERK-MAGISTRATE AS A TRUE RECORD

Jane Brady Steyart