# EXHIBIT A

COMMISSION ON JUDICIAL CONDUCT ANNUAL REPORT (2017)
(Ex. A, p. 1 to 91.)

MASSACHUSETTS CODE OF JUDICIAL CONDUCT
S.J.C. Rule 3:09, Cannons 1 - 4, as amended (Jan. 1, 2016).
By ORDER of the Supreme Judicial Court of the Commonwealth of Massachusetts,
https://www.mass.gov/files/documents/2016/10/pq/sjc-rule-309-amended-jan-2016.pdf
(Ex. A, p. 42 to 82.)

# THE COMMONWEALTH OF MASSACHUSETTS



# Commission on Judicial Conduct
# Annual Report
# 2017

**11 Beacon Street, Suite 525**
**Boston, Massachusetts 02108**

**Phone:  (617) 725-8050**
**Fax:  (617) 248-9938**
**www.mass.gov/cjc**

THE MASSACHUSETTS COMMISSION ON JUDICIAL CONDUCT

## **INTRODUCTION**

The legislature created the Massachusetts Commission on Judicial Conduct (Commission) in 1978 and entrusted it with the important mission of enforcing standards of judicial conduct for Massachusetts state judges, promoting public confidence in the judiciary, and preserving the integrity of the judicial process.

The membership of the Commission consists of nine people, each appointed for an unpaid six-year term: three judges appointed by the Supreme Judicial Court, three lawyers appointed by the Chief Justice of the Trial Court, and three non-lawyers appointed by the Governor. The Commission is the designated forum in Massachusetts for all complaints alleging misconduct by a judge or alleging mental or physical disability affecting a judge's performance.

Anyone may file a complaint with the Commission: a party in a case, a lawyer, another judge, or an interested citizen who believes a judge has committed misconduct or has a disability affecting his or her ability to serve as a judge. The Commission continually works to take appropriate steps to make itself accessible to the public. Complaints may, of course, be submitted to the Commission's office by regular mail or in-hand delivery. Those wishing to file a complaint may also submit a complaint by facsimile. Beginning in July of 2015, the Commission also began accepting complaints submitted directly through its website at www.mass.gov/cjc.

What constitutes misconduct by a judge is largely defined by the Massachusetts Code of Judicial Conduct, also known as "Supreme Judicial Court Rule 3:09." Judicial misconduct under this Code can include (but is not limited to) a judge creating an appearance of bias, treating a party discourteously, failing to give all interested parties a full opportunity to make their arguments, or failing to make a decision in a prompt, efficient, and fair manner.

Under the rules that govern its operation, the Commission must conduct an inquiry into or investigate any complaint that alleges specific facts that, if true, would constitute misconduct. This investigation or inquiry is conducted by the Commission's staff, which includes four full-time lawyers – the Executive Director and three staff attorneys. Each lawyer employed by the Commission has extensive experience, not just as a lawyer, but as a practitioner in the courts of the Commonwealth. Each attorney employed by the Commission brings his or her considerable experience to bear in the course of investigating or conducting an inquiry into a complaint and then reports the results to the nine individuals who make up the Commission.

If the membership of the Commission concludes that the complaint lacks merit – that there is no evidence of misconduct – then the matter will be dismissed. In that event, both the complainant and the judge receive notice of the dismissal, and under most circumstances, the complaint will remain confidential. If, however, the Commission finds that the complaint has merit, it may reach an agreement for discipline with the judge, which may be public or confidential; the Commission and the judge may reach an agreement to make a confidential direct submission to the Supreme Judicial Court, which may result in either public or confidential discipline; or the complaint may proceed to formal charges, which are nearly always public.

The Commission is not a forum for a complaint that a judge's decision in a particular case was incorrect. Judges are rightly entrusted with broad discretion to interpret the law and/or decide what evidence before them should be credited and taken as true. Many complaints are filed with the

Commission by parties who are disappointed with how their cases came out and believe the judge was not "fair" or that his or her decision was wrong.  Hardly a judge in Massachusetts escapes such claims over the course of his or her career on the bench, and the Commission's examination of complaints regarding a judge's decision is limited to allegations that a judge clearly violated the Code, or made a legal decision in "bad faith" or based on a corrupt motive.   If a party alleges that a judge has misinterpreted the law or evidence, the proper forum for a remedy includes the appellate court but does not include the Commission.

One understandable frustration sometimes expressed about the Commission is that the bulk of the Commission's work and decision-making is behind closed doors and is never made known to the public.  Some would have everything "out in the open," but for very good reasons, the law does not go that far.  The Commission operates within a statute and rules that tightly define when a complaint or information about a complaint can be communicated to the public.  Although its statute and rules do grant the Commission some limited authority to make information about a complaint public, the experienced membership of the Commission must carefully weigh whether, given the facts and circumstances of a particular complaint, public disclosure would serve or undermine the Commission's mission to preserve the integrity of the judicial process and promote public confidence in the judiciary.

Confidentiality can often serve the Commission's mission because it encourages complainants and witnesses to express their concerns or what they know about a complaint without fear of reprisal or retribution.  Confidentiality also protects a judge's reputation and the integrity of the judicial process from unsubstantiated allegations.  Complaints, appropriately, only become public when the judge has agreed to a public disclosure, when the complaint has been submitted to the Supreme Judicial Court for disposition, or when the Commission files formal charges against a judge with the Supreme Judicial Court – circumstances that apply only when the investigative process has been completed and the judge has been given an opportunity to respond.  In other words, once there is an actual, substantiated complaint, and not just mere allegations, the pendulum swings in the direction of the public's right to know.

I would like to thank members of the judiciary, court staff, the legal community, and members of the public for their assistance in helping the Commission to fulfill its important function.  I must also extend my particular gratitude to the Commission's staff and to the membership of the Commission, who work tirelessly throughout the year to ensure public confidence in the judiciary and in the judicial system.

If any member of the public, the bar, or the judiciary has questions about the work of the Commission or the contents of this report, he or she is welcome to contact this office.

Sincerely,

Howard V. Neff, III
Executive Director



**TABLE OF CONTENTS**

I.  THE MASSACHUSETTS COMMISSION ON JUDICIAL CONDUCT . . . . . . . 1
    1.  The Commission's Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . 1
    2.  The Complaint Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    3.  Confidentiality . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.  SUMMARY OF COMMISSION ACTIVITY . . . . . . . . . . . . . . . . . 4

III.  CASE SUMMARIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV.  GENERAL INFORMATION ABOUT THE COMMISSION . . . . . . . . . . . 14
    1.  Membership . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    2.  Budget . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
    3.  Staff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    4.  Meetings . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

V.  APPENDICES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    A.  Massachusetts General Laws Chapter 211C . . . . . . . . . . . . 16
    B.  Rules of the Commission on Judicial Conduct . . . . . . . . . 24
    C.  Code of Judicial Conduct (effective January 1, 2016) . . . 35
    D.  Flow Chart of Commission Procedures . . . . . . . . . . . . 77
    E.  Complaint Form . . . . . . . . . . . . . . . . . . . . . . . . 81

## I. THE MASSACHUSETTS COMMISSION ON JUDICIAL CONDUCT

The Massachusetts Commission on Judicial Conduct (Commission) was established in 1978 with the enactment of the Court Reorganization Act. Before April 1, 1988, Commission activity was governed by the provisions of Massachusetts General Laws Chapter 211C, as inserted by St. 1978, Chapter 478, sec. 114. In 1987, Chapter 211C was substantially amended, effective April 1, 1988. See St. 1987, Chapter 656. Since 1988, the Commission has been operating under the amended version of Chapter 211C and new procedural rules. Chapter 211C was later amended by St. 2011, Chapter 93, effective July 1, 2012 (see Appendix A). Commission Rules 1 and 6 were amended, effective October 1, 1999; and Commission Rules 1, 6, and 7 were revised and Rule 13 was added, effective July 1, 2007. Rules 1 and 6 were again amended, effective March 1, 2015 (see Appendix B).

The current Code of Judicial Conduct (Supreme Judicial Court Rule 3:09) became effective on January 1, 2016 (Appendix C).

This annual report covers the Commission's activities from January 1, 2017 through December 31, 2017.

## 1. THE COMMISSION'S JURISDICTION

The Commission is authorized to accept complaints only against Massachusetts state court judges. The Commission's jurisdiction includes the conduct of all judges, including any retired judge who is assigned to perform the duties of a judge for a temporary period, all conduct that occurred prior to a judge's assuming judicial office, and conduct of a lawyer who is no longer a judge that occurred while he or she held judicial office.

The Code of Judicial Conduct, promulgated by the Supreme Judicial Court (Rule 3:09; see Appendix C), sets forth canons and rules which govern a judge's behavior. The Commission's grounds for discipline include violations of these rules, as well as the following:

(1)     conviction of a felony;

(2)     willful misconduct in office;

(3)     willful misconduct which, although not related to judicial duties, brings the judicial office into disrepute;

(4)     conduct prejudicial to the administration of justice or conduct unbecoming a judicial officer, whether conduct in office or outside of judicial duties, that brings the judicial office into disrepute; or

(5)     any conduct that constitutes a violation of the codes of judicial conduct or professional responsibility.

The Commission may not investigate allegations of misconduct that occurred more than one year prior to the date the complaint is received unless the Commission finds "good cause" to investigate the allegations, or unless there is an alleged pattern of recurring judicial misconduct, the last episode of which arose during the one-year period.

The Commission does not have the power to determine whether a judge made the correct decision; that is for appellate courts. The Commission does not have the power to change the decisions of any court or to intervene in any case. The filing of a complaint with the Commission does not automatically require the disqualification of the judge from a pending case.

## 2. THE COMPLAINT PROCESS

### a. Initiation of Proceedings

A complaint may be filed by any person. In order to make sure a complaint contains all the information necessary for screening, the Commission provides a complaint form (see Appendix E). However, a letter to the Commission which contains all the necessary information may suffice. If there is a reason preventing the complainant from filing in writing, a complaint may be filed orally. Any complaint may be filed anonymously. The Commission may initiate its

COMPLAINT PROCESS

own complaint when it receives reasonable information about judicial misconduct.

### b. Screening

When the Commission receives a complaint, the staff screens it to determine whether the complaint falls within the Commission's jurisdiction. In order for a complaint to be docketed, it must allege specific facts which, if true, would constitute judicial misconduct or disability. If the complaint does not allege judicial misconduct or disability, it is not accepted. If it does, it is docketed and assigned a complaint number.

### c. Frivolous or Unfounded Complaints

If, upon screening, the Executive Director considers a complaint to be "frivolous or unfounded" under Commission Rule 6D, the complaint goes to the Commission for consideration of whether it should be summarily dismissed.

### d. Stale Complaints

If, upon screening, the Executive Director finds that a complaint alleges judicial misconduct that occurred more than one year prior to the filing of the complaint, the complaint goes to the Commission for consideration of whether there is good cause to investigate it. "Good cause" considerations include how serious and how old the allegations are, why the complaint was not filed sooner, and whether evidence and witnesses' memories of the events are likely to still exist. After a finding of no good cause, a complaint is dismissed, and the judge and complainant are so notified. After a finding of good cause, a complaint is investigated.

### e. Anonymous Complaints

Before an anonymous complaint can be investigated, it must first go to the Commission to determine whether the seriousness or the notoriety of the misconduct alleged outweighs the potential prejudicial effect of investigating the complaint. The complaint is thereafter dismissed or investigated, depending upon the vote of the majority of the Commission.

### f. Notice to the Judge

In most cases, the judge is immediately notified of the complaint and invited to respond if he or she wishes. If the complaint is considered right away by the Commission for summary dismissal and the Commission votes to dismiss the complaint, notice of the complaint will be given to the judge at the same time the judge receives a letter notifying him or her of the dismissal.

If the Executive Director determines upon screening a complaint that notifying the judge would create a substantial risk of evidence being lost or destroyed, or a substantial danger of retaliation by the judge against the complainant or any other person mentioned in the complaint, the complaint goes to the Commission for initial consideration of whether there exists such a risk or danger. Unless the Commission finds that there is such a risk or danger, the judge receives full notice of the complaint before the investigation is begun. If the Commission does find that there is such a risk or danger, the Commission can withhold notice of the complaint in whole or in part. The complaint is then investigated. Notice is withheld only until such risk or danger ends. The judge then receives full notice of the complaint.

### g. Investigation

The staff member assigned the complaint conducts a prompt, confidential investigation, which may include listening to the audio record of court proceedings, reviewing transcripts, interviewing witnesses, reviewing documents, and conducting legal research. At the conclusion of the investigation, the Commission reviews the report of the investigation, the judge's response, if any, and any other relevant materials. The Commission then votes whether to dismiss the matter, or to proceed to a Sworn Complaint or Statement of Allegations. At any stage of the proceedings, the Commission may vote to

2

dismiss the complaint or to propose to the judge that the complaint be disposed of by Informal Adjustment, Private Reprimand, or Rule 13 referral to the Supreme Judicial Court.

### h. Dismissal with an Expression of Concern

If the Commission finds, after investigation of a complaint, that the facts do not rise to the level of judicial misconduct but are cause for concern for the future, the Commission may dismiss a complaint while expressing to the judge its specific concern.

### i. Agreed Disposition/Informal Adjustment

An Agreed Disposition may take the form of an Informal Adjustment in which the Commission informs or admonishes the judge that certain conduct is or may be cause for discipline. This form of disposition requires agreement by the judge to the terms of the Informal Adjustment. In most cases, this type of disposition has a valuable, favorable effect on a judge's conduct.

The terms of such a disposition usually include a period of monitoring by the Commission and conditions imposed on the judge that are designed to prevent a repetition of the misconduct. The conditions may include counseling, education, assignment of a mentor judge, monitoring by the Commission for a specified period of time, voluntary retirement, or other appropriate conditions.

### j. Agreed Disposition/Private Reprimand

Another form of Agreed Disposition is a Private Reprimand to a judge. A Private Reprimand is considered to be a more severe discipline than the Information or Admonition mentioned in the preceding section. However, this type of disposition also requires the consent of the judge and usually includes a period of monitoring by the Commission and conditions imposed on the judge that are designed to prevent a repetition of the misconduct.

### k. Sworn Complaint or Statement of Allegations

After considering the investigation of a complaint, if the Commission votes to proceed to the next level of charging, either the complainant signs a Sworn Complaint or the Commission staff prepares a Statement of Allegations. The Sworn Complaint or Statement of Allegations is sent to the judge. The judge then has twenty-one days in which to respond in writing and to request an appearance before the Commission. The judge may be accompanied by counsel. After the twenty-one days allowed for a judge's response to the Sworn Complaint or Statement of Allegations, and after the judge's appearance, if any, the Commission can vote to dispose of the matter by dismissing the complaint, by issuing Formal Charges, or by proposing to the judge that the complaint be disposed of in one of the following three ways: (1) Informal Adjustment; (2) Private Reprimand; or (3) direct submission to the Supreme Judicial Court under Commission Rule 13.

### l. Formal Charges

When Formal Charges are issued, they are sent to the judge, who has ten days to respond. After reviewing the judge's response, if the Commission decides to continue with the formal proceedings, it files the Formal Charges and the judge's response with the Supreme Judicial Court and both documents become public.

### m. Hearing

When Formal Charges are filed with the Supreme Judicial Court, the Commission requests that the Supreme Judicial Court appoint a Hearing Officer. The Commission then schedules a hearing, which is open to the public. The rules of evidence applicable to civil proceedings in Massachusetts apply at the hearing. The Commission has the burden of proving the charges by clear and convincing evidence. Within thirty days after the conclusion of the hearing, the Hearing Officer submits a report to the Commission containing proposed findings and recommendations.

### n. Commission Recommendations

Within ninety days of receiving the Hearing Officer's report, the Commission must submit its own report and recommendations to the Supreme Judicial Court. Before the Commission does so, the judge and the complainant have the right to be heard regarding the Commission's recommendation for discipline. That hearing is open to the public; however, the Commission deliberations which follow are closed. The Commission's conclusions and recommendations may differ from those of the Hearing Officer.

### o. Disposition

The Supreme Judicial Court may adopt the Commission's recommendations concerning discipline or impose greater or lesser discipline. The Commission's authority to dispose of a complaint is limited to dismissal or Agreed Disposition. The Commission does not have the power to impose disciplinary sanctions without the consent of the judge; only the Supreme Judicial Court has that power. The Commission may recommend that the Supreme Judicial Court impose a greater variety of sanctions upon a judge than is available to the Commission, including public censure. Neither the Commission nor the Supreme Judicial Court has the power to remove a judge from the bench. (The Legislature must act in order to remove a judge for misconduct. The Governor and Governor's Council may retire a judge for mental or physical disability, before the mandatory retirement age of seventy.) The complainant and the judge are notified of the final disposition of a complaint.

### p. Direct Submission to the Supreme Judicial Court

If the Commission finds that a judge has committed judicial misconduct and an Informal Adjustment/Agreed Disposition has not been reached, but the judge does not wish to proceed to a public hearing, the Commission and the judge may agree to submit the matter directly and confidentially to the Supreme Judicial Court pursuant to Rule 13. Under Rule 13A, the Commission and the judge agree upon the facts, but not upon the discipline to be recommended, and the Supreme Judicial Court's decision is final. Under Rule 13B, the Commission and the judge agree upon the recommendation for discipline but not upon the facts. If the Supreme Judicial Court does not adopt the agreed recommendation, the matter returns to the Commission for further proceedings.

### q. Physical or Mental Disabilities

In dealing with complaints that allege physical or mental disabilities that affect a judge's performance, the Commission follows the same procedures described above for proceedings on complaints alleging judicial misconduct.

### 3. CONFIDENTIALITY

The statute and the rules that govern the Commission on Judicial Conduct require that the complaint and all Commission proceedings remain confidential, unless and until the Commission files Formal Charges with the Supreme Judicial Court. (There are certain limited exceptions to this requirement.) This strict confidentiality includes all communications made to and by the Commission or its staff; it protects complainants, witnesses, and judges.

## II. SUMMARY OF COMMISSION ACTIVITY IN 2017

Fifty-eight of the 382 complaints received in 2017 fell within the Commission's jurisdiction and were docketed. The Commission received 149 complaints through its online complaint form. Of those complaints docketed, twenty-two (37.9%) were filed against judges of the Probate Court; twenty-three (39.7%) were filed against judges of the District Court; four (6.9%) were filed against judges of the Superior Court; three (5.2%) were filed against judges of the Housing Court; three (5.2%) were filed against judges of the Juvenile Court; and an additional three (5.2%) were filed against judges of the Municipal Court. There were no docketed complaints

against the justices of the Supreme Judicial Court, the Appeals Court, or the Land Court. Charts 3A and 3B present the distribution of complaints by court.

Litigants filed 79.3% of the complaints docketed in 2017. Of the litigants who filed complaints, 73.9% were self-represented. Lawyers filed 1.7% of complaints. Relatives of litigants filed 5.2% of the complaints. Another 3.4% of complaints were filed with the Commission anonymously. The Commission also received one complaint (1.7%) from a concerned citizen and three complaints (5.2%) from an employee of the Judiciary. Chart 5 presents the distribution of complaints by source.

Most of the complaints docketed in 2017 contained multiple allegations. The subject matter of the allegations is presented in Chart 6. The most frequent allegation was inappropriate demeanor, appearing in 55.2% of the complaints. Denial of a full opportunity to be heard was the second most frequent allegation, appearing in 46.5% of complaints. Bias or prejudice was alleged in 44.8% of complaints. Of those complaints alleging bias, 7.7% alleged bias against criminal defendants. Bias against a particular gender appeared in 23.1% of bias complaints. Bias against self-represented litigants appeared in 15.4% of bias complaints. Socioeconomic bias was alleged in 3.8% of complaints alleging bias. Unspecified bias was alleged in the remaining 50.0% of bias complaints. Denial of constitutional rights appeared in 20.7% of complaints. Abuse of authority was alleged in 8.6% of the complaints docketed in 2017.

Chart 1 presents the status of the Commission's 2017 docket. The Commission disposed of fifty-five complaints in 2017, including some that were carried over from the previous year. Seventeen complaints were pending at the end of 2017, including two Informal Adjustments, four preliminary inquiries, and eleven investigations.

As shown in Chart 2A, the Commission dismissed fifty-three complaints outright, or

96.4% of the complaints disposed of by the Commission during 2017. Of those complaints dismissed outright, thirteen were dismissed after preliminary review and forty were dismissed after investigation because the Commission did not find that any judicial misconduct had occurred. The Commission actively monitored four Agreed Dispositions in 2017. Three of those Agreed Dispositions became effective in 2017. As of the end of 2017, two of the four Agreed Dispositions had been successfully closed.

## CHART 1
### Status of Commission Docket
### 2017

| | | |
|---|---|---|
| Complaints Pending January 1, 2017 | | 14 |
| Hearings in Progress | 0 | |
| Investigations in Progress | 9 | |
| Preliminary Inquiries in Progress | 4 | |
| Informal Adjustments in Progress | 1 | |
| Complaints Docketed in 2017 | | 58 |
| Complaints Disposed of in 2017 | | 55 |
| Complaints Pending as of December 31, 2017 | | 17 |
| Hearings in Progress | 0 | |
| Investigations in Progress | 11 | |
| Preliminary Inquiries in Progress | 4 | |
| Informal Adjustments in Progress | 2 | |
| Rule 13 SJC Orders in Progress | 0 | |

**CHART 2A**
**Commission Action on Complaints**
**2017**

| | |
|---|---|
| Complaints Before the Commission in 2017 | 72 |
|     Complaints Pending from Previous Year | 14 |
|     Complaints Docketed in 2017 | 58 |
| Complaints Under Investigation in 2017 | 54 |
| Complaints Informally Resolved/Actively Monitored | 4 |
| Complaints Disposed of in 2017 | 55 |
|     Dismissed after Preliminary Review | 13 |
|     Dismissed after Investigation | 40 |
|     Dismissed with Concern (after investigation) | 0 |
|     Disposed of by the Supreme Judicial Court | 0 |
|     Informally Resolved/Closed with Reprimand | 0 |
|     Informally Resolved/Closed Other | 2 |

**CHART 2B**
**Commission Action on Complaints**
**2017**



### CHART 3A
### Complaints by Court
### 2017

N= 58

| | |
|---|---|
| Supreme Judicial Court (7)* | 0 |
| Appeals Court (25) | 0 |
| Superior Court (82) | 4 |
| Land Court (7) | 0 |
| Probate & Family Court (51) | 22 |
| Housing Court (10) | 3 |
| District Court (158) | 23 |
| Boston Municipal Court (30) | 3 |
| Juvenile Court (41) | 3 |

*the number of judges authorized by statute for each court

### CHART 3B
### Complaints by Court
### 2017



**CHART 4**
**Type(s) of Case Involved**
**2017**                                          N= 58*

| | | |
|---|---|---|
| Divorce, Custody, Support | | 18 |
| Civil | | 23 |
| • Abuse Prevention | 12 | |
| Criminal | | 9 |
| Estate or Other Probate Matter | | 1 |
| • Guardianship | 1 | |
| Off Bench Conduct | | 2 |
| Juvenile | | 3 |
| Small Claims | | 3 |

* Some complaints involve more than one case.

**CHART 5**
**Type(s) of Complainant**
**2017**                                          N= 58*

| | | |
|---|---|---|
| Litigant | | 46 |
| Self-Represented | 32 | |
| Lawyer | | 1 |
| Litigant's Relative | | 3 |
| Concerned Citizen | | 1 |
| Commission on Judicial Conduct | | 0 |
| Witness, Victim, Victim's Relative | | 2 |
| Anonymous | | 2 |
| Judicial Employee | | 3 |
| Other | | 0 |

* Some complaints have more than one complainant.

# CHART 6
## Subject Matter of Complaints*
## 2017

| | | |
|---|---|---|
| Bias, Prejudice † | | 26 |
|     Gender | 6 | |
|         Against Men | 4 | |
|         Against Women | 2 | |
|     Against Self-Represented Litigants | 4 | |
|     Racial | 0 | |
|     Against Criminal Defendants | 2 | |
|     Against Disabled or Elderly | 0 | |
|     Socioeconomic | 1 | |
|     Other Bias | 13 | |
| | | |
| Disagreement with Decisions and Rulings | | 24 |
| Inappropriate Demeanor | | 32 |
| Denial of Full Opportunity to be Heard | | 27 |
| Denial of Constitutional Rights | | 12 |
| Abuse of Authority | | 5 |
| Failure to Follow the Law, Incompetence | | 3 |
| Administrative Problems | | 2 |
|     Delay | 2 | |
| Retaliation | | 0 |
| Corruption | | 0 |
| Conspiracy, Collusion | | 1 |
| Fraud, Deception, Dishonesty, Lack of Integrity | | 0 |
| Conflict of Interest | | 6 |
| Improper *Ex Parte* Communication | | 3 |
| Failure to Maintain Order | | 2 |
| Bringing the Judiciary into Disrepute | | 2 |
| Giving Legal Advice/Acting as an Advocate | | 0 |
| Mental Disability | | 0 |

*Many complaints contain more than one allegation.
†A single complaint may allege more than one type of bias.

## CHART 7
### Summary of Commission Activity, 2013 - 2017

| | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|
| Complaints Pending from Previous Year | 77 | 35 | 23 | 13 | 14 |
| New Complaints Docketed | 55 | 56 | 55 | 62 | 58 |
| Complaints Under Investigation | 82 | 70 | 61 | 50 | 53 |
| Complaints Dismissed | 92 | 61 | 60 | 59 | 53 |
| Complaints Informally Resolved (in any Year) and Closed this Year | 3 | 7 | 3 | 2 | 2 |
| Complaints Informally Resolved (in any Year) and Still Pending at the End of this Year | 3 | 2 | 2 | 1 | 2 |
| Complaints Informally Resolved this Year (Closed this Year or not) | 3 | 5 | 1 | 1 | 2 |
| Public Hearings Begun this Year | 0 | 0 | 0 | 0 | 0 |
| Reports Filed with the Supreme Judicial Court | 0 | 0 | 0 | 0 | 0 |

## III. CASE SUMMARIES

The following case summaries represent examples of complaints on which the Commission took action during 2017. Only masculine pronouns will be used, in order not to identify any of the participants.

### A. Dismissed without Investigation (after Preliminary Inquiry)

#### (1) Stale

A self-represented litigant in a restraining order matter alleged that a judge of the District Court Department engaged in improper ex parte communication with the litigant's opposing party and denied the litigant a full opportunity to be heard. The litigant referenced a hearing before the judge that occurred approximately thirty-two months before he filed his complaint with the Commission. The preliminary inquiry consisted of reviewing the materials submitted to the Commission by the litigant, reviewing the relevant docket sheet, and asking the litigant for any additional evidence to support his allegations. The preliminary inquiry yielded no credible evidence to support the litigant's allegations. Accordingly, the Commission voted there was not good cause to investigate this stale complaint and to dismiss it.

#### (2) Frivolous or Unfounded

A friend of a litigant in a summary process matter alleged that a judge of the Municipal Court Department created an appearance of bias and prejudgment by preventing the litigant from presenting evidence and by telling the litigant that he would rule against the litigant no matter what evidence was presented. The preliminary inquiry consisted of reviewing the materials submitted to the Commission by the friend, interviewing the friend, and reviewing the docket sheet for the summary process matter at issue. The preliminary inquiry yielded evidence that the judge conducted the hearing fairly and impartially. Accordingly, the Commission voted to dismiss the complaint as frivolous or unfounded.

#### (3) Anonymous

An anonymous complainant alleged that a judge of the Probate and Family Court Department had engaged in a pattern of treating lawyers and other parties appearing before him discourteously. The preliminary inquiry consisted of a review of the complaint filed with the Commission. At the conclusion of the preliminary inquiry, the Commission voted that the seriousness or notoriety of the misconduct alleged in the complaint outweighed the potential prejudicial effect of an investigation into its merits and to investigate it. The investigation included a review of audio records from the judge's courtroom and revealed no evidence of discourtesy. Accordingly, the Commission voted to dismiss the complaint.

### B. Dismissed after Investigation

A self-represented defendant/tenant in a summary process matter alleged that a judge of the Housing Court Department treated him discourteously, failed to grant him a full opportunity to be heard, failed to maintain proper courtroom decorum, and created an appearance of prejudgment during a trial on the complaint for eviction. The investigation included reviewing the materials submitted to the Commission by the defendant/tenant, asking the defendant/tenant for any additional evidence to

support his allegations, listening to the audio record of the trial at issue, and reviewing court documents from the matter at issue.  The investigation revealed that, throughout the trial, the judge treated the defendant/tenant politely and professionally, maintained proper courtroom decorum, and never created an appearance of prejudgment.  Accordingly, the Commission voted to dismiss the complaint.

A self-represented plaintiff in a civil matter alleged that a judge of the District Court Department treated him discourteously, created an appearance of bias against him because of his disability and/or because he was self-represented, and denied him due process during a pretrial conference.  The investigation included reviewing the materials submitted to the Commission by the plaintiff, reviewing the audio record of the hearing at issue, and interviewing a witness.  The investigation revealed that the judge treated the plaintiff patiently and courteously throughout the hearing, granted him full due process, and did not do or say anything that would cause a reasonable person to believe that the judge was biased against the plaintiff because he was self-represented or because of his disability.  Accordingly, the Commission voted to dismiss the complaint.

### C.  Informal Adjustments/Agreed Dispositions

The Commission on Judicial Conduct reprimanded a judge for treating parties appearing before the judge in two separate matters discourteously, in violation of Rule 2.8(B) of the Code of Judicial Conduct.  The judge also agreed to retire voluntarily after unsuccessfully struggling to overcome health difficulties.

The Commission on Judicial Conduct admonished a judge for treating a party who appeared before the judge discourteously and for otherwise behaving in a manner that was unbecoming a judicial officer and that brought the judicial office into disrepute, in violation of M.G.L. c. 211C, sec. 2(5).Through this conduct, the judge failed to be patient, dignified, and courteous to a person appearing before the judge, in violation of Canon 3B(4) of the Code of Judicial Conduct then in effect.  The judge agreed to be monitored by the Commission and to meet with a mentor judge for a period of one year from the effective date of the Agreed Disposition.

## IV. GENERAL INFORMATION ABOUT THE COMMISSION

### 1.  MEMBERSHIP

The Commission is composed of nine members who serve without pay.  Three lay persons are appointed by the Governor, three lawyers are appointed by the Chief Justice of the Trial Court, and three judges are appointed by the Justices of the Supreme Judicial Court.  The Commission annually elects one of its members to serve as Chair and one to serve as Vice Chair.  Commission members are appointed to six-year terms and cannot serve consecutive terms, except when appointed to fill a vacancy for the remainder of an unexpired term.

The Commission members who were appointed to serve during the period covered by this report are, as follows:

John J. Carroll, Jr., Esq., Chair (Member since November 1, 2012)

Hon. Robert N. Tochka, Vice Chair (Member since February 7, 2014)

Hon. Julie J. Bernard (Member since October 31, 2014)

Hon. John D. Casey (Member since December 1, 2014)

Kathleen M. O'Donnell, Esq. (Member since December 10, 2014)

Edward P. Ryan, Esq. (Member since November 1, 2016)

Quinton B. Dale (Member since June 6, 2012)

Felicia P. Wiltz, Ph.D. (Member since October 28, 2014)

Jacqueline A. O'Neill (Member since October 31, 2014)

Alternate members are appointed in each category, by the same appointing authorities, to serve at the call of the Chair in place of Commission members who are disqualified from or unable to participate in a Commission proceeding.  Those appointed to serve during 2017 were, as follows:

Anthony M. Salerno, Esq. (since February 28, 2014)

John G. Dugan, Esq. (since March 9, 2015)

Hon. Sally Kelly (since March 1, 2016)

### 2. BUDGET

The Commission is an independent office within the Judicial Branch, funded through a line-item in the budget of the Supreme Judicial Court.  The Commission received an appropriation of $760,970 for fiscal year 2017.

**3. STAFF**

| | |
|---|---|
| Executive Director: | Howard V. Neff, III, Esq. |
| Staff Attorneys: | Audrey E. Cosgrove, Esq. |
| | Stephanie W. Perret, Esq. |
| | Bryan F. Duggan, Esq. |
| Executive Assistant: | Anthony M. Santoro, Esq. |
| Administrative Secretary: | Darlene Graves |

**4.  MEETINGS**

The Commission generally meets monthly on the second Tuesday of the month and holds special meetings as needed.  The Commission met eleven times in 2017.

MASSACHUSETTS GENERAL LAWS

## V. APPENDICES

## APPENDIX A

### Massachusetts General Laws Chapter 211C,
### as amended by St. 1987, c. 656 and St. 2011, c. 93, sec. 62[1].

### SECTION 1. Establishment; membership; expenses; term; chairman

There shall be a commission on judicial conduct consisting of nine members. Three judges shall be appointed by the justices of the supreme judicial court, none of whom shall be justices of said court and no two of whom shall be from the same department of the trial court. Three members of the bar shall be appointed by the chief justice of the trial court, none of whom shall be judges. Three members shall be appointed by the governor, none of whom shall be members of the bar. The members of the commission shall serve without compensation, but shall be reimbursed for all expenses reasonably incurred by them in the performance of their duties. Members of the commission shall serve for six year terms. Commission membership shall terminate if a member ceases to be qualified for the appointment. A vacancy shall be filled by the appointing authority for the remainder of the term. Upon the expiration of the term of office of a member, his successor shall be appointed in the manner aforesaid. No person shall succeed himself as a member of the commission except when his membership is due to an appointment to fill a vacancy for the remainder of an unexpired term. One or more alternate members, as necessary, shall be selected in the manner prescribed for initial appointments in each representative class, and shall serve at the call of the chairman to take the place of those who are disqualified from participating in a commission proceeding pursuant to commission rules.

### SECTION 2. Investigations; hearings; recommendations

(1) All judges of the trial court, the appeals court and the supreme judicial court shall be subject to discipline pursuant to this chapter. The commission on judicial conduct shall have the authority to receive information, investigate, conduct hearings, and make recommendations to the supreme judicial court concerning allegations of judicial misconduct and allegations of mental or physical disability affecting a judge's performance.

(2) The commission shall have jurisdiction over investigations and recommendations regarding discipline arising from the conduct of all judges, including any retired judge who is assigned to perform the duties of a judge for a temporary period. This jurisdiction shall include all conduct that occurred prior to a judge's assuming judicial office, and conduct of a lawyer who is no longer a judge that occurred while he held judicial office; provided, however, that in evaluating such conduct, the commission shall give substantial weight to relevant decisions of the supreme judicial court and the board of bar overseers regarding bar discipline. The foregoing shall not be construed to derogate the inherent authority of the supreme judicial court to supervise and discipline judges, the authority of the governor with the consent of the council to remove a judge upon the address of both houses of the legislature or to retire a judge involuntarily because of advanced age or mental or physical disability, the authority of the legislature to remove a judge through impeachment, or the supervisory authority of the chief justices of the appeals and supreme judicial courts or of the chief and department administrative justices of the trial court.

(3) Except where the commission determines otherwise for good cause, the commission shall not deal with complaints arising out of acts or omissions occurring more than one year prior to the date commission proceedings are initiated pursuant to section five; provided, however, that, when the last episode of an alleged pattern of recurring judicial conduct arises within the one year period,

the commission may consider all prior acts or omissions related to such alleged pattern of conduct.

(4) In the absence of fraud, corrupt motive, bad faith, or clear indication that the judge's conduct violates the code of judicial conduct, the commission shall not take action against a judge for making findings of fact, reaching a legal conclusion, or applying the law as he understands it.  Commission proceedings shall not be a substitute for an appeal.

(5) Grounds for discipline shall include:

(a) conviction of a felony;

(b) willful misconduct in office;

(c) willful misconduct which, although not related to judicial duties, brings the  judicial office into disrepute;

(d) conduct prejudicial to the administration of justice or conduct unbecoming a judicial officer, whether conduct in office or outside of judicial duties, that brings the judicial office into disrepute; or

(e) any conduct that constitutes a violation of the codes of judicial conduct or professional  responsibility.

## SECTION 3. Report; appropriations; offices; rules; immunity; executive director; proceedings

(1) The commission shall report only to the supreme judicial court.  The commission shall be allowed for its purposes annually such amount as shall be appropriated for it by the general court. The commission shall be provided with adequate offices.  The commission may adopt rules of procedure, without compliance with the provisions of chapter thirty A, but subject to the approval of the supreme judicial court, and may develop appropriate forms for its proceedings.  Such rules shall establish reasonable time limits for all stages of commission proceedings and standards for extending time limits applicable to commission proceedings.

(2) Members of the commission, hearing officers, commission counsel, and staff shall be absolutely immune from suit for all conduct in the course of their official duties.  A complaint submitted to the commission or its staff and communications related to the complaint shall be absolutely privileged, and no civil action predicated on the complaint or on such a communication may be instituted against any complainant or witness or his counsel; provided, however, such immunity from suit shall apply only to communications to the commission or its staff and shall not apply to public disclosure of information contained in or relating to the complaint.

(3) The commission shall appoint an executive director who shall serve at the pleasure of the commission.  The executive director shall be a member of the Massachusetts bar, shall serve full time, and shall not engage in the practice of law.  The executive director shall receive an annual salary, subject to appropriation, which is fixed by the commission consistent with classification and compensation policies of the supreme judicial court, and such expenses as are approved by the commission and incurred in the discharge of the executive director's duties.

(4) The executive director shall have duties and responsibilities as prescribed by the commission, including the authority to:

(a) receive information, allegations, and complaints;

(b) make preliminary evaluations;

(c) screen complaints;

(d) conduct investigations;

(e) recommend dispositions;

(f) maintain the commission's records;

(g) maintain statistics concerning the operation of the commission and make them available to the commission and to the supreme judicial court;

MASSACHUSETTS GENERAL LAWS

(h) prepare the commission's budget for approval by the commission and administer its funds;

(i) employ and supervise other members of the commission's staff;

(j) prepare the annual report of the commission's activities required pursuant to section four; and

(k) employ, with the approval of the commission and subject to appropriation, special counsel, private investigators, or other experts, and clerical assistants, as necessary to investigate and process matters before the commission and before the supreme judicial court. Neither the attorney general's staff nor law enforcement officers shall be employed for this purpose.

(5) The supreme judicial court may delegate the power to enforce process in commission proceedings to another appropriate court. A witness at any stage of commission proceedings may rely on any privilege applicable to civil proceedings.

## SECTION 4. Annual report

The commission shall submit annually to the general court and the supreme judicial court a report of its activities together with recommendations. This report shall be a matter of public record and shall be printed as a public document.

## SECTION 5. Initiation of proceedings; inquiry, investigation and evaluation; detailed complaint or statement of allegations; formal charges

(1) Commission proceedings relating to the conduct of a judge may be initiated by an oral or written complaint stating facts that, if true, would be grounds for discipline, or by the commission's own motion when the commission receives reasonable information, including reports in the news media, as to conduct that appears to constitute grounds for discipline. Upon receipt of such complaint or adoption of such motion, the commission shall promptly notify the judge, except as provided in subdivision (2), and shall conduct a prompt, discreet and confidential inquiry, investigation and evaluation.

(2) The commission shall notify the judge of the proceedings and their subject matter before commencing any inquiry, investigation or evaluation in all cases except as follows:

(a) where, because of the nature of the complaint, delay is necessary in order to preserve evidence, notice may be delayed until such evidence is obtained, until the matter is dismissed, or until the sworn complaint or statement of allegations is served pursuant to subdivision (6), whichever occurs first;

(b) where the identity of the complainant could be readily determined by the judge from the nature of the complaint and there is a danger of reprisal against the complainant, notice may be delayed until the danger of reprisal ends, until the matter is dismissed, or until the sworn complaint or statement of allegations is served pursuant to subdivision (6), whichever occurs first; provided, however, that in any such case where there is an ongoing danger of reprisal, the notice and the statement of allegations may be drafted so as to conceal the complainant's identity.

(3) The commission shall discourage and shall promptly dismiss complaints which are frivolous, unfounded or outside commission jurisdiction. The commission shall notify the judge and the complainant, if any, of such dismissal in accordance with the provisions of subdivisions (1), (2) and (10).

18

(4) At any stage of the proceeding, the commission shall be entitled within the time limits established by commission rule to compel by subpoena the attendance and testimony of witnesses, including the judge, and to provide for the inspection of documents, books, accounts, and other records.

(5) After a thorough inquiry, investigation and evaluation, the executive director shall recommend to the commission, and the commission shall determine, by majority vote, whether there is adequate reason to proceed to the preparation of a detailed complaint or statement of allegations. If so, the commission shall request that the complainant file a detailed sworn complaint against the judge. When a sworn complaint is not obtained, the executive director shall prepare a clear statement of the allegations against the judge and the alleged facts forming their basis.  Said complaint or statement of allegations shall clearly set forth each act of misconduct where more than one act of misconduct is alleged, and shall state clearly the provision of statute, code of judicial conduct or code of professional responsibility alleged to have been violated by each alleged act of misconduct.

(6) The judge shall be served promptly with a copy of the sworn complaint or statement of allegations.

(7) The judge shall have twenty-one days after receipt of the sworn complaint or statement of allegations to respond in writing to the charges and, if he wishes, to file a written request for a personal appearance before the commission.

(8) The judge shall be entitled to counsel of his own choice.  After the judge is served with the sworn complaint or statement of allegations, he shall be entitled before the issuance of formal charges and within the time limits established by commission rule to compel by subpoena the attendance and testimony of witnesses, through depositions, and to provide for the inspection of documents, books, accounts, written or electronically recorded statements, and other records.  The judge may file written material for commission consideration before the issuance of formal charges.

(9) If the judge requests a personal appearance before the commission, he may be accompanied by counsel, his statement and that of his counsel shall be recorded, and the commission shall not issue formal charges until after such personal appearance.

(10) If at any time prior to the issuance of formal charges the commission determines that it does not have sufficient cause to proceed, the commission shall terminate the proceedings by closing the investigation or dismissing the complaint or the statement of allegations.  In that event, the commission shall give notice to the complainant, if any, and to the judge that it has found insufficient cause to proceed.  The file in any matter so terminated shall be closed.

(11) The commission may not refer subsequently to a file closed before the issuance of formal charges except in the following circumstances:

> (a) in a subsequent proceeding that raises similar allegations against the judge and indicates a pattern of recurring judicial misconduct;
> (b) in a subsequent proceeding alleging conduct in violation of conditions imposed as part of an informal adjustment pursuant to subdivision (1) of section eight;
> (c) in connection with a decision as to the recommended sanction to be imposed in a subsequent proceeding.

(12) The commission may, upon notice to the judge, amend the allegations prior to a finding of sufficient cause to issue formal charges.  The judge may amend his written response or submit additional written material for commission consideration before such finding.

(13) After the judge's personal appearance pursuant to subdivision (9), if any, and after the expiration of any time limit upon written submissions by the judge pursuant to subdivisions (8) and (12), the commission shall determine whether there is sufficient cause to issue formal charges.  A

finding of sufficient cause to issue formal charges shall require the concurrence of the majority of all commission members that there is a preponderance of credible evidence that the judge's conduct constitutes grounds for discipline.

(14) When sufficient cause is found, the commission shall issue formal charges stating those allegations as to which sufficient cause is found. A copy of the formal statement of charges shall be served promptly upon the judge and the judge shall have ten days to respond. Immediately thereafter, a copy of such formal statement of charges and of the judge's written response shall be filed with the supreme judicial court, which shall promptly appoint a hearing officer. Confidentiality shall cease upon this filing, as provided in section six, and after this filing the proceedings shall be governed by the provisions of section seven.

## SECTION 6. Confidentiality

(1) Except as provided in this section, all proceedings of the commission shall be confidential until there has been a determination of sufficient cause and formal charges have been filed with the supreme judicial court. The commission shall ensure that a procedure applicable to commission members, counsel and staff is established for enforcing confidentiality.

(2) Notwithstanding the provisions of subdivision (1), the judge may waive his right to confidentiality prior to a finding of sufficient cause. In addition, in any case in which the subject matter becomes public, through independent sources or through a waiver of confidentiality by the judge, the commission may issue such statements as it deems appropriate in order to confirm the pendency of the investigation, to clarify the procedural aspects of the disciplinary proceedings, to explain the right of the judge to a fair hearing without prejudgment, or to state that the judge denies the allegations.

(3) If the inquiry was initiated as a result of notoriety or because of conduct that is a matter of public record, and is subsequently terminated because there is insufficient cause to proceed, information concerning the insufficiency of cause to proceed may be released by the commission.

(4) Notwithstanding any other provision of this chapter to the contrary, proceedings pursuant to this chapter may remain confidential, even after a finding of sufficient cause, if the judge, the commission, and the complainant, if any, all concur.

(5) If any federal agency, the judicial nominating council, or any like agency for screening candidates for judicial appointment which succeeds the judicial nominating council, seeks information or written materials from the commission concerning a judge, in connection with his selection or appointment as a judge, information may be divulged in accordance with procedures prescribed by commission rule, including reasonable notice to the judge affected, unless the judge signs a waiver of the right to such notice. If, in connection with the assignment of a retired judge to judicial duties, the chief justice of the supreme judicial court or the appeals court or the chief justice of the trial court seeks information or written materials from the commission about the judge, information may be divulged in accordance with procedures prescribed by commission rule, including reasonable notice to the judge affected, unless the judge signs a waiver of the right to such notice.

## SECTION 7. Hearing; recommendation for discipline; attorneys' fees

(1) The commission shall schedule a hearing without undue delay after the appointment of the hearing officer by the supreme judicial court. The commission shall schedule the time and place of the hearing, and shall notify the judge and all counsel of the hearing. The judge shall be afforded ample opportunity to prepare for the hearing and may amend his written response to the charges.

20

(2) The judge and the commission shall each be entitled to discovery to the extent available in civil proceedings, within the time limits provided by commission rules. The judge and the commission shall each be entitled to compel by subpoena the attendance and testimony of witnesses, including the judge, and to provide for the inspection of documents, books, accounts, and other records.

(3) The formal hearing shall be public and shall be conducted before the hearing officer appointed by the supreme judicial court. At the hearing, all testimony shall be under oath, the rules of evidence applicable to civil proceedings shall apply, and the judge shall be accorded due process of law.

(4) An attorney or attorneys of the commission staff, or special counsel retained for the purpose, shall present the matter to the hearing officer. The commission shall have the burden of proving the charges by clear and convincing evidence. The judge and the commission shall be permitted to present evidence and cross-examine witnesses, subject to the rules of evidence applicable to civil proceedings.

(5) The raising of mental or physical condition as a defense constitutes a waiver of medical privilege.

(6) By leave of the commission or with the consent of the judge, the statement of charges may be amended after commencement of the hearing only if the amendment is technical in nature and the judge and his counsel are given adequate time to prepare a response.

(7) Every hearing shall be transcribed.

(8) The hearing officer shall submit to the commission and to the judge a report containing proposed findings and recommendations, the transcripts of testimony and all exhibits. Counsel for the judge and commission shall have twenty days after receipt of such report to submit written objections to the findings and recommendations, and said objections shall become part of the record.

(9) Before the commission reaches its decision, the judge and the complainant, if any, shall have the right to be heard before the commission regarding its recommendation for discipline, and their statements shall be transcribed. Such hearing shall be public, but commission deliberations regarding such recommendation shall be conducted in executive session. The commission shall reach a decision on the basis of the full record within ninety days after such hearing, unless there is good cause for delay. Its conclusions may differ from those proposed by the hearing officer. Its decision shall state specific reasons for all conclusions and recommendations.

(10) A recommendation for discipline shall be reported to the supreme judicial court only if a majority of all members of the commission concur that discipline should be recommended. Any dissent as to the need for or the form of discipline shall be transmitted with the majority decision. A copy of said recommendation and dissent shall be given to the judge and shall become part of the public record. The entire record, including transcripts, exhibits and the hearing officer's report, shall be transmitted to the supreme judicial court.

(11) If a majority of the members of the commission concur that discipline should not be recommended, the matter shall be dismissed, and the judge and complainant, if any, shall be notified of such dismissal.

(12) The provisions of subdivisions (10) and (11) shall not be construed to prohibit the commission from disposing of the matter by informal adjustment pursuant to section eight as a result of commission deliberations regarding a recommendation for discipline.

(13) The expense of witnesses shall be borne by the party that calls them unless:

(a) physical or mental disability of the judge is in issue, in which case the commission shall reimburse the judge for the reasonable expenses of the witnesses whose testimony related to the disability; or

(b) the supreme judicial court determines that the imposition of costs and expert witness fees will work a financial hardship or injustice upon him and orders that those fees be reimbursed.

(14) All witnesses shall receive fees and expenses in the same manner as witnesses in civil actions before the courts. A transcript of all proceedings shall be provided to the judge without cost. Except as provided in subdivision (13), costs of all proceedings shall be at public expense.

(15) With the approval of the supreme judicial court, a judge shall be entitled to the payment of reasonable attorneys' fees by the commonwealth in any case where the matter is dismissed by the commission at any stage after the filing of a sworn complaint or statement of charges, where the supreme judicial court determines despite a commission recommendation for discipline that no sanction is justified, or where the supreme judicial court determines that justice will be served by the payment of such fees.

## SECTION 8. Informal adjustment; sanctions

(1) With the agreement of the judge, the commission may by informal adjustment dispose of a complaint at any stage of the proceedings by:

(a) informing or admonishing the judge that his conduct is or may be cause for discipline;

(b) directing professional counseling and assistance for the judge;

(c) imposing conditions on the judge's conduct; or

(d) persuading a judge to retire voluntarily.

(2) The commission may dismiss a sworn complaint, a statement of allegations or a formal statement of charges as unjustified or unfounded at any stage during the proceedings.

(3) The commission may issue a private reprimand with the consent of the judge.

(4) The commission may recommend to the supreme judicial court one or more of the following sanctions:

(a) removal;

(b) retirement;

(c) imposition of discipline as an attorney;

(d) imposition of limitations or conditions on the performance of judicial duties;

(e) public or private reprimand or censure;

(f) imposition of a fine;

(g) assessment of costs and expenses;

(h) imposition of any other sanction which is reasonable and lawful.

## SECTION 9. Charges against supreme judicial court member

The chief justice and the six most senior justices of the appeals court other than the chief justice shall serve in the place of the supreme judicial court when charges are brought against a member of the supreme judicial court.

## SECTION 10. Physical or mental disabilities

(1) The commission shall have authority to receive information, investigate, conduct hearings, and make recommendations to the court relating to mental or physical disability affecting a judge's performance.

(2) In carrying out its responsibilities regarding physical or mental disabilities, the commission shall follow the same procedures that it employs with respect to discipline for misconduct.

(3) If the judge in a matter relating to physical or mental disability is not represented by counsel, the commission shall appoint an attorney to represent him at public expense.

(4) If a complaint involves the physical or mental condition of the judge, a denial of the alleged condition shall constitute a waiver of medical privilege and the judge shall be required to produce his medical records.

(5) If medical privilege is waived, the judge shall be deemed to have consented to a physical or mental examination by a qualified medical practitioner designated by the commission.  The report of the medical practitioner shall be furnished to the commission and the judge.

## SECTION 11. Advisory committee

The supreme judicial court may establish an advisory committee on the code of judicial conduct, which may render advisory opinions to judges at their request or on its own motion.

---

[1]   The amendments in St. 2011, c. 93, sec. 62 became effective on July 1, 2012.

## APPENDIX B

## RULES OF THE COMMISSION ON JUDICIAL CONDUCT
### Effective April 1, 1988

### SCOPE AND TITLE

These rules govern the procedures of the Commission on Judicial Conduct in the exercise of its jurisdiction pursuant to Chapter 211C of the General Laws as appearing in St.1987, c. 656, and apply to proceedings which are initiated on or after April 1, 1988. These rules shall be known and may be cited as the Rules of the Commission on Judicial Conduct (R.C.J.C.). (Any proceedings initiated prior to April 1, 1988, shall be governed by the rules which were in effect under Chapter 211C before April 1, 1988.)

### RULE 1. DEFINITIONS

A. "Anonymous Complaint" means a complaint, written or oral, received by the Commission, in which the identity of the complainant is not revealed.

B. "Chairman" and "Vice Chairman" refer to members of the Commission elected as such by vote of the Commission. Whenever used in these rules, the word "Chairman" shall include, in the absence of the Chairman, the Vice Chairman or other member acting as Chairman.

C. "Commission" means the Commission on Judicial Conduct.

D. "Complainant" means a person or entity who has communicated to the Commission a complaint against a judge.  The Commission may also, in its discretion, treat as a complainant, for purposes of notice and any other rights afforded to a complainant under these rules, a person or entity who has reported judicial conduct to a third party, although not directly to the Commission, provided that such person or entity is or was directly affected by the conduct.

E. "Complaint" means any oral or written statement which alleges judicial misconduct or physical or mental disability of a judge.

F. "Conditions on the Judge's Conduct," for purposes of G.L. c.211C, section 8(1)(c), shall include but not be limited to:

(1) education;

(2) training;

(3) mentoring;

(4) foreclosing eligibility for recall;

(5) an agreed upon press release to be issued, with no other public comment on the matter by either party;

(6) requiring that a decision in a court case be issued by a certain date;

(7) periodic status reports;

(8) meeting with Commission members and/or staff;

(9) writing an apology to a person or to the public;

(10) requiring the judge to caution the judge's family members regarding misuse of their relationship to the judge;

(11) agreeing never to mediate, hear or rule on any matters involving the attorneys who investigated and prosecuted the matter, or their firms;

(12) insuring that official audio equipment is recording at all times during court proceedings;

(13) holding conferences on the record;

(14) otherwise requiring a judge to comply with the law, the Code of Judicial Conduct and other rules, regulations, orders and procedures.

(15) If the Commission finds that a condition not specified herein would be appropriate, the Commission may file under seal a request with the Supreme Judicial Court to rule within fourteen days as to whether that condition is permissible in this category, without disclosing the identity of the judge.

(a) If the Court does not rule within fourteen days, the Commission may assume that the condition is permissible in this category.

G. "Executive Director" means the Executive Director of the Commission or a member of the Commission's staff acting under the Executive Director's supervision.

H. "Judge" means a judge or justice of any court of this Commonwealth.

I.   "Notoriety" means broad public knowledge.

J.   "Reasonable Information" means any information, including reports in the news media, which comes to the attention of the Commission and which contains credible allegations about a judge that, if true, would constitute misconduct or disability within the jurisdiction of the Commission under Chapter 211C.

K.   "Shall" is mandatory; "may" is permissive.

L.   "Special Counsel" means an attorney, appointed by the Supreme Judicial Court at the request of the Commission, to conduct investigations, to make recommendations to the Commission, and/or to present evidence at a hearing, with respect to a complaint or charges against a judge, or to take any other action related thereto which the Commission may direct.

M.   "Statement of Allegations" means a clear statement of the allegations against a judge and the alleged facts forming their basis.

N.   "Sworn Complaint" means a detailed written complaint which the complainant signs under oath and files, at the request of the Commission.

Amended September 14, 1999, effective October 1, 1999; amended May 8, 2007, effective July 1, 2007; amended January 29, 2015, effective March 1, 2015.

## RULE 2. COMPOSITION OF COMMISSION

A.   The composition of the Commission and terms of its members are as provided in Chapter 211C.

B.   A member of the Commission shall not participate in any proceeding in which the impartiality of that member might reasonably be questioned. Disqualification pursuant to this section shall be by the member involved or by affirmative vote of at least five (5) members of the Commission.

(1)   Upon the call of the Chairman, an alternate member shall serve in place of a member of the Commission who has been disqualified from participating in a Commission proceeding or is otherwise unable to serve. Whenever an alternate member is called to serve in the place of a member

of the Commission, the judge in question and the complainant shall be so notified.

C.   If a Commission member ceases to be qualified for the appointment to represent the category for which he was appointed, resigns, or becomes permanently unable to serve for any reason, a vacancy shall occur. An appointment to fill a vacancy for the duration of the unexpired term shall be made by the appropriate appointing authority forthwith.

## RULE 3. ORGANIZATION OF COMMISSION

A.   A Chairman and Vice Chairman shall be elected annually by the members of the Commission.

B.   Meetings of the Commission shall be held upon the call of the Chairman or the written request of at least three members of the Commission. Meetings shall not be held on less than three days notice; but this requirement may be waived by consent of all the members. The Chairman shall preside at meetings of the Commission, and the Vice Chairman shall act in the absence or disqualification of the Chairman. In the absence or disqualification of both the Chairman and the Vice Chairman, the members shall select one among them as acting Chairman.

C.   A quorum of the Commission shall consist of five members, including at least one judge, one member of the bar who is not a judge, and one lay person who is not a member of the bar. An affirmative vote of at least five members of the Commission is required to dismiss, informally adjust, or otherwise dispose of a proceeding; to issue formal charges against a judge; or to make recommendations to the Supreme Judicial Court regarding disciplinary action. A vote may be taken by telephone when a decision is required sooner than a meeting could be held, unless any member objects.

## RULE 4. JURISDICTION OF THE COMMISSION

A.   The Commission shall have the authority to receive information, conduct investigations

and hearings, and make recommendations to the Supreme Judicial Court concerning allegations of judicial misconduct or disability.

B. The Commission's jurisdiction shall include the conduct of all active judges prior to, as well as during, their service in judicial office and shall also include the conduct of a retired judge who has been recalled.

## RULE 5. CONFIDENTIALITY

A. All proceedings prior to a determination of sufficient cause and the filing of formal charges shall be confidential.

B. Records, files, and reports of the Commission shall be confidential, and no disclosure shall be made, except as follows:

(1) Upon waiver in writing by the judge at any stage of the proceedings;

(2) Upon inquiry by an appointing authority or by a state or federal agency conducting investigations on behalf of such authority in connection with the selection or appointment of judges; or upon inquiry in connection with the assignment or recall of a retired judge to judicial duties, by or on behalf of the assigning authority, in which case the Commission may:

(a) divulge whatever information is a matter of public record; and

(b) after obtaining the judge's signed waiver, divulge other relevant information; or

(c) divulge other relevant information after giving written notice to the judge affected of its intention to do so and allowing the judge seven (7) days to respond.

(3) In cases in which the subject matter has become public, the Commission may issue such statements as it deems appropriate in order to confirm the pendency of the investigation, to clarify the procedural aspects of the proceedings, to explain the right of the judge to a fair hearing, or to state that the judge denies the allegations;

(4) Upon filing of formal charges, in which case only the formal charges, the answer thereto, the evidentiary hearings thereon, and the final recommendation by the Commission

as to disposition shall become public, except as provided in paragraph D below.

C. Where the circumstances necessitating the initiation of an inquiry include notoriety, or where the conduct in question is a matter of public record, information concerning the lack of cause to proceed may be released by the Commission.

D. Proceedings may remain confidential, even after a finding of sufficient cause, if the judge, the Commission, and the complainant, if any, all concur.

E. If, in the course of its proceedings, the Commission becomes aware of credible evidence that any person has committed a crime, the Commission may report such evidence to the appropriate law enforcement agency.

## RULE 6. COMMISSION PROCEEDINGS: INITIAL STAGES; GENERAL PROVISIONS

**A. Initiation of Proceeding.** A Commission proceeding relating to the conduct of a judge is initiated when the Commission receives a written or oral complaint, or when the Commission by motion creates its own complaint, on the basis of reasonable information.

**B. Screening.** The Executive Director shall cause each complaint to be screened promptly upon its receipt. The screening may include communication with the complainant, if any, to clarify the contents of the complaint, but shall not include any investigation of the allegations set forth in the complaint.

**C. Docketing and Notification.**

(1) If the Executive Director determines after screening that the complaint does not set forth facts concerning a judge's conduct which, if true, would constitute misconduct or disability within the Commission's jurisdiction, the Executive Director shall notify the complainant that the complaint will not be docketed or investigated by the Commission.

(2) If the Executive Director determines after screening a complaint that it alleges specific facts which, if true, would constitute misconduct or disability within the Commission's jurisdiction, the Executive Director shall docket the complaint.

(3) Except as provided in Rules 6D, 6E, 6F and 6G, the Executive Director shall notify the judge of the complaint promptly after it is docketed. Notification shall be by certified mail or registered mail, addressed to the judge's last known place of residence, unless the judge has requested a different mailing address or the use of regular mail. Except where notice of the complaint is delayed or withheld pursuant to Rule 6G, the Executive Director shall not conduct any inquiry into or investigation of the complaint until notice has been sent to the judge.

**D. Frivolous or Unfounded Complaints.** If, on the basis of screening, the Executive Director is of the opinion that a docketed complaint is frivolous or unfounded, the Executive Director shall promptly recommend its dismissal to the Commission before notifying the judge of the complaint. If a majority of the Commission votes to dismiss the complaint, the Executive Director shall promptly notify the complainant of the dismissal and the judge of both the complaint and its dismissal. If a majority of the Commission does not vote to dismiss the complaint, except as provided in Rule 6G, the Executive Director shall promptly notify the judge of the complaint in accordance with Rule 6C(3).

**E. Stale Complaints.** When a complaint is docketed in which the allegations arise out of acts or omissions all occurring more than one year prior to the date the complaint was filed, the Executive Director shall, before notifying the judge of the complaint and before undertaking any inquiry or investigation of its allegations, make a recommendation to the Commission as to whether there exists good cause to investigate the complaint. If a majority of the Commission determines that there is not good cause to investigate the complaint, the complaint shall be dismissed without investigation, and the complainant, if any, as well as the judge, shall be so notified. If a majority of the Commission

determines that there is good cause to investigate the complaint, except as provided in Rule 6G, the Executive Director shall notify the judge of the complaint pursuant to Rule 6C(3). When a complaint alleges a pattern of recurring misconduct the last episode of which is alleged to have occurred less than one year prior to the filing of the complaint, a determination by the Commission of "good cause" pursuant to this Rule is not necessary.

**F. Anonymous Complaints.** Following the docketing of an anonymous complaint pursuant to Rule 6C(2), the Executive Director shall not conduct any inquiry or investigation of it unless the Commission, upon the recommendation of the Executive Director, determines by majority vote that the allegations of the anonymous complaint would, if true, constitute misconduct or disability within the jurisdiction of the Commission, and the seriousness or the notoriety of the misconduct alleged outweighs the potential prejudicial effect of an investigation into the merits of the complaint. If the Commission does not make such a determination, the complaint shall be dismissed, and the Executive Director shall promptly notify the judge of both the complaint and its dismissal. If the Commission does make such a determination, except as provided in Rule 6G, the Executive Director shall promptly notify the judge of the anonymous complaint in accordance with Rule 6C(3).

**G. Withholding Notification.** If the Executive Director is of the opinion that, because of the nature of the complaint or the identity of the complainant, notification to the judge would create a substantial risk that evidence material to its investigation might be lost or destroyed, or that there is a substantial danger of reprisal or retaliation by the judge against the complainant or any other person mentioned in the complaint, the Executive Director shall recommend to the Commission that notice of the complaint to the judge be delayed or that notice of certain information in the complaint be delayed. No inquiry or investigation into the complaint beyond the screening process shall take place

until the Commission has voted on the Executive Director's recommendation.

(1) If a majority of the Commission does not vote to approve any delay in notifying the judge of the complaint in whole or in part, the Executive Director shall promptly notify the judge of the complaint in accordance with Rule 6C(2).

(2) If a majority of the Commission determines that notice to the judge of the complaint in its entirety would create a substantial risk of lost or destroyed evidence or of reprisal, the Commission shall vote to approve the delay in notifying the judge of the complaint in whole or in part. If the Commission approves a delay in providing notice to the judge of any portion of the complaint, the Executive Director shall proceed with an investigation of the complaint pursuant to Rule 6H. If the Commission approves a delay in providing notice to the judge of certain information in the complaint such as the identity of the complainant, the Executive Director shall promptly notify the judge in accordance with Rule 6C(3) of all portions of the complaint for which no delay was approved before proceeding with any investigation.

(3) Notice of a complaint may be delayed pursuant to this paragraph only until the Commission obtains the necessary evidence or the risk of reprisal ends.

(4) The Commission shall take reasonable steps to insure that as much notice as possible of the complaint's allegations is provided to the judge at the earliest time feasible in accordance with this Rule.

**H. Investigation.** Unless a complaint is dismissed pursuant to Rule 6D, 6E or 6F, and except as provided in Rule 6G, after notice is given to the judge pursuant to Rule 6C(3), the Executive Director shall initiate a discreet and confidential investigation and evaluation of the complaint.

**I. Request for Special Counsel.** If in the course of an investigation the Executive Director concludes that Special Counsel is required, the Executive Director shall recommend that the Commission request the appointment of a Special Counsel by the Supreme Judicial Court. The Commission may also take such action upon its own motion.

**J. Sworn Complaint or Statement of Allegations.** Within ninety (90) days after the initiation of proceedings, the Executive Director shall recommend to the Commission whether there is adequate reason to proceed to the preparation of a Sworn Complaint or Statement of Allegations.

(1) The Commission shall so decide by majority vote.

(2) If the Executive Director recommends that further investigation is necessary before making this determination, the Commission may vote to continue the investigation on a month-to-month basis.

(3) If the Commission finds that there is sufficient cause to proceed, the complainant, if any, shall be asked to file a detailed, signed, Sworn Complaint against the judge. The Sworn Complaint shall state the facts constituting the alleged misconduct. Immediately upon receipt of the Sworn Complaint, the Executive Director shall make written acknowledgment thereof to the complainant.

(4) When a Sworn Complaint is not obtained, a Statement of Allegations against the judge and the alleged facts forming their basis shall be prepared by the Executive Director. Where more than one act of misconduct is alleged, each act should be clearly set forth in the Sworn Complaint, or in the Statement of Allegations, as the case may be.

(5) In any case where the judge has not yet been notified of the entire complaint pursuant to Rule 6G, if the Commission determines by majority vote that there remains an ongoing danger of reprisal, the Sworn Complaint or the Statement of Allegations may be drafted so as to conceal the complainant's identity.

**K. Same; Service.** The judge shall immediately be served with a copy of the Sworn Complaint or Statement of Allegations.

**L. Same; Answer.** Within twenty-one (21) days after the service of the Sworn Complaint or the Statement of Allegations, the judge may file a

written answer with the Executive Director and may request a personal appearance before the Commission, in lieu of or in addition to a written response. If the judge elects to appear personally, his or her statement shall be recorded.

**M. Same; Dismissal.** After the judge's answer and personal appearance, if any, the Commission may terminate the proceeding and dismiss the complaint and, in that event, shall give notice to the judge and the complainant that it has found insufficient cause to proceed.

**N. Same; Amendment.** Amendment of the allegations regarding the misconduct of a judge, whether presented to the Commission in a Sworn Complaint or in a Statement of Allegations, shall be permitted prior to a finding of sufficient cause, provided that notice thereof and an opportunity further to respond within twenty-one (21) days is given to the judge.

**O. Right to Counsel.** The judge shall be entitled to counsel of the judge's own choice.

**P. Right to Compel Attendance of Witnesses and Inspection of Records.** At any stage of the proceeding, the Commission or its designee may administer oaths or affirmations and shall be entitled to compel the attendance and testimony of witnesses, including the judge himself or herself, and the production of papers, books, accounts, documents, electronic recordings, other tangible things, or any other relevant evidence or testimony.

(1) Upon receiving the Sworn Complaint or Statement of Allegations, the judge shall become entitled to compel by subpoena the attendance and testimony of witnesses through depositions, and to provide for the inspection of documents, books, accounts, written or electronically-recorded statements, and other records.

(2) Witnesses may be interviewed, whether or not under oath and whether or not their statements are memorialized, without the presence of other participants. In other circumstances, statements may be taken as depositions, in accordance with Rule 9.

**Q. Privilege.** A complaint submitted to the Commission or its staff, or testimony with respect thereto, shall be absolutely privileged. No civil action predicated on the complaint shall be instituted against a complainant or a witness, or against counsel to either of them.

**R. Recommendation Concerning Assignment.** At any time the Commission may recommend to the Supreme Judicial Court, or to the Chief Justice of the Trial Court and the appropriate Chief Justice, the non-assignment or special assignment of a judge, pending the final disposition of a proceeding. The Commission shall state the reasons for its recommendation. A copy of any such recommendation shall be sent by the Commission to the judge.

**S. Consultation.** In the course of a proceeding, the Commission may consult with the Chief Justice of the Trial Court and the appropriate Chief Justice about administrative matters.

**T. Record of Commission Proceedings.** The Commission shall keep a record of all proceedings concerning a judge. The Commission's findings, conclusions and recommendations shall be entered in the record.

**U. Extensions of Time.** The Chairman of the Commission may for good cause extend the time for the filing of an answer, discovery, commencement of a hearing, or transmittal of the Hearing Officer's report, and any other time limit set herein.

**V.** Enforcement of an agreement for Informal Adjustment shall be by the Commission, or, upon application by the Commission to the Supreme Judicial Court, by the Court.

Amended September 14, 1999, effective October 1, 1999; amended May 8, 2007, effective July 1, 2007; amended January 29, 2015, effective March 1, 2015.

## RULE 7. SUFFICIENT CAUSE FOR FORMAL CHARGES

A. Following the expiration of the twenty-one (21) days allowed for the judge's response, for any proceeding not dismissed, the Commission

shall thereafter hold a formal meeting which shall be conducted in private, at which the rules of evidence need not be observed. The judge shall have the right to make a personal appearance with his attorney, but not to be present during the Commission deliberations.

B. At this meeting the Commission shall vote to dispose of the case in one of the following ways:

(1) If it finds that there has been no misconduct, the Executive Director shall be instructed to send the judge and the complainant notice of dismissal.

(2) If it finds that there has been misconduct for which a private reprimand constitutes adequate discipline, and if the judge consents, it shall issue the reprimand. The complainant shall be notified that the matter has been so resolved.

(3) If it finds that there has been conduct that is or might be cause for discipline but for which an informal adjustment is appropriate, it may, with the agreement of the judge, so inform or admonish the judge, direct professional counseling or assistance for the judge, or impose conditions on the judge's future conduct. The complainant shall be notified that the matter has been so resolved. When either conditions or treatment is prescribed, the Commission shall provide for supervision, enforcement thereof, or both.

(4) If it finds by a preponderance of the credible evidence that there is sufficient cause to believe that there has been misconduct of a nature requiring a formal disciplinary proceeding, the Commission shall issue formal charges against the judge. A copy of the formal charges shall be served promptly upon the judge, and the judge shall have ten (10) days to respond.

(5) If it finds that there has been conduct that is or might be cause for discipline and for which direct submission to the Supreme Judicial Court is appropriate, it may, with the agreement of the judge, make a direct submission in accordance with Rule 13.

Amended May 8, 2007, effective July 1, 2007.

## RULE 8. SCHEDULING OF FORMAL HEARING

A. Upon the filing of the judge's written response to the formal charges or the expiration of the time for its filing, a copy of the formal charges and of the judge's written response shall be filed with the Supreme Judicial Court, which shall promptly appoint a Hearing Officer.

B. Immediately upon the appointment of a Hearing Officer by the Supreme Judicial Court, the Commission shall schedule a hearing to take place in not less than thirty (30) nor more than sixty (60) days. The Commission shall immediately notify the judge and all counsel of the time and place for the hearing.

## RULE 9. DISCOVERY DURING THE FORMAL PROCEEDING STAGE

A. Attached to the notice required by Rule 7B(4) shall be further notice that the Commission shall, within a reasonable time, make available for inspection upon the written request of the judge all books, papers, records, documents, electronic recordings, and other tangible things within the custody and control of the Commission which are relevant to the issues of the disciplinary proceeding, and any written or electronically recorded statements within the custody and control of the Commission which are relevant to the issues of the disciplinary proceeding. The failure of the Commission to furnish timely any such materials provided for herein shall not affect the validity of any proceedings before the Commission, provided that such failure is not substantially prejudicial to the judge.

B. Within thirty (30) days after service of the formal charges, the Commission or the judge

(1) May upon written request to the appropriate party prior to the hearing:

(a) Have made available to him for inspection and copying within a reasonable period of time all books, papers, records, documents, electronic recordings, or other tangible things which that party intends to present at a hearing.

(b) Obtain the names and addresses of witnesses to the extent known to a party in the proceeding, including an identification of those intended to be called to testify at the hearing.

(c) Have made available to him for inspection and copying within a reasonable period

of time any written or electronically recorded statements made by witnesses who will be called to give testimony at the hearing.

(2) May, upon written application to the Commission, upon such terms and conditions as the Commission may impose:

(a) Depose within or without the Commonwealth persons having relevant testimony. The complete record of the testimony so taken shall be made and preserved by stenographic record or electronic recording.

(i) The written application to the Commission shall state the name and post office address of the witness, the subject matter concerning which the witness is expected to testify, the time and place of taking the deposition, and the reason why such deposition should be taken.

(ii) Unless notice is waived, no deposition shall be taken except after at least seven (7) days notice to the other parties.

(iii) Unless otherwise directed by the Commission, the deponent may be examined regarding any matter not privileged which is relevant to the subject matter of the proceedings. Parties shall have the right of cross-examination, and objection. In making objections to questions or evidence, the grounds relied upon shall be stated briefly, but no transcript filed by the notarial officer shall include argument or debate. Objections to questions or evidence shall be noted by the notarial officer upon the deposition, but he shall not have the power to decide on the competency, materiality, or relevancy of evidence. Objections to the competency, relevancy, or materiality of the testimony are not waived by failure to make them before or during the taking of the deposition.

(b) Subpoena relevant witnesses and documents.

(c) Seek any limitation or protection for any discovery permitted by this rule.

C. Nothing in these rules shall be construed to require the discovery of any report made to the Commission by Special Counsel or other person conducting an investigation for the Commission. Furthermore, in granting discovery the Commission shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a witness or party in these proceedings.

D. Other issues relative to discovery which are not covered in these rules shall be addressed or resolved in accordance with the comparable provisions of the Massachusetts Rules of Civil Procedure.

### RULE 10. FORMAL HEARING

A. The formal hearing shall be conducted before the Hearing Officer appointed by the Supreme Judicial Court.

B. The hearing shall be open to the public. The rules of evidence applicable to civil proceedings in Massachusetts shall apply, and all testimony shall be under oath. Commission attorneys, or Special Counsel retained for the purpose, shall present the case. The judge whose conduct is in question shall be permitted to adduce evidence and produce and cross-examine witnesses. The Commission shall have the burden of proving the charges by clear and convincing evidence. Every hearing shall be transcribed.

C. The formal charges may be amended after commencement of the public hearing only if the amendment is technical in nature and if the judge and his counsel are given adequate time to prepare a response.

### RULE 11. POST-HEARING PROCEDURE

A. Within thirty (30) days after the conclusion of the hearing, the Hearing Officer shall submit to the Commission and to the judge a report which shall contain proposed findings and recommendations, the transcripts of testimony, and all exhibits.

B. Upon receipt of the report of the Hearing Officer, the Commission shall send a copy of the report to the complainant forthwith.

C. Within twenty (20) days after receipt of such report, counsel for the judge and for the Commission shall each be allowed to submit to the Commission written objections to the

proposed findings and recommendations. Any such objections shall become part of the record.

D.  Within the same twenty (20) day period the judge and the complainant, if any, may file a written request to be heard before the Commission regarding its recommendation for discipline.

E.  If either participant does so request, notice shall be given to both as to the scheduled time and place for such hearing, at least seven (7) days in advance. Such hearing shall be public, but Commission deliberations regarding such recommendation shall be conducted in executive session.

F.  Unless there is good cause for delay, the Commission shall reach a decision on the basis of the full record within ninety (90) days after the hearing concerning recommendation for discipline, if there is such a hearing, or otherwise within ninety (90) days after receipt of the Hearing Officer's report. Its conclusions may differ from those proposed by the Hearing Officer. Its decision shall state specific reasons for all conclusions and recommendations.

## RULE 12. CASES INVOLVING ALLEGATIONS OF MENTAL OR PHYSICAL DISABILITY

In considering allegations of mental or physical disability, the Commission shall, insofar as applicable and except as provided below pursuant to Chapter 211C, section 10, follow procedures established by these rules.

A.  If in a matter relating to mental or physical disability the judge is not represented by counsel, the Commission shall appoint an attorney to represent him at public expense.

B.  If a complaint or statement of allegations involves the mental or physical health of a judge, a denial of the alleged disability or condition shall constitute a waiver of medical privilege and the judge shall be required to produce his medical records.

C.  In the event of a waiver of medical privilege, the judge shall be deemed to have consented to an examination by a qualified medical practitioner designated by the Commission. The report of the medical practitioner shall be furnished to the Commission and the judge.

## RULE 13. DIRECT SUBMISSION TO THE SUPREME JUDICIAL COURT

At any stage of a proceeding the Commission may, with the agreement of the judge, elect one of the following methods for direct submission to the Supreme Judicial Court.

**A.  Final Submission Upon Agreed Facts.**

(1) The Commission and the judge will prepare and sign an Agreement for Final Submission to the Supreme Judicial Court Upon Agreed Facts. The Agreement will contain:

(a) A waiver by the judge of the right to a formal hearing.

(b) A stipulation by the judge to facts sufficient, in the judgment of the Commission, to establish judicial misconduct.

(c) A statement of the section(s) of the Code of Judicial Conduct which the Commission alleges, and the judge agrees, the judge has violated.

(d) Statements by the Commission and by the judge of their joint or disparate recommendations for discipline by the Supreme Judicial Court.

(e) Agreement by the Commission and the judge that the Supreme Judicial Court may accept or reject the recommendations of the Commission or the judge or may impose whatever discipline it deems appropriate.

(f) Acknowledgment by the Commission and the judge that the decision of the Supreme Judicial Court will constitute the final disposition of the case.

(g) A waiver by the judge of any confidentiality rights that would preclude submission of the matter to, or disclosure of the matter by, the Supreme Judicial Court, including the items to be submitted as specified herein, and

the Supreme Judicial Court's disposition of the case.

(2) The Commission will submit to the Supreme Judicial Court under seal:

(a) The Agreement for Final Submission Upon Agreed Facts.

(b) A copy of the complaint, statement of allegations and formal charges, if any, and all responses.

(c) Any other information agreed to by the parties.

(3) The Supreme Judicial Court may accept or reject the recommendation of either the Commission or the judge or may impose whatever discipline it deems appropriate.

**B.  Conditional Submission Upon Acknowledged Evidence.**

(1) The Commission and the judge will prepare and sign an Agreement for Conditional Submission to the Supreme Judicial Court Upon Acknowledged Evidence. The Agreement will contain:

(a) A waiver by the judge of the right to a formal hearing.

(b) A Statement of Evidence which in the Commission's view provides a basis for a finding of misconduct. The Statement of Evidence will identify the section(s) of the Code of Judicial Conduct which the Commission alleges the judge to have violated.

(c) An acknowledgment by the judge that the evidence set forth in the Statement of Evidence, if presented to and accepted by a Hearing Officer at a formal hearing as clear and convincing, would support a finding of such misconduct.

(d) A recommendation to the Supreme Judicial Court, agreed to by both the Commission and the judge regarding appropriate discipline.

(e) Agreement by the Commission and the judge that (i) if the Supreme Judicial Court accepts their agreed recommendation for discipline, the decision of the Supreme Judicial Court will constitute the final disposition of the case; and (ii) if the Supreme Judicial Court does not accept their agreed recommendation, the

Commission will proceed to consider and dispose of the complaint in accordance with these Rules, which disposition may include issuance of formal charges.

(f) A waiver by the judge of any confidentiality rights that would preclude submission of the matter to the Supreme Judicial Court, including the items to be submitted as specified herein.

(g) Agreement by the Commission and the judge that the submission will be made on condition that it be impounded by the Supreme Judicial Court.

(2) The Commission will submit to the Supreme Judicial Court:

(a) The Agreement for Conditional Submission Upon Acknowledged Evidence.

(b) A copy of the complaint, statement of allegations and formal charges, if any, and all responses.

(c) Any other information agreed to by the parties.

(3) The Supreme Judicial Court may accept or reject the recommended discipline agreed to by the Commission and the judge but may not at this stage impose other discipline.

C.  The Supreme Judicial Court may request additional information from the parties or schedule oral argument before acting on a final or conditional submission.

D.  If the Commission and the judge fail to agree upon an Agreement for Final or Conditional Submission to the Supreme Judicial Court under either 13.A. or 13.B. above, the Commission will proceed to consider and dispose of the complaint in accordance with these Rules, which disposition may include issuance of formal charges.

Approved May 8, 2007, effective July 1, 2007.

Ex. A, p. 41 of 91.

**APPENDIX C**

**CODE OF JUDICIAL CONDUCT**

**(Supreme Judicial Court Rule 3:09)**

**(effective January 1, 2016)**



## PREAMBLE

[1] An independent, fair, and impartial judiciary is indispensable to our system of justice. The United States legal system is based upon the principle that an independent, impartial, and competent judiciary, composed of persons of integrity, will interpret and apply the law that governs our society. Thus, the judiciary plays a central role in preserving the principles of justice and the rule of law. Inherent in all the Rules in this Code are the precepts that judges, individually and collectively, must respect and honor the judicial office as a public trust and must strive to maintain and enhance confidence in the legal system.

[2] Judges should maintain the dignity of judicial office at all times, and avoid both impropriety* and the appearance of impropriety* in their professional and personal lives. They should aspire at all times to conduct that ensures the greatest possible public confidence in their independence,* impartiality,* integrity,* and competence.

[3] The Code of Judicial Conduct establishes standards for the ethical conduct of judges. It is not intended as an exhaustive guide for the conduct of judges, who are governed in their judicial and personal conduct by general ethical standards as well as by the Code. The Code is intended, however, to provide guidance and to assist judges to maintain the highest standards of judicial and personal conduct, and to provide a basis for regulation of their conduct through disciplinary authorities.

## SCOPE

[1] The Code of Judicial Conduct consists of four Canons, numbered Rules under each Canon, and Comments that follow and explain each Rule. Scope and Terminology sections provide additional guidance in interpreting and applying the Code. An Application section establishes when the various Rules apply to a judge.

[2] The Canons state overarching principles of judicial ethics that all judges must observe. Although a judge may be disciplined only for violating a Rule, the Canons provide important guidance in interpreting the Rules. Where a Rule contains a permissive term, such as "may" or "should," the conduct being addressed is committed to the personal and professional discretion of the judge, and no disciplinary action should be taken for action or inaction within the bounds of such discretion.

[3] The Comments that accompany the Rules serve two functions. First, they provide guidance regarding the purpose, meaning, and proper application of the Rules. They include explanatory material and, in some instances, provide examples of permitted or prohibited conduct. Comments neither add to nor subtract from the binding obligations set forth in the Rules. Therefore, when a Comment includes the term "must," it does not mean that the Comment itself is binding or enforceable; it signifies that the Rule in question, properly understood, is obligatory as to the conduct at issue.

[4] Second, the Comments identify aspirational goals for judges. To implement fully the principles of this Code as articulated in the Canons, judges should strive to exceed the standards of conduct established by the Rules, holding themselves to the highest ethical standards and seeking to achieve those aspirational goals, thereby enhancing the dignity of the judicial office.

[5] The Rules of the Code of Judicial Conduct are rules of reason that should be applied consistently with constitutional requirements, statutes, other court rules, and decisional law, and with due regard for all relevant circumstances. The Rules should not be interpreted to impinge upon the essential independence* of judges in making judicial decisions.

[6] Although the black letter of the Rules is binding and enforceable, it is not contemplated that every transgression will result in the imposition of discipline. Some conduct that literally may violate a Rule may not violate the policy behind the prohibition, or the violation may be de minimis. Whether discipline should be imposed should be determined through a reasonable and reasoned application of the Rules, and should depend upon factors such as the seriousness of the transgression, the facts and circumstances that existed at the time of the transgression, the extent of any pattern of improper activity, whether there have been previous violations, and the effect of the improper activity upon the judicial system or others.

[7] The Code is not designed or intended to be a basis for civil or criminal liability. Neither is it intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court.

## TERMINOLOGY

*Whenever any term listed below is used in the Code, it is followed by an asterisk (\*).*

**"Close personal friend"** means a friend whose relationship to the judge is such that the friend's appearance or interest in a proceeding pending\* or impending\* before the judge would require disqualification of the judge. See Rule 3.13.

**"Court personnel"** means court employees subject to the judge's direction and control. See Rules 2.3, 2.5, 2.8, 2.9, 2.10, 2.11, 2.12, 2.13, and 3.5.

**"Domestic partner"** means a person with whom another person maintains a household and an intimate relationship, other than a person to whom he or she is legally married. See Rules 2.11, 2.13, and 3.l3.

**"Economic interest"** means ownership of more than a de minimis legal or equitable interest. Unless the judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a judge, it does not include:

(1) an interest in the individual holdings within a mutual or common investment fund;

(2) an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the judge or the judge's spouse, domestic partner,\* parent, or child serves as a director, an officer, an advisor, or other participant;

(3) a deposit in a financial institution or deposits or proprietary interests the judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or

(4) an interest in government securities held by the judge.

See Rules 1.3, 2.11, and 3.2.

**"Fiduciary"** includes relationships such as executor, administrator, trustee, guardian, attorney in fact, or other personal representative. See Rules 2.11, 3.2, and 3.8.

**"Fundraising event"** means an event for which the organizers' chief objectives include raising money to support the organization's activities beyond the event itself. See Rule 3.7.

**"Impartial," "impartiality," and "impartially"** mean absence of bias or prejudice in favor of, or against, particular parties or classes of parties or their representatives, as well as maintenance of an open mind in considering issues that may come before a judge. See Rules 1.2, 2.2, 2.10, 2.11, 2.13, 3.1, 3.4, 3.6, 3.7, 3.12, 3.13, 3.14, and 4.1.

**"Impending matter"** is a matter that is imminent or expected to occur in the near future. A matter is impending if it seems probable that a case will be filed, if charges are being investigated, or if someone has been arrested although not yet charged. See Rules 2.9, 2.10, 3.2, and 3.13.

**"Impropriety"** means conduct that violates the law,* including provisions of this Code, conduct that constitutes grounds for discipline under G. L. c. 211C, § 2(5) , and conduct that undermines a judge's independence,* integrity,* or impartiality.* See Rules 1.2, 2.10, and 3.13.

**"Independence"** means a judge's freedom from influences or controls other than those established by law.* See Rules 1.2, 2.7, 2.10, 3.1, 3.2, 3.4, 3.7, 3.12, and 3.13.

**"Integrity"** means probity, fairness, honesty, uprightness, and soundness of character. See Rules 1.2, 2.7, 2.10, 2.15, 3.1, 3.2, 3.4, 3.7, 3.12, and 3.13.

**"Judicial applicant"** means any person who has submitted an application for appointment as a judge in any court of the Commonwealth. See Rule 2.11.

**"Judicial nominee"** means any person who has been nominated by the Governor to judicial office but who has not assumed judicial office. See Rule 2.11.

**"Knowingly," "knowledge," "known," and "knows"** mean actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances. See Rules 1.3, 2.5, 2.9, 2.11, 2.15, 2.16, 3.3, 3.5, and 3.6.

**"Law"** includes court rules and standing orders issued by the Supreme Judicial Court, the Appeals Court, the Chief Justice of the Trial Court, or a Chief Justice of a Trial Court Department, as well as statutes, constitutional provisions, and decisional law. Chapter 268A §§ 3 and 23(b)(2) provide that conduct explicitly recognized by another statute or regulation may supersede certain provisions of Chapter 268A . The Rules of the Supreme Judicial Court are considered regulations for this purpose. In several instances, provisions of this Code supersede provisions of  Chapter 268A . See Rule 1.1.

**"Member of the judge's family"** means any of the following persons: a spouse or domestic partner*; a child, grandchild, parent, grandparent, or sibling, whether by blood, adoption, or marriage; or another relative or person with whom the judge maintains a close family-like relationship. Residence in the household of a judge may be relevant but is not dispositive when determining whether a judge maintains a close family-like relationship with another relative or person. See Rules 3.7, 3.8, 3.10, and 4.1.

**"Member of the judge's family residing in the judge's household"** means any of the following persons who resides in the judge's household: a relative by blood, adoption, or marriage; a domestic partner*; or a person with whom the judge maintains a close family-like relationship. See Rules 2.11 and 3.13.

**"Nonpublic information"** means information that is not available to the public. Nonpublic information includes information that is sealed or expunged by statute or court order, or information that is impounded or communicated in camera. See Rule 3.5.

**"Pending matter"** is a matter that has commenced. A matter continues to be pending through any appellate process until final disposition. See Rules 2.9, 2.10, 3.2, and 3.13.

"**Political organization**" means a political party or other group, the principal purpose of which is to further the election or appointment of candidates to political office or the passage or defeat of ballot questions. See Rule 4.1.

"**Specialty court**" means a specifically designated court session that focuses on individuals with underlying medical, mental health, substance abuse, or other issues that contribute to the reasons such individuals are before the courts. Specialty court sessions integrate treatment and services with judicial case oversight and intensive court supervision. Examples include drug courts, mental health courts, veterans' courts, and tenancy preservation programs. See Rule 2.9.

"**Substantial value**" means a dollar value determined by the State Ethics Commission in 930 C.M.R. 5.05 pdf format of 930 CMR 5 . See Rules 3.13 and 3.15.

"**Third degree of relationship**" includes the following persons: great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, and niece. See Rule 2.11.

## APPLICATION

*The Application section establishes when the various Rules apply to a judge.*

### I.      Applicability of this Code

(A) **Active Judges:** The provisions of the Code apply to all judges of the Trial Court, the Appeals Court, and the Supreme Judicial Court until resignation, removal, or retirement, except as provided in Paragraph (B) below.

(B) **Retired Judges:** A judge whose name has been placed upon the list of retired judges eligible to perform judicial duties, pursuant to G. L. c. 32, §§ 65E - 65G, shall comply with all provisions of this Code during the term of such eligibility.

### II.     Time for Compliance

A person to whom this Code becomes applicable shall comply immediately with all its provisions except Rules 3.8 and 3.11(B), and shall comply with those sections as soon as reasonably possible and in any event within one year.

### Comment

[1] A judge who has retired or resigned from judicial office shall not, for a period of six months following the date of retirement, resignation, or most recent service as a retired judge pursuant to G. L. c. 32, §§ 65E - 65G, perform dispute resolution services with a court-connected program except on a pro bono publico basis, or enter an appearance, or accept an appointment to represent any party, in any court of the Commonwealth.

[2] Judges should be aware that their conduct prior to assuming judicial office may have consequences under the law.* See, e.g., G. L. c. 211C, § 2(2) , Rule 2.11(A)(4).

[3] This Code does not apply to judicial applicants* and judicial nominees.* Historically, by Executive Order, the Governor of the Commonwealth has created a code of conduct for judicial applicants* and judicial nominees.*

[4] An active judge who becomes an applicant or candidate for a different judicial office, state or federal, must comply with the requirements of any appointing authority in addition to this Code.

## CANON 1:

### A JUDGE SHALL UPHOLD AND PROMOTE THE INDEPENDENCE,* INTEGRITY,* AND IMPARTIALITY* OF THE JUDICIARY, AND SHALL AVOID IMPROPRIETY* AND THE APPEARANCE OF IMPROPRIETY.*

### Rule 1.1 Compliance with the Law

**A judge shall comply with the law,* including the Code of Judicial Conduct.**

#### Comment

[1] A judge's obligation to comply with the law* ordinarily includes the obligation to comply with the State conflict of interest law, G. L. c. 268A and c. 268B. However, the unique role of judges requires that judges on occasion follow rules that may be more or less restrictive than those followed by other public employees. In many instances, this Code imposes more stringent restrictions on judges' activities because of their obligation to act at all times in a manner that promotes public confidence in the judiciary. Thus, for example, the Code regulates aspects of a judge's personal conduct, including a judge's participation in extrajudicial activities unrelated to the law,* and prohibits judges from political and campaign activities open to many other public employees. See, e.g., Rules 3.7 and 4.1. However, in a few instances, this Code creates exemptions from particular restrictions imposed by G. L. c. 268A §§ 3 and 23(b)(2) so that judges may more fully participate in activities related to the law,* the legal system, and the administration of justice. See, e.g., Rules 3.1(E) and 3.13(D)-(E).

### Rule 1.2 Promoting Confidence in the Judiciary

**A judge shall act at all times in a manner that promotes public confidence in the independence,* integrity,* and impartiality* of the judiciary, and shall avoid impropriety* and the appearance of impropriety.***

#### Comment

[1] Public confidence in the judiciary is eroded by improper conduct and conduct that creates the appearance of impropriety.* This principle applies to both the professional and personal conduct of a judge.

[2] A judge should expect to be the subject of public scrutiny that might be viewed as burdensome if applied to other citizens, and must accept the restrictions imposed by the Code.

[3] Conduct that compromises or appears to compromise the independence,* integrity,* or impartiality* of a judge undermines public confidence in the judiciary. Because it is not practicable to list all such conduct, the Rule is necessarily cast in general terms.

[4] A judge is encouraged to participate in activities that promote ethical conduct among judges and lawyers, support professionalism within the judiciary and the legal profession, and promote access to justice for all.

42

[5] Improprieties include violations of law* or this Code, or other conduct for which the judge could be disciplined pursuant to G. L. c. 211C, § 2(5). The test for appearance of impropriety* is whether the conduct would create in reasonable minds a perception that the judge violated this Code or engaged in other conduct that reflects adversely on the judge's honesty, impartiality,* temperament, or fitness to serve as a judge.

[6] A judge is encouraged to initiate and participate in appropriate community outreach activities for the purpose of promoting public understanding of and confidence in the administration of justice. In conducting such activities, the judge must act in a manner consistent with this Code. See, e.g., Rules 3.1 and 3.7.

## Rule 1.3 Avoiding Abuse of the Prestige of Judicial Office

**A judge shall not abuse the prestige of judicial office to advance the personal or economic interests\* of the judge or others, or allow others to do so.**

## Comment

[1] It is improper for a judge to use or attempt to use the judge's position to gain personal advantage or preferential treatment of any kind. For example, a judge must not refer to the judge's judicial status to gain favorable treatment in encounters with traffic officials. Similarly, a judge must not use judicial letterhead to gain an advantage in conducting personal business.

[2] A judge may provide an educational or employment reference or recommendation for an individual based on the judge's personal knowledge.*  The judge may use official letterhead and sign the recommendation using the judicial title if the judge's knowledge* of the applicant's qualifications arises from observations made in the judge's judicial capacity. The recommendation may not be accompanied by conduct that reasonably would be perceived as an attempt to exert pressure on the recipient to hire or admit the applicant. Where a judge's knowledge* of the applicant's qualifications does not arise from observations made in the judge's judicial capacity, the judge may not use official letterhead, court email, or the judicial title, but the judge may send a private letter stating the judge's personal recommendation. The judge may refer to the judge's current position and title in the body of the private letter only if it is relevant to some substantive aspect of the recommendation.

Court hiring policies may impose additional restrictions on recommendations for employment in the judicial branch, and the law* may impose additional restrictions on recommendations for employment in state government. See, e.g., G. L. c. 66, § 3A ; G. L. c. 276, § 83; G. L. c. 211B, § 10(D). See also Trial Court Personnel Policies and Procedures Manual, § 4.000, et seq. See Rule 3.3 for instances when a judge is asked to provide a character reference on behalf of a bar applicant or provide information for a background investigation in connection with an application for public employment or for security clearance.

[3] Judges may participate in the process of judicial selection by cooperating with screening, nominating, appointing, and confirming authorities. Judges may make recommendations to and respond to inquiries from such entities concerning the professional qualifications of a person being considered for judicial office. Judges also may testify at confirmation hearings.

[4] Special considerations arise when judges write or contribute to publications of for-profit entities, whether related or unrelated to the law.* A judge should not permit anyone associated with the publication of such materials to exploit the judge's office in a manner that violates this Rule or other applicable law.* In contracts for publication of a judge's writing, the judge should retain sufficient control over the advertising to avoid such exploitation.

## CANON 2:
## A JUDGE SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY,* COMPETENTLY, AND DILIGENTLY

### Rule 2.1 Giving Precedence to the Duties of Judicial Office

**The duties of judicial office, as prescribed by law,\* shall take precedence over all of a judge's personal and extrajudicial activities.**

### Comment

[1] To ensure that judges are available to fulfill their judicial duties, judges must conduct their personal and extrajudicial activities to minimize the risk of conflicts that would result in frequent disqualification. See Canon 3.

[2] Although it is not a duty of judicial office unless prescribed by law,* judges are encouraged to participate in activities that promote public understanding of and confidence in the justice system. See Rule 3.7.

[3] With respect to time devoted to personal and extrajudicial activities, this Rule must be construed in a reasonable manner. Family obligations, illnesses, and emergencies may require a judge's immediate attention. Attending to those obligations and situations is not prohibited by this Rule.

### Rule 2.2 Impartiality and Fairness

**A judge shall uphold and apply the law,\* and shall perform all duties of judicial office fairly and impartially.\***

### Comment

[1] To ensure impartiality* and fairness to all parties, a judge must be objective and open-minded.

[2] Although each judge comes to the bench with a unique background and personal philosophy, a judge must interpret and apply the law* without regard to whether the judge approves or disapproves of the law* in question.

[3] When applying and interpreting the law,* a judge sometimes may make good faith errors of fact or law.* Errors of this kind do not violate this Rule. In the absence of fraud, corrupt motive, or clear indication that the judge's conduct was in bad faith or otherwise violates this Code, it is not

44

a violation for a judge to make findings of fact, reach legal conclusions, or apply the law as the judge understands it.

[4] It is not a violation of this Rule for a judge to make reasonable accommodations to ensure self-represented litigants are provided the opportunity to have their matters fairly heard. See Rule 2.6(A).

### Rule 2.3 Bias, Prejudice, and Harassment

**(A) A judge shall perform the duties of judicial office, including administrative duties, without bias, prejudice, or harassment.**

**(B) A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice or engage in harassment, including bias, prejudice, or harassment based upon a person's status or condition. A judge also shall not permit court personnel\* or others subject to the judge's direction and control to engage in such prohibited behavior.**

**(C) A judge shall require lawyers in proceedings before the court to refrain from manifesting bias or prejudice or engaging in harassment against parties, witnesses, lawyers, or others, including bias, prejudice, or harassment based upon a person's status or condition.**

**(D) This rule does not preclude judges or lawyers from making legitimate reference to a person's status or condition when it is relevant to an issue in a proceeding.**

### Comment

[1] A judge who manifests bias or prejudice or engages in harassment in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute. A judge must avoid words or conduct that may reasonably be perceived as manifesting bias or prejudice or engaging in harassment.

[2] As used in this Rule, examples of status or condition include but are not limited to race, color, sex, gender identity or expression, religion, nationality, national origin, ethnicity, citizenship or immigration status, ancestry, disease or disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation.

[3] As used in this Rule, examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; improper suggestions of connections between status or condition and crime; and irrelevant references to personal characteristics. Even facial expressions and body language can convey an appearance of bias or prejudice to parties and lawyers in the proceeding, jurors, the media, and others.

[4] As used in this Rule, harassment is verbal or physical conduct that denigrates or shows hostility or aversion toward a person on bases such as those listed in Comment [2].

[5] Sexual harassment includes but is not limited to sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome.

**Rule 2.4 External Influences on Judicial Conduct**

**(A) A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.**

**(B) A judge shall not permit family, social, political, financial, or other interests or relationships to influence the judge's judicial conduct or judgment.**

**(C) A judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the judge.**

**Comment**

[1] An independent judiciary requires that judges decide cases according to the law* and facts, without regard to whether particular laws* or litigants are popular or unpopular with the public, the media, government officials, or the judge's friends or family. Confidence in the judiciary is eroded if judicial decision-making is perceived to be subject to inappropriate outside influences.

**Rule 2.5 Competence, Diligence, and Cooperation**

**(A) A judge shall perform judicial and administrative duties competently, diligently, and in a timely manner.**

**(B) A judge shall cooperate with other judges and court officials in the administration of court business.**

**Comment**

[1] Competence in the performance of judicial duties requires the legal knowledge,* skill, thoroughness, and preparation reasonably necessary to perform a judge's responsibilities of judicial office.

[2] A judge should seek the necessary resources to discharge all adjudicative and administrative responsibilities.

[3] Timely disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under advisement, and to take reasonable measures to ensure that court personnel,* litigants, and lawyers cooperate with the judge to that end.

[4] In disposing of matters efficiently and in a timely manner, a judge must demonstrate due regard for the rights of parties to be heard and to have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases in ways that reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs.

**Rule 2.6 Ensuring the Right to be Heard**

**(A) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law.\* A judge may make reasonable efforts, consistent with the law,\* to facilitate the ability of all litigants, including self-represented litigants, to be fairly heard.**

**(B) A judge may encourage parties and their lawyers to resolve matters in dispute and, in accordance with applicable law,\* may participate in settlement discussions in civil proceedings and plea discussions in criminal proceedings, but shall not act in a manner that coerces any party into settlement or resolution of a proceeding.**

**Comment**

[1] The right to be heard is an essential component of a fair and impartial\* system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed.

[1A] The judge has an affirmative role in facilitating the ability of every person who has a legal interest in a proceeding to be fairly heard. In the interest of ensuring fairness and access to justice, judges may make reasonable accommodations that help self-represented litigants to understand the proceedings and applicable procedural requirements, secure legal assistance, and be heard according to law.\* The judge should be careful that accommodations do not give self-represented litigants an unfair advantage or create an appearance of judicial partiality. In some circumstances, particular accommodations for self-represented litigants are required by decisional or other law.\* In other circumstances, potential accommodations are within the judge's discretion. By way of illustration, a judge may: (1) construe pleadings liberally; (2) provide brief information about the proceeding and evidentiary and foundational requirements; (3) ask neutral questions to elicit or clarify information; (4) modify the manner or order of taking evidence or hearing argument; (5) attempt to make legal concepts understandable; (6) explain the basis for a ruling; and (7) make referrals as appropriate to any resources available to assist the litigants. For civil cases involving self-represented litigants, the Judicial Guidelines for Civil Hearings Involving Self-Represented Litigants (April 2006) provides useful guidance to judges seeking to exercise their discretion appropriately so as to ensure the right to be heard.

[2] A judge may encourage parties and their lawyers to resolve matters in dispute. A judge's participation in settlement discussions in civil proceedings and plea discussions in criminal proceedings must be conducted in accordance with applicable law.\* Judicial participation may play an important role, but the judge should be careful that the judge's efforts do not undermine any party's right to be heard according to law.\* The judge should keep in mind the effect that the judge's participation may have not only on the judge's own views of the case, but also on the perceptions of the lawyers and the parties if these efforts are unsuccessful and the case remains with the judge. Other factors that a judge should consider when deciding upon an appropriate practice for a case include: (1) whether the parties have requested or voluntarily consented to a certain level of participation by the judge; (2) whether the parties and their counsel are relatively sophisticated in legal matters; (3) whether the case will be tried by the judge or a jury; (4) whether the parties participate with their counsel in the discussions; (5) whether any parties are self-represented; (6) whether the matter is civil or criminal; and (7) whether there is a history of physical or emotional violence or abuse between the parties. See Rule 2.9(A)(4).

[3] Judges must be mindful of the effect settlement or plea discussions can have not only on their objectivity and impartiality,* but also on the appearance of their objectivity and impartiality.* Despite a judge's best efforts, there may be instances when information obtained during such discussions could influence a judge's decision-making during trial, and, in such instances, the judge should consider whether disqualification may be appropriate. See Rule 2.11.

**Rule 2.7 Responsibility to Decide**

**A judge shall hear and decide matters assigned to the judge, except when disqualification is required by Rule 2.11 or other law.***

**Comment**

[1] Although there are times when disqualification is necessary to protect the rights of litigants and preserve public confidence in the independence,* integrity,* and impartiality* of the judiciary, judges must be available to decide matters that come before the court. Unwarranted disqualification may bring public disfavor to the court and to the judge personally. The dignity of the court, the judge's respect for fulfillment of judicial duties, and a proper concern for the burdens that may be imposed upon the judge's colleagues require that a judge not use disqualification to avoid cases that present difficult, controversial, or unpopular issues.

**Rule 2.8 Decorum, Demeanor, and Communication with Jurors**

**(A) A judge shall require order and decorum in proceedings before the court.**

**(B) A judge shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, court personnel,* and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers, court personnel,* and others subject to the judge's direction and control.**

**(C) A judge shall not commend or criticize jurors for their verdict other than in a court order or opinion in a proceeding but may express appreciation to jurors for their service to the judicial system and the community.**

**Comment**

[1] The duty to conduct all proceedings with patience and courtesy is not inconsistent with the duty imposed in Rule 2.5 to dispose promptly of the business of the court. Judges can be efficient and businesslike while being patient and deliberate.

[2] Commending or criticizing jurors for their verdict, other than in a court order or opinion, may imply a judicial expectation in future cases and may impair a juror's ability to be fair and impartial* in a subsequent case. Such commendations or criticisms of verdicts could also be perceived as calling into question the judge's ability to rule impartially* on any post-trial motions, or on remand, in the same case.

[3] A judge who is not otherwise prohibited by law* from doing so may meet with jurors who choose to remain after trial but should be careful not to discuss the merits of the case.

48

**Rule 2.9 Ex Parte Communications**

**(A) A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending\* or impending matter,\* except as follows:**

> **(1) When circumstances require it, ex parte communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:**

>> **(a) the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication; and**

>> **(b) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication, and gives the parties an opportunity to respond.**

> **(2) A judge may engage in ex parte communications in specialty courts,\* as authorized by law.\***

> **(3) A judge may consult with court personnel\* whose function is to aid the judge in carrying out the judge's adjudicative responsibilities, or with other judges, subject to the following:**

>> **(a) a judge shall take all reasonable steps to avoid receiving from court personnel\* or other judges factual information concerning a case that is not part of the case record. If court personnel\* or another judge nevertheless brings information about a matter that is outside of the record to the judge's attention, the judge may not base a decision on it without giving the parties notice of that information and an opportunity to respond. Consultation is permitted between a judge, clerk-magistrate, or other appropriate court personnel\* and a judge taking over the same case or session in which the case is pending with regard to information learned from prior proceedings in the case that may assist in maintaining continuity in handling the case;**

>> **(b) when a judge consults with a probation officer, housing specialist, or comparable court employee about a pending\* or impending\* matter, the consultation shall take place in the presence of the parties who have availed themselves of the opportunity to appear and respond, except as provided in Rule 2.9(A)(2);**

>> **(c) a judge shall not consult with an appellate judge, or a judge in a different Trial Court Department, about a matter that the judge being consulted might review on appeal; and**

>> **(d) no judge shall consult with another judge about a pending matter\* before one of them when the judge initiating the consultation knows\* the other judge has a financial, personal or other interest that would preclude the other judge from hearing the case, and no judge shall engage in such a consultation when the judge knows\* he or she has such an interest.**

> **(4) A judge may, with the consent of the parties, confer separately with the parties and their lawyers in an effort to settle civil matters pending before the judge.**

> **(5) A judge may initiate, permit, or consider any ex parte communication when authorized by law\* to do so.**

**(B) If a judge inadvertently receives an unauthorized ex parte communication bearing upon the substance of a matter, the judge shall make provision promptly to notify the parties of the substance of the communication.**

**(C) A judge shall consider only the evidence presented and any adjudicative facts that may properly be judicially noticed, and shall not undertake any independent investigation of the facts in a matter.**

**(D) A judge shall make reasonable efforts, including providing appropriate supervision, to ensure that this Rule is not violated by court personnel.\***

**Comment**

[1] To the extent reasonably possible, all parties or their lawyers shall be included in communications with a judge.

[1A] "Ex parte communication" means a communication pertaining to a proceeding that occurs without notice to or participation by all other parties or their representatives between a judge (or court personnel\* acting on behalf of a judge) and (i) a party or a party's lawyer, or (ii) another person who is not a participant in the proceeding

[2] Whenever the presence of a party or notice to a party is required by this Rule, it is the party's lawyer, or if the party is self-represented, the party, who is to be present or to whom notice is to be given, unless otherwise required by law.\* For example, court rules with respect to Limited Assistance Representation may require that notice be given to both the party and the party's limited assistance attorney.

[3] The proscription against ex parte communications concerning a proceeding includes communications with lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted by this Rule.

[4] Paragraph (A)(2) permits a judge to engage in ex parte communications in conformance with law,\* including court rules and standing orders, governing operation of specialty courts.\*

[4A] Ex parte communications with probation officers, housing specialists, or other comparable court employees are permitted in specialty courts\* where authorized by law.\* See Paragraph (A)(2) and Comment [4]. Where ex parte communications are not permitted, a judge may consult with these employees ex parte about the specifics of various available programs so long as there is no discussion about the suitability of the program for a particular party.

[5] A judge may consult with other judges, subject to the limitations set forth by this Rule. This is so whether or not the judges serve on the same court. A judge must avoid ex parte communications about a matter with a judge who has previously been disqualified from hearing the matter or with an appellate judge who might be called upon to review that matter on appeal. The same holds true with respect to those instances in which a judge in one department of the trial court may be called upon to review a case decided by a judge in a different department; for example, a judge in the Superior Court may be required to review a bail determination made by a judge in the District Court. The ap-

50

pellate divisions of the Boston Municipal Court and of the District Court present a special situation. The judges who sit as members of these appellate divisions review on appeal cases decided by judges who serve in the same court department. However, the designation of judges to sit on the appellate divisions changes quite frequently; every judge on the Boston Municipal Court will, and every judge on the District Court may, serve for some time as a member of that court's appellate division. Judges in the same court department are not barred from consulting with each other about a case, despite the possibility that one of the judges may later review the case on appeal. However, when a judge is serving on an appellate division, the judge must not review any case that the judge has previously discussed with the judge who decided it; disqualification is required. Consultation between or among judges, if otherwise permitted, is appropriate only if the judge before whom the matter is pending* does not abrogate the responsibility personally to decide it.

[6] The prohibition in Paragraph (C) against a judge independently investigating adjudicative facts applies equally to information available in all media, including electronic media.

[7] A judge may consult the Committee on Judicial Ethics, the State Ethics Commission, outside counsel, or legal experts concerning the judge's compliance with this Code.

## Rule 2.10 Judicial Statements on Pending and Impending Cases

**(A) A judge shall not make any statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending\* or impending\* in any Massachusetts court.**

**(B) A judge shall not, in connection with cases, controversies, or issues that are likely to come before any Massachusetts court, make pledges, promises, or commitments that are inconsistent with the impartial\* performance of the duties of judicial office.**

**(C) A judge shall require court personnel\* to refrain from making statements that the judge would be prohibited from making by Paragraphs (A) and (B).**

**(D) Subject to the restrictions in Paragraphs (A) and (B), a judge may make statements that explain the procedures of the court, general legal principles, or what may be learned from the public record in a case. A judge may comment on any proceeding in which the judge is a litigant in a personal capacity.**

**(E) Subject to the restrictions in Paragraphs (A) and (B), a judge may respond directly or through a third party to public criticisms of the judge's behavior, but shall not respond to public criticisms of the substance of the judge's rulings other than by statements consistent with Paragraph (D).**

**(F) Subject to the restrictions in Paragraphs (A) and (B), a judge may speak, write, or teach about issues in pending\* or impending\* matters, but not matters pending\* or impending\* before that judge, when such comments are made in legal education programs and materials, scholarly presentations and related materials, or learned treatises, academic journals, and bar publications.**

## Comment

[1] This Rule's restrictions on judicial speech are essential to the maintenance of the independence,* integrity,* and impartiality* of the judiciary.

[2] Paragraph (A) does not apply to any oral or written statement or decision by a judge in the course of adjudicative duties. A judge is encouraged to explain on the record at the time decisions are made the basis for those decisions or rulings, including decisions concerning bail and sentencing. By helping litigants to understand the basis for decisions in cases, the judge also promotes public understanding of judicial proceedings.

[3] "[A]ny Massachusetts court" for purposes of this Rule means any state or federal court within the Commonwealth of Massachusetts.

[4] The requirement that a judge abstain from statements regarding a pending* or impending* matter continues throughout the appellate process and until final disposition.

[5] This Rule does not prohibit a judge from commenting on proceedings in which the judge is a litigant in a personal capacity. However, even in such instances, a judge must act in a manner that promotes public confidence in the independence,* integrity,* and impartiality* of the judiciary, and shall avoid impropriety* and the appearance of impropriety.*

[6] Paragraph (D) permits the dissemination of public information to educate and inform the public, while assuring the public that cases are tried only in the judicial forum devoted to that purpose. A judge may explain to the media or general public the procedures of the court and general legal principles such as the procedures and standards governing a "dangerousness hearing" under G. L. c. 276, § 58A, or restraining orders under G. L. c. 209A. A judge may also explain to the media or the general public what may be learned from the public record in a particular case. For example, a judge may respond to questions from a reporter about a judicial action that was taken and may correct an incorrect media report by referring to matters that may be learned from pleadings, documentary evidence, and proceedings held in open court. Paragraph (D) permits similar responsive comments or explanations by a judge acting in accordance with the judge's administrative duties.

[7] As used in Paragraph (E), "behavior" does not include the substance of a judge's rulings. For example, a judge may respond to criticism that the judge is disrespectful to litigants, but may not respond to criticism that the judge made an incorrect ruling other than by statements allowed by Paragraph (D).

[8] The authorizations to comment in this Rule are permissive, not suggestive. A judge is not required to respond to statements in the media or elsewhere. Depending on the circumstances, the judge should consider the timing of any response and whether it may be preferable for a third party, rather than the judge, to respond.

[9] When speaking, writing, or teaching about issues in cases or matters, a judge must take care that the judge's comments do not impair public confidence in the independence,* integrity,* or impartiality* of the judiciary.

52

[10] When a judge orally renders a decision and intends to explain the judge's reasons in a written memorandum, the judge should simultaneously inform the parties that an explanatory memorandum will be forthcoming. When a judge has not indicated at the time the judge issues the underlying order that a written explanatory comment will be forthcoming and such a memorandum has not been requested by a party or by an appellate single justice or court, a judge has the discretion to issue an explanatory memorandum. The exercise of that discretion should be informed by the following guidance:

(i) A judge should weigh, at a minimum, the following factors:

the importance of avoiding or alleviating the parties' or the public's misunderstanding or confusion by supplementing the record to reflect in more detail the reasons in support of the judge's earlier decision;

the amount of time that has elapsed since the order was issued and the extent to which the judge's reasons for the decision remain fresh in the judge's mind;

the risk that an explanatory memorandum may unfairly affect the rights of a party or appellate review of the underlying order; and

the danger that the issuance of an explanatory memorandum would suggest that judicial decisions are influenced by public opinion or criticism voiced by third parties, and would not promote confidence in the courts and in the independence,* integrity,* and impartiality* of judges.

(ii) An explanatory memorandum is appropriate only if issued within a reasonable time of the underlying order and if the judge clearly recalls the judge's reasons for the decision. An explanatory memorandum should not rely on any information that was not in the record before the judge at the time of the underlying order.

(iii) A judge may not issue an explanatory memorandum if the court no longer has authority to alter or amend the underlying order. For example, a judge may not issue an explanatory memorandum when:

the underlying order is the subject of an interlocutory appeal, report, or other appellate proceeding that has already been docketed in the appellate court, unless such a memorandum has been requested by an appellate single justice or court;

the case has been finally adjudicated in the trial court, no timely-filed post-judgment motions are pending,* and the time within which the court may modify its orders and judgments on its own initiative has passed; or

an appeal has been taken from a final order or judgment, and the appeal has been docketed in the appellate court.

**Rule 2.11 Disqualification**

**(A) A judge shall disqualify himself or herself in any proceeding in which the judge cannot be impartial* or the judge's impartiality* might reasonably be questioned, including but not limited to the following circumstances:**

**(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge* of facts that are in dispute in the proceeding.**

**(2) The judge knows* that the judge, the judge's spouse or domestic partner,* or a person within the third degree of relationship* to either of them, or the spouse or domestic partner* of such a person is:**

**(a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;**

(b) acting as a lawyer in the proceeding;

(c) a person who has more than a de minimis financial or other interest that could be substantially affected by the proceeding; or

(d) likely to be a material witness in the proceeding.

(3) The judge knows* that he or she, individually or as a fiduciary,* or the judge's spouse, domestic partner,* parent, or child, or any other member of the judge's family residing in the judge's household,* has an economic interest* in the subject matter in controversy or is a party to the proceeding.

(4) The judge, while a judge or a judicial applicant* or judicial nominee,* has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits or appears to commit the judge to reach a particular result or rule in a particular way in the proceeding or controversy.

(5) The judge:

(a) served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association;

(b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy;

(c) was a material witness concerning the matter; or

(d) previously presided as a judge over the matter in another court.

(B) A judge shall keep informed about the judge's personal and fiduciary* economic interests,* and make a reasonable effort to keep informed about the personal economic interests* of the judge's spouse or domestic partner* and minor children residing in the judge's household.

(C) A judge subject to disqualification under this Rule, other than for bias or prejudice under Paragraph (A)(1), may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of and without participation by the judge and court personnel,* whether to waive disqualification. If, following a consultation that is free from coercion, express or implied, the parties and lawyers agree that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

Comment

[1] A judge is disqualified from any matter if the judge cannot satisfy both a subjective and an objective standard. The subjective standard requires disqualification if the judge concludes that he or she cannot be impartial.* The objective standard requires disqualification whenever the judge's impartiality* might reasonably be questioned by a fully-informed disinterested observer, regardless of whether any of the specific provisions of Paragraphs (A)(1) through (5) apply. By way of example, a judge must disqualify himself or herself from any proceeding in which the judge is a client of a party's lawyer or the lawyer's firm. Whether a judge must continue to disqualify himself or herself after this attorney-client relationship has concluded should be determined by considering all relevant factors, including the terms on which the lawyer provided representation, the length of time since the representation concluded, the nature and subject matter of the representation, and the extent of the attorney-client relationship, including the length of the relationship and the frequency of contacts be-

tween the judge and the lawyer. A judge must also bear in mind that social relationships may contribute to a reasonable belief that the judge cannot be impartial.

[2] A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed.

[3] The rule of necessity may override the rule of disqualification. For example, a judge might be required to participate in judicial review of a judicial salary statute, or might be the only judge available in a matter requiring immediate judicial action, such as a hearing on probable cause or a temporary restraining order. In matters that require immediate action, the judge must disclose on the record the basis for possible disqualification and make reasonable efforts to transfer the matter to another judge as soon as practicable.

[4] The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not itself disqualify the judge. If, however, under the circumstances, the judge's impartiality* might reasonably be questioned under Paragraph (A), then the judge's disqualification is required.

[5] A judge should disclose on the record information that the judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the judge believes there is no basis for disqualification.

[6] The filing of a judicial discipline complaint during the pendency of a matter does not necessarily require disqualification of the judge presiding over the matter. The judge's decision to disqualify in such circumstances must be resolved on a case-by-case basis.

## Rule 2.12 Supervisory Duties

**(A) A judge shall require court personnel\* and others subject to the judge's direction and control to act in a manner consistent with the judge's obligations under this Code.**

**(B) A judge with supervisory authority for the performance of other judges shall take reasonable measures to ensure that those judges properly discharge their judicial responsibilities, including the prompt disposition of matters before them.**

### Comment

[1] A judge may not direct court personnel* to engage in conduct on the judge's behalf or as the judge's representative when such conduct would violate the Code if undertaken by the judge.

[2] Public confidence in the judicial system depends upon timely justice. To promote the efficient administration of justice, a judge with supervisory authority must take the steps needed to ensure that those under the judge's supervision administer their workloads promptly.

## Rule 2.13 Administrative Appointments

**(A) In making administrative appointments, a judge shall:**

**(1) exercise the power of appointment impartially\* and on the basis of merit; and**

**(2) avoid nepotism, favoritism, and unnecessary appointments.**

**(B) A judge shall not approve compensation of appointees beyond the fair value of services rendered.**

**Comment**

[1] Appointees of a judge may include assigned counsel, guardians ad litem, special masters, receivers, and any court personnel\* subject to appointment by a judge. Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by this Rule. Compliance with court rules pertaining to fee-generating appointments satisfies the judge's obligations under Paragraph (A). See SJC Rule 1:07.

[2] Unless otherwise defined by law,\* nepotism is the appointment or hiring of any relative within the third degree of relationship\* of either the judge or the judge's spouse or domestic partner,\* or the spouse or domestic partner\* of such relative. See also Trial Court Personnel Policies and Procedures Manual, § 4.304.

**Rule 2.14 Disability and Impairment**

**A judge having a reasonable belief that the performance of a lawyer or another judge is impaired by drugs or alcohol, or by a mental, emotional, or physical condition, shall take appropriate action, which may include a confidential referral to a lawyer or judicial assistance program.**

**Comment**

[1] Taking appropriate action to address disability or impairment pursuant to this Rule is part of a judge's judicial duties. This Rule requires a judge to take appropriate action even if the disability or impairment has not manifested itself in a violation of the Rules of Professional Conduct or the Code of Judicial Conduct. See Rule 2.15, which requires a judge to take action to address violations of the Rules of Professional Conduct or the Code of Judicial Conduct.

[2] Appropriate action means action intended and reasonably likely to help the judge or lawyer in question address the problem and prevent harm to the justice system. Depending upon the circumstances, appropriate action may include but is not limited to speaking directly to the impaired person, notifying an individual with supervisory responsibility over the impaired person, or making a referral to an assistance program. If the lawyer is appearing before the judge, a judge may defer taking action until the matter has been concluded, but must do so as soon as practicable thereafter. However, immediate action is compelled when a lawyer is unable to provide competent representation to the lawyer's client.

[3] Taking or initiating corrective action by way of referral to an assistance program may satisfy a judge's responsibility under this Rule. Assistance programs have many approaches for offering help to impaired judges and lawyers, such as intervention, counseling, or referral to appropriate health care professionals. Depending upon the gravity of the conduct that has come to the judge's attention, however, the judge may be required to take other action. See Rule 2.15.

56

## Rule 2.15 Responding to Judicial and Lawyer Misconduct

**(A) A judge having knowledge\* that another judge has committed a violation of this Code that raises a substantial question regarding the judge's honesty, integrity,\* trustworthiness, or fitness as a judge in other respects shall inform the Chief Justice of the Supreme Judicial Court, the Chief Justice of the court on which the judge sits, and if the judge is a Trial Court judge, the Chief Justice of the Trial Court.**

**(B) A judge having knowledge\* that a lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, integrity,\* trustworthiness, or fitness as a lawyer in other respects shall inform the Office of Bar Counsel.**

**(C) A judge having knowledge\* of or receiving credible information indicating a substantial likelihood that another judge has otherwise violated this Code shall take appropriate action.**

**(D) A judge having knowledge\* of or receiving credible information indicating a substantial likelihood that a lawyer has otherwise violated the Rules of Professional Conduct shall take appropriate action.**

## Comment

[1] Taking action to address known\* misconduct is part of a judge's duties. Paragraphs (A) and (B) impose an obligation on the judge to report to the appropriate authority the known\* misconduct of another judge or a lawyer that raises a substantial question regarding the honesty, integrity,\* trustworthiness, or fitness of that judge or lawyer. Ignoring or denying known\* misconduct among one's judicial colleagues or members of the legal profession undermines a judge's responsibility to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those offenses that an independent judiciary must vigorously endeavor to prevent. If the lawyer is appearing before the judge, a judge may defer making a report until the matter has been concluded, but the report should be made as soon as practicable thereafter. However, an immediate report is compelled when a person will likely be injured by a delay in reporting, such as where the judge has knowledge\* that a lawyer has embezzled client or fiduciary\* funds and delay may impair the ability to recover the funds.

[2] A judge who has knowledge\* or receives credible information indicating a substantial likelihood that a judge has otherwise violated this Code, or that a lawyer has otherwise violated the Rules of Professional Conduct, is required to take appropriate action under Paragraph (C) or (D). Appropriate action pursuant to Paragraph (C) may include communicating directly with the judge, reporting to the first justice or regional administrative justice of the court where the violation occurred or where that judge often sits, reporting to the Chief Justice of that judge's court, and/or calling the judicial hotline maintained by Lawyers Concerned for Lawyers. Appropriate action pursuant to Paragraph (D) may include communicating directly with the lawyer, reporting to the lawyer's supervisor or employer, and/or reporting to the Office of Bar Counsel. These lists of actions are illustrative and not meant to be limiting. If the lawyer is appearing before the judge, a judge may defer taking action until the matter has been concluded, but action should be taken as soon as practicable thereafter. Reporting a violation is especially important where the victim is unlikely to discover the offense, and an immediate report is compelled when a person will likely be injured by a delay in reporting.

**Rule 2.16 Cooperation with Disciplinary Authorities**

**(A) A judge shall cooperate and be candid and honest with judicial and lawyer disciplinary authorities.**

**(B) A judge shall not retaliate, directly or indirectly, against a person known\* or suspected to have assisted or cooperated with an investigation of a judge or a lawyer.**

**Comment**

[1] Cooperation with investigations and proceedings of judicial and lawyer discipline authorities, as required in Paragraph (A), instills confidence in judges' commitment to the integrity\* of the judicial system and the protection of the public.

### CANON 3:
### A JUDGE SHALL CONDUCT THE JUDGE'S PERSONAL AND EXTRAJUDICIAL ACTIVITIES TO MINIMIZE THE RISK OF CONFLICT WITH THE OBLIGATIONS OF JUDICIAL OFFICE

**Rule 3.1 Extrajudicial Activities in General**

**A judge may engage in extrajudicial activities, except as prohibited by law\* or this Code. However, when engaging in extrajudicial activities, a judge shall not:**

**(A) participate in activities that are reasonably likely to interfere with the proper performance of the judge's judicial duties;**

**(B) participate in activities that are reasonably likely to lead to recurrent disqualification of the judge;**

**(C) participate in activities that would appear to a reasonable person to undermine the judge's independence,\* integrity,\* or impartiality\*;**

**(D) engage in conduct that would appear to a reasonable person to be coercive; or**

**(E) make use of court premises, staff, stationery, equipment, or other resources, except for use that is reasonable in scope, not prohibited by law,\* and incidental to activities that concern the law,\* the legal system, or the administration of justice.**

**Comment**

[1] To the extent that time permits, and judicial independence\* and impartiality\* are not compromised, judges are encouraged to engage in appropriate extrajudicial activities. Judges are uniquely qualified to engage in extrajudicial activities that concern the law,\* the legal system, and the administration of justice. In addition, judges are permitted and encouraged to engage in educational, religious, charitable, fraternal or civic extrajudicial activities not conducted for profit, even when the activities do not involve the law.\* Participation in both law-related and other extrajudicial activities

helps integrate judges into their communities, and furthers public understanding of and respect for courts and the judicial system. See Rule 3.7.

[2] This Rule emphasizes that when engaging in any extrajudicial activity, a judge must consider the obligations of judicial office and avoid any activities that are reasonably likely to interfere with those obligations.

[3] Discriminatory actions and expressions of bias or prejudice by a judge, even outside the judge's official or judicial actions, are likely to appear to a reasonable person to call into question the judge's independence,* integrity,* or impartiality.* Examples include jokes or other remarks that demean individuals based upon their race, color, sex, gender identity or expression, religion, nationality, national origin, ethnicity, citizenship or immigration status, ancestry, disease or disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation. For the same reason, a judge's extrajudicial activities must not be conducted in connection or affiliation with an organization that practices invidious discrimination. See Rule 3.6.

[4] While engaged in permitted extrajudicial activities, judges must not coerce others or take action that would reasonably be perceived as coercive. For example, a judge's urging a lawyer who appears in the judge's court to assist on a time-consuming extrajudicial project would create the risk that the person solicited would feel obligated to respond favorably, or would do so to curry favor with the judge.

[5] Paragraph (E) recognizes that reasonable use of public resources to support a judge's law-related activities advances the legitimate interests of the public and the court system.

### Rule 3.2 Appearances before Governmental Bodies and Consultation with Government Officials

**A judge shall not appear voluntarily at a public hearing before, or otherwise consult with, an executive or a legislative body or official, except:**

**(A) in connection with matters concerning the law,* the legal system, or the administration of justice; or**

**(B) when the judge is acting pro se in a matter involving the judge's legal or economic interests,* or when the judge is acting in a fiduciary* capacity pursuant to Rule 3.8.**

### Comment

[1] Judges possess special expertise in matters of law,* the legal system, and the administration of justice, and may properly share that expertise with governmental bodies and executive or legislative branch officials by, for example, proposing new legislation, commenting on new legislation proposed by others, or proposing or commenting on amendments to existing law.* The types of topics that a judge may address include but are not limited to court facilities, funding, staffing, resources, and security; terms of employment, compensation, and other benefits of judges and court personnel*; personal safety of judges and court personnel*; court jurisdiction and procedures; the work of specialty courts*; the admissibility or inadmissibility of evidence; judicial discretion in sentencing; funding for the legal representation of indigents; access to justice; and similar matters.

[2] In appearing before governmental bodies or consulting with government officials, judges must be mindful that they remain subject to other provisions of this Code, such as Rule 1.3, which prohibits judges from abusing the prestige of office to advance their own or others' interests; Rule 2.10, which governs public comment on pending* and impending matters*; and Rule 3.1(C), which prohibits judges from engaging in extrajudicial activities that would appear to a reasonable person to undermine the judge's independence,* integrity,* or impartiality.*

[3] In general, it would be an unnecessary and unfair burden to prohibit judges from appearing before governmental bodies or consulting with government officials on matters that are likely to affect them as private citizens, such as zoning proposals affecting their real property. In engaging in such activities, however, judges must not refer to their judicial positions, and must otherwise exercise caution to avoid abusing the prestige of judicial office.

## Rule 3.3 Testifying as a Character Witness

**A judge shall not testify as a character witness in a judicial, administrative, or other adjudicatory proceeding or otherwise vouch for the character of a person in a legal proceeding, except when duly summoned.**

### Comment

[1] A judge who, without being subpoenaed, testifies as a character witness lends the prestige of judicial office to advance the interests of another. See Rule 1.3. Except in unusual circumstances where the demands of justice require, a judge should discourage a party from requiring the judge to testify as a character witness.

[2] This Rule does not preclude a judge from voluntarily testifying or otherwise vouching for the qualifications, including the character, of an applicant or nominee for judicial or court-related office, as long as the judge's observations are based on the judge's personal knowledge.* See Rule 1.3.

[3] This Rule does not preclude a judge from providing a character reference based on personal knowledge* for an applicant to the bar of any state.

[4] This Rule does not preclude a judge from responding based on personal knowledge* to an inquiry from any state or federal entity, or a contractor for such an entity, conducting a background investigation in connection with an application for public employment or for security clearance.

## Rule 3.4 Appointments to Governmental Positions

**A judge shall not accept appointment to a governmental committee, board, commission, or other governmental position, unless it is one that concerns the law,* the legal system, or the administration of justice.**

### Comment

[1] This Rule implicitly acknowledges the value of judges accepting appointments to entities that concern the law,* the legal system, or the administration of justice. However, a judge must assess

the appropriateness of accepting an appointment, paying particular attention to the subject matter of the appointment, see Rule 3.2, and the availability and allocation of judicial resources, including the judge's time commitments, and giving due regard to the importance of respecting the separation of powers, upholding the independence,* integrity,* and impartiality* of the judiciary, and minimizing judicial disqualification. Furthermore, acceptance of extrajudicial appointments is subject to applicable restrictions relating to multiple office holding set forth in the Constitution of the Commonwealth. See Part 2, Chapter 6, Article II and Article VIII of the Amendments to the Constitution. A judge should regularly reexamine the propriety of continuing in the appointed position, as the composition and/or mission of any such committee, board, or commission may change.

[2] A judge may represent the United States, the Commonwealth of Massachusetts, or the judge's county, city or town on ceremonial occasions or in connection with historical, educational, or cultural activities. Such representation does not constitute acceptance of a government position.

## Rule 3.5 Use of Nonpublic Information

**A judge shall not knowingly* disclose or use nonpublic information* acquired in a judicial capacity for any purpose unrelated to the judge's judicial duties.**

## Comment

[1] In the course of performing judicial duties, a judge may acquire information of commercial or other value that is unavailable to the public. The judge must not reveal or use such information for personal gain or for any purpose unrelated to the performance of judicial duties.

[2] This Rule is not intended to affect a judge's ability to act on information as necessary to protect the health or safety of the judge or a member of the judge's family,* court personnel,* or any other person if consistent with other provisions of this Code.

## Rule 3.6 Affiliation with Discriminatory Organizations

**(A) A judge shall not hold membership in any organization that practices invidious discrimination.**

**(B) A judge shall not use the benefits or facilities of an organization if the judge knows* or should be aware that the organization practices invidious discrimination. A judge's attendance at an event in a facility of such organization is not a violation of this Rule when the judge's attendance is an isolated event that could not reasonably be perceived as an endorsement of the organization's practices.**

## Comment

[1] A judge's public manifestation of approval of invidious discrimination diminishes public confidence in the integrity* and impartiality* of the judiciary. A judge's membership in an organization that practices invidious discrimination similarly diminishes public confidence in the integrity* and impartiality* of the judiciary.

[2] Whether an organization practices invidious discrimination is a complex question to which judges must be attentive. The answer cannot be determined from a mere examination of an organization's current membership rolls, but depends upon how the organization selects members, as well as other relevant factors, such as whether the organization is dedicated to the preservation of religious, ethnic, or cultural values of legitimate common interest to its members that do not stigmatize any excluded persons as inferior and therefore unworthy of membership. The purpose of this Rule is to prohibit judges from joining organizations practicing invidious discrimination, whether or not an organization's membership practices are constitutionally protected. When a judge learns that an organization to which the judge belongs engages in invidious discrimination, the judge must resign immediately from the organization.

[3] Whether an organization engages in invidious discrimination is a threshold issue but not the end of the judge's inquiry. Even an organization that does not engage in invidious discrimination may engage in practices such that a judge's membership in the organization might erode public confidence in the impartiality* of the judiciary. Before holding membership in any organization, a judge must consider whether membership would appear to undermine the judge's impartiality* in the eyes of a reasonable litigant. See Rules 3.1 and 3.7.

[4] A judge's membership in a religious organization as a lawful exercise of the freedom of religion is not a violation of this Rule.

[5] This Rule does not apply to national or state military service.

**Rule 3.7 Participation in Legal, Educational, Religious, Charitable, Fraternal, or Civic Organizations and Activities**

**(A) Subject to the requirements of Rule 3.1, a judge may participate in activities of or sponsored by or on behalf of (i) legal, educational, religious, charitable, fraternal, or civic organizations, which are not conducted for profit, or (ii) governmental entities concerned with the law,\* the legal system, or the administration of justice. Permitted participation includes but is not limited to the following:**

**(1) A judge may serve as a member of the organization.**

**(2) A judge may plan and attend events and activities of the organization.**

**(3) A judge may participate in internal discussions related to fundraising. However, a judge shall not otherwise participate in fundraising, and shall not manage or invest funds belonging to or raised by the organization unless the organization is composed entirely or predominantly of judges and exists to further the educational or professional interests of judges.**

**(4) A judge shall not solicit contributions or members for the organization, except that a judge may solicit contributions or members from members of the judge's family\* or from judges over whom the judge does not exercise supervisory or appellate authority.**

**(5) A judge may serve as an officer, director, trustee, or nonlegal advisor of the organization, unless it is likely that the organization:**

**(a) will be engaged in proceedings that would ordinarily come before the judge; or**

**(b) will frequently be engaged in adversary proceedings in the court of which the judge is a member, or in any court subject to the appellate jurisdiction of the court of which the judge is a member.**

**(6) A judge may serve as a keynote or featured speaker at, receive an award or other comparable recognition at, be featured on the program of, and permit the judge's title to be used in connection with the promotion of an organization's event that is not a fundraising event,\* but shall not do so at a fundraising event\* except as permitted in Paragraph (6A).**

**(6A) A judge may serve as a keynote or featured speaker at, receive an award or other comparable recognition at, be featured on the program of, and permit the judge's title to be used in connection with the promotion of a fundraising event\* only if the event is sponsored by an organization concerned with the law,\* the legal system, or the administration of justice, and that organization promotes the general interests of the judicial branch of government or the legal profession, including enhancing the diversity and professionalism of the bar.**

**(7) A judge may make recommendations to public or private fund-granting organizations or agencies for programs and projects, but only on behalf of organizations that are concerned with the law,\* the legal system, or the administration of justice.**

**(B) A judge may encourage lawyers to provide pro bono publico legal services.**

**(C) A judge may, as a parent or guardian, assist minor children in their fund-raising activities if the procedures employed are not coercive and the sums solicited are modest.**

## Comment

[1] This Rule governs a judge's participation in a variety of activities sponsored by organizations not conducted for profit, whether public or private, and by governmental entities (collectively referred to as "organizations"). Paragraph (A) identifies the types of organizations covered by this Rule. Examples include bar associations, other not-for-profit private organizations, and court-created commissions. The first clause of Paragraph (A), "subject to the requirements of Rule 3.1," emphasizes that even with respect to activities that are explicitly permitted by Rule 3.7, a judge must always consider whether participation would violate Rule 3.1.

[1A] In considering whether participation in any extrajudicial activity would violate Rule 3.1, a judge should consider all relevant factors, including the membership and purposes of the organization, the nature of the judge's participation in or association with the organization or event, whether the organization or its members typically advocate on one side of issues before or likely to come before the court of which the judge is a member or any court subject to the appellate jurisdiction of the court of which the judge is a member, and the number, diversity, and identity of the financial supporters of the organization or sponsors of a particular event. Although activities permitted under this Rule must be of or sponsored by an organization not conducted for profit, this requirement does not preclude the judge from participating in events of an organization that receives sponsorship or financial support from for-profit entities. A judge must avoid giving the impression that the organization, its members, or an event's sponsors are in a special position to influence the judge, and, where appropriate, a judge must avoid giving the impression that the judge favors the organization's mission.

[1B] The Code explicitly encourages certain activities where the nature of a judge's participation will promote public understanding of and confidence in an independent\* judiciary, foster collegiality among the bar and communication and cooperation between the judiciary and the bar, enhance the judge's ability to perform judicial or administrative duties, or otherwise further the goals of the courts.

See, e.g., Rule 1.2, Comments [4] and [6]. So, for example, judges are encouraged to speak about the administration of justice to not-for-profit groups, including business and community groups and bar associations. Such speaking engagements ordinarily will not raise an issue under  Rule 3.1 even when an event or program is held in space provided by a law firm or is financially supported or sponsored by one or more for-profit entities, such as law firms or legal vendors, that do substantial business in the court on which the judge sits. If, however, fundraising is a chief objective of the event or program, Paragraph (A)(6A) governs whether a judge may be a keynote or featured speaker. Giving a presentation at an educational conference where the judge's involvement would help to further the goals of the court system is another example of encouraged participation. Such participation would not ordinarily raise an issue under Rule 3.1 even when the conference is financially supported or sponsored by organizations or vendors that do business in the court on which the judge sits.

[2] The restrictions in Paragraph (A)(4) are necessary because, depending on the circumstances, a judge's solicitation of contributions or members for an organization might create the risk that the person solicited would feel obligated to respond favorably or would do so to curry favor with the judge. However, a judge may be identified by name and title as an organization's officer, director, trustee, non-legal advisor, or member on websites, emails, letterhead, and any other communication materials created and issued by others within the organization to solicit or accept donations or to enroll members so long as comparable designations are used for other persons.

[3] As used in Paragraphs (A)(6) and (A)(6A), a fundraising event* is one for which the organizers' chief objectives include raising money to support the organization's activities beyond the event itself. Unless that is the case, an event is not a fundraising event,* even if the revenues ultimately exceed the cost. A judge may attend a fundraising event* but may not participate in additional activities except as permitted by Paragraph (A)(6A). However, a judge who attends a fundraising event* is not in violation of this Rule merely because a laudatory reference to or about the judge, not announced in advance, is made at the event.

[4] Paragraph (A)(6A) permits a judge to participate in additional activities (e.g., being a featured speaker or receiving an award) at fundraising events* of or sponsored by organizations concerned with the law,* the legal system, or the administration of justice that serve the general interests of the judicial branch of government and the legal profession, including organizations that enhance the diversity and professionalism of the bar. The nature of such organizations makes it unlikely that a judge's involvement would reflect adversely upon that judge's independence,* integrity,* or impartiality.* Organizations concerned with the general interests of the judicial branch of government and the legal profession include general purpose and affinity bar associations (e.g., county bar associations, bar associations composed exclusively or primarily of members of an ethnic group, bar associations specializing in particular practice areas but whose members take positions on both sides of disputed issues), organizations dedicated to enhancing the professionalism of the judicial branch (e.g., the National Center for State Courts), and organizations composed entirely or primarily of judges (e.g., the Massachusetts Judges Conference, the Flaschner Judicial Institute), but exclude organizations composed exclusively or primarily of lawyers who typically take one side of contested issues (e.g., plaintiffs' personal injury bar associations, insurance defense bar associations), organizations dedicated to influencing opinion on contested legal or constitutional issues, or organizations that represent one constituency (e.g., prosecutors, criminal defense counsel).

[5] In addition to the types of participation expressly contemplated by this Rule, a judge's permissible extrajudicial activities often involve teaching or writing on law-related subjects and, on occasion, non-law-related subjects. See Rule 1.3 for special considerations that arise when a judge writes or contributes to publications of a for-profit entity. Similar considerations also may arise if a judge teaches for a for-profit entity.

[6] In addition to appointing lawyers to serve as counsel for indigent parties in individual cases as authorized by law,* a judge may promote broader access to justice by encouraging lawyers to provide pro bono publico or reduced fee legal services, if in doing so the judge does not employ coercion or abuse the prestige of judicial office. Such encouragement may take many forms, including providing lists of available programs, training lawyers to do pro bono publico legal work, and participating in events recognizing lawyers who have done pro bono publico work.

[7] Paragraph (C) is intended to allow a judge to participate in a child's normal, daily activities. Thus, for example, a judge may accompany the judge's child while the child sells Girl Scout cookies or collects UNICEF donations, or may work at a refreshment stand at a school-sponsored sports event intended to raise money to finance a class trip. On the other hand, this provision does not permit a judge to participate in fundraising activities for the primary or exclusive benefit of the judge's own child, such as raising funds so that the judge's child may participate in a school-sponsored trip. The word "assist" is intended to convey that a judge should not engage in direct solicitations on behalf of the child other than from members of the judge's family.* A judge may not, for example, sell Girl Scout cookies in the workplace.

## Rule 3.8 Appointments to Fiduciary Positions

**(A) A judge shall not accept appointment to serve in a fiduciary\* position, except for the estate, trust, or person of a member of the judge's family,\* and then only if such service will not interfere with the proper performance of judicial duties.**

**(B) A judge shall not serve in a fiduciary\* position if the judge as fiduciary\* will likely be engaged in proceedings that would ordinarily come before the judge, or if the estate, trust, or ward becomes involved in adversary proceedings in the court on which the judge serves, or one under its appellate jurisdiction.**

**(C) A judge acting in a fiduciary\* capacity shall be subject to the same restrictions on engaging in financial activities that apply to a judge personally.**

**(D) If a person who is serving in a fiduciary\* position becomes a judge, he or she must comply with this Rule as soon as reasonably possible and in any event within one year.**

## Comment

[1] A judge should recognize that other restrictions imposed by this Code may conflict with a judge's obligations as a fiduciary.* In such circumstances, a judge should resign as fiduciary* as soon as reasonably possible and in any event within one year. For example, serving as a fiduciary* might require frequent disqualification of a judge under Rule 2.11 because a judge is deemed to have

an economic interest* in shares of stock held by a trust if the amount of stock held is more than de minimis.

**Rule 3.9 Service as Arbitrator or Mediator**

**A judge shall not act as an arbitrator or a mediator or perform other judicial functions apart from the judge's official duties unless expressly authorized by law.***

**Comment**

[1] This Rule does not prohibit a judge from participating in mediation, conciliation, or settlement conferences performed as part of judicial duties. Rendering dispute resolution services apart from those duties, whether or not for economic gain, is prohibited unless it is expressly authorized by law.*

**Rule 3.10 Practice of Law**

**A judge shall not practice law,* except that:**

**(A) A judge may act pro se and may, without compensation, give legal advice to and draft or review documents for a member of the judge's family,* but is prohibited from serving as the family member's lawyer in any forum, and**

**(B) A judge may serve as a judge advocate general in the context of a judge's service in the United States Armed Forces, the reserve components of the United States Armed Forces, or the National Guard.**

**Comment**

[1] A judge may act pro se in all legal matters, including matters involving litigation and matters involving appearances before or other dealings with governmental bodies.

[2] A judge must not use the prestige of office to advance the judge's personal or family interests. See Rule 1.3.

[3] While performing legal services in the context of a judge's military service, the judge must confine that conduct to authorized activities.

**Rule 3.11 Financial, Business, or Remunerative Activities**

**(A) A judge may hold and manage investments of the judge and members of the judge's family.***

**(B) A judge shall not serve as an officer, director, manager, general partner, advisor, or employee of any business entity except that a judge may manage or participate in a business entity primarily engaged in investment of the financial resources of the judge or members of the judge's family.***

**(C) A judge shall not engage in financial activities permitted under Paragraphs (A) and (B) if they will:**

66

**(1) interfere with the proper performance of judicial duties;**

**(2) lead to frequent disqualification of the judge;**

**(3) involve the judge in frequent transactions or continuing business relationships with lawyers or other persons likely to come before the court on which the judge serves; or**

**(4) result in violation of other provisions of this Code.**

## Comment

[1] As soon as practicable without serious financial detriment, the judge must divest himself or herself of investments and other financial interests that might require frequent disqualification or otherwise violate this Rule.

[2] Under this Rule, a judge must consider the difference between the permitted management of an investment and the prohibited management of a business. For example, a judge who owns residential or commercial properties as investments may establish policy and participate in decisions regarding the purchase, sale, and use of land, but must leave the actual day-to-day management to others.

### Rule 3.12 Compensation for Extrajudicial Activities

**A judge may accept reasonable compensation for extrajudicial activities permitted by this Code or other law\* unless such acceptance would appear to a reasonable person to undermine the judge's independence,\* integrity,\* or impartiality.\***

## Comment

[1] A judge is permitted to accept wages, salaries, royalties, or other compensation for teaching, writing, and other extrajudicial activities, provided the compensation is commensurate with the task performed and the judge's qualifications to perform that task. A judge must ensure, however, that no conflicts are created by the arrangement. A judge must not appear to trade on the judicial position for personal advantage. See Rule 1.3. In addition, the source, amount, and timing of the payment, alone or in combination, must not raise any question of undue influence or undermine the judge's ability to act independently,\* impartially,\* and with integrity.\* The judge should also be mindful that judicial duties must take precedence over other activities. See Rule 2.1.

[2] A teaching activity may include lecturing in educational programs sponsored by non-profit organizations and associations including but not limited to educational institutions, bar associations, professional associations, providers of continuing legal education, and governmental entities concerned with the law,\* the legal system, or the administration of justice. A judge is not permitted to accept an honorarium or fee for a speaking engagement other than a teaching activity, but may accept reimbursement of expenses. See Rule 3.14.

[3] Compensation derived from extrajudicial activities may be subject to public reporting. See Rule 3.15.

**Rule 3.13 Acceptance and Reporting of Gifts, Loans, Bequests, Benefits, or Other Things of Value**

**(A) A judge shall not accept any gifts, loans, bequests, benefits, or other things of value ("gifts" or "benefits") if acceptance is prohibited by law\* or would appear to a reasonable person to undermine the judge's independence,\* integrity,\* or impartiality.\***

**(B) Unless otherwise prohibited by Paragraph (A), a judge may accept the following gifts or benefits provided that they are not given for or because of the judge's official position or action, without publicly reporting them:**

**(1) gifts or benefits not of substantial value\* as that term is defined by the State Ethics Commission, see 930 C.M.R. 5.05;**

**(2) gifts or benefits from close personal friends\* or relatives whose appearance or interest in a matter pending\* or impending\* before the judge would in any event require disqualification of the judge under Rule 2.11;**

**(3) ordinary social hospitality;**

**(4) gifts or benefits given in connection with a judge's participation in the organizations described in Rule 3.7, so long as the same gifts, benefits, and opportunities are made available on the same terms to similarly situated persons who are not judges;**

**(5) commercial or financial opportunities and benefits, including special pricing and discounts, and loans from lending institutions in their regular course of business, if the same opportunities and benefits or loans are made available on the same terms to similarly situated persons who are not judges;**

**(6) rewards and prizes given to competitors or participants in random drawings, contests, or other events that are open to persons who are not judges;**

**(7) scholarships, fellowships, and similar benefits or awards, if they are available to similarly situated persons who are not judges, based upon the same terms and criteria; and**

**(8) gifts or benefits associated with the business, profession, or other separate activity of a spouse, a domestic partner,\* or other family member of a judge residing in the judge's household,\* but that incidentally benefit the judge.**

**(C) Unless otherwise prohibited by Paragraph (A), a judge may accept any other gift or benefit provided that it is not given for or because of the judge's official position or action, but the judge must publicly report the gift or benefit in the manner required under Rule 3.15.**

**(D) Unless otherwise prohibited by Paragraph (A), a judge may accept the following gifts or benefits given for or because of the judge's official position or action, without publicly reporting them:**

**(1) a gift, award, or other benefit incident to public recognition of the judge, provided the gift is not of substantial value\* as that term is defined by the State Ethics Commission, see 930 C.M.R. 5.05;**

**(2) invitations to the judge to attend without charge a luncheon, dinner, reception, award ceremony, or similar event, held in Massachusetts, of a bar association or other non-profit organization concerned with the law, the legal system, or the administration of justice;**

**(3) discounted or free membership to a bar association or other non-profit organization concerned with the law,\* the legal system, or the administration of justice; and**

**(4) books, magazines, journals, and other resource materials supplied by publishers on a complimentary basis for official use.**

**(E) Unless otherwise prohibited by Paragraph (A), a judge may accept the following gifts or benefits given for or because of the judge's official position or action, but the judge must publicly report the gift or benefit in the manner required under Rule 3.15:**

> **(1) a gift, award, or other benefit incident to public recognition of the judge, if the gift is of substantial value\* as that term is defined by the State Ethics Commission, see  930 C.M.R. 5.05; and**

> **(2) a complimentary invitation for a spouse or domestic partner,\* or other guests, to attend an event of a bar association or other non-profit organization concerned with the law, the legal system, or the administration of justice where a judge is being honored.**

**Comment**

[1] This Rule addresses whether and in what circumstances a judge may accept gifts or other items of value ("gifts" or "benefits") without paying fair market value. Judges, like other public employees, are governed by the conflict of interest laws set forth in G. L. c. 268A and c. 268B and by associated regulatory exemptions that establish exclusions for certain situations that do not present a genuine risk of a conflict of interest or the appearance of a conflict of interest. This Code is largely consistent with c. 268A and regulations adopted by the State Ethics Commission. However, Rule 3.13 differs from those provisions in two important respects. First, because judges are always obligated to uphold and promote the independence,\* integrity,\* and impartiality\* of the judiciary, a judge may not accept any gift or benefit, even if available to other public employees and unrelated to the judge's official position or action, if acceptance would appear to a reasonable person to undermine the judge's independence,\* integrity,\* and impartiality.\* Second, this Rule carves out a few limited exceptions where a judge may accept a gift or benefit given for or because of the judge's official position or action even if such gift or benefit would ordinarily be prohibited by G. L. c. 268A, §§ 3 and 23(b)(2). See Rule 1.1. These exceptions are intended to allow judges to participate more fully in activities and organizations dedicated to the law,\* the legal system, and the administration of justice.

[2] Paragraph (A) recognizes that whenever a judge accepts a gift without paying fair market value, even one not given for or because of a judge's official position or action, there is a risk that the public may regard the gift as an attempt to influence the judge in the performance of judicial duties. Paragraph (A) therefore requires a judge to reject any gift if acceptance would appear to a reasonable person to undermine the judge's independence,\* integrity,\* or impartiality.\* Paragraphs (B) and (C) address instances when a gift is not given for or because of a judge's official position or action. Paragraph (B) identifies limited circumstances in which a gift may be accepted and not disclosed, while Paragraph (C) allows for additional instances when a judge may accept but must publicly report a gift. Paragraphs (D) and (E) identify limited instances where, after making a threshold determination that acceptance of a gift or benefit would not appear to a reasonable person to undermine the judge's independence,\* integrity,\* or impartiality,\* a judge may accept a gift or benefit given for or because of the judge's official position or action. Paragraph (D) identifies instances when the judge may accept such a gift or benefit without public disclosure while Paragraph (E) identifies instances when public reporting is required to foster public confidence in the judiciary.

[3] A judge's acceptance of a gift from a lawyer or law firm who is appearing before the judge is an example of a gift prohibited by Paragraph (A), as such a gift would appear to a reasonable person to undermine the judge's independence,\* integrity,\* or impartiality.\* A judge's acceptance of a gift or other thing of value from a party when the party's interests are before the judge raises the same

concerns. The same concerns also are raised when the lawyer or law firm has appeared before, or the party's interests have come before, the judge in the reasonably recent past or are likely to come before the judge in the future.

[4] Paragraph (B)(1) provides that a judge may accept and not publicly report a gift or benefit not of substantial value* if it is not prohibited by Paragraph (A) and is not given because of a judge's official position or action.

[5] Gift-giving between close personal friends* and relatives is a common occurrence, and ordinarily does not create an appearance of impropriety* or cause a reasonable person to believe that the judge's independence,* integrity,* or impartiality* has been compromised even when the close personal friend* or relative is a lawyer. In addition, because the appearance of close personal friends* or relatives in a case would require the judge's disqualification under Rule 2.11, there would be no opportunity for a gift or other thing of value to influence the judge's decision making; nor would a reasonable person believe that the gift was given due to the judge's official position. Paragraph (B)(2) places no restrictions upon the ability of a judge to accept gifts or other things of value from friends or relatives under these circumstances and does not require public reporting.

[6] "Ordinary social hospitality" consists of those social events and routine amenities, gifts, and courtesies which are normally attended by or exchanged between friends, colleagues, and acquaintances, and which would not create an appearance of impropriety* to a reasonable, objective observer. The test is objective, not subjective. Paragraph (B)(3) permits that type of social event or gift which is so common among people in the judge's community that no reasonable person would believe that: (i) the host/giver was intending to or would obtain any advantage; or (ii) the guest/recipient would believe that the host/giver intended to obtain any advantage.

[7] Paragraph (B)(4) recognizes that a judge's participation in organizations and activities, such as those permitted under Rule 3.7, may lead to the judge's being offered a gift or benefit. A judge may accept such a gift or benefit so long as the same gift or benefit is made available on the same terms to similarly situated persons who are not judges. For example, a local professional performer may offer the members of a neighborhood chorus complimentary tickets of substantial value* to attend a concert. A judge who sings in the chorus may accept a ticket because the gift is offered on the same terms to all of the members.

[8] Businesses and financial institutions frequently make available special pricing, discounts, and other benefits, either in connection with a temporary promotion or for preferred customers, based upon longevity of the relationship, volume of business transacted, and other factors. Paragraphs (B) (5) - (B)(7) provide that a judge may freely accept such benefits if they are available to the general public, or if the judge qualifies for the special price or discount according to the same criteria as are applied to persons who are not judges. As an example, loans provided at generally prevailing interest rates are not gifts, but a judge could not accept a loan from a financial institution at a below-market interest rate unless the same rate was being made available to the general public for a certain period of time or to borrowers with specified qualifications that the judge also possesses.

[9] This Rule applies only to acceptance of gifts or benefits by a judge. Nonetheless, if a gift or benefit is given to the judge's spouse, domestic partner,* or member of the judge's family residing in the judge's household,* it may be viewed as an attempt to evade this Rule and influence the judge

indirectly. Where the gift or benefit is being made primarily to such other persons, and the judge is merely an incidental beneficiary, this concern is reduced and Paragraph (B)(8) does not require disclosure. A judge should remind family and household members of the restrictions imposed upon judges, and urge them to take these restrictions into account when making decisions about accepting such gifts or benefits.

[10] Paragraph (C) allows a judge to accept any other gift of substantial value* that is not given because of the judge's official position or action and is not prohibited by Paragraph (A), provided that the judge publicly reports the gift.

[11] In general, the receipt by a judge of free or discounted legal services carries a significant risk that such a gift would appear to a reasonable person to be given because of the judge's official position or action and to undermine the judge's independence,* integrity,* or impartiality.* There are, however, certain circumstances when that risk is sufficiently abated that a judge may accept and not disclose a gift of free or discounted legal fees pursuant to Paragraphs (B)(2) or (B)(5) or may accept but must disclose the gift pursuant to Paragraph (C).

Paragraph (B)(2) permits a judge to accept and not disclose free or discounted legal services from a relative or close personal friend* whose appearance in a matter would require the judge's disqualification if the lawyer is a sole practitioner or at a firm where all the lawyers are relatives or close personal friends* of the judge (e.g., a firm composed of two siblings who are both close personal friends* of the judge). Because a gift of legal services is always a gift from both the lawyer providing the services and that lawyer's firm, Paragraph (B)(2) does not apply if the lawyer providing the services is a sole practitioner but not a relative or close personal friend* of the judge, or if that lawyer works at a firm where not all of the lawyers are relatives or close personal friends* of the judge.

Paragraph (B)(5) permits a judge to accept and not disclose free or discounted legal services when a lawyer or law firm has offered special pricing or a discount as part of a commercial opportunity or marketing strategy to a group of similarly situated persons who are not judges. For example, a law firm may have different rate structures for individual and corporate clients. Another example is a law firm that offers a reduced rate for estate planning services to all persons over 65. Paragraph (B)(5) does not apply if the special pricing is offered as a professional courtesy only to judges.

Paragraph (C) provides for instances when a judge may accept but must disclose free or discounted legal services. A reasonable person would not believe the gift or benefit undermines the judge's independence,* integrity,* or impartiality* when the same discount is extended to non-judges in comparable circumstances, and the lawyer, the lawyer's firm, and their interests are not before the judge, have not come before the judge in the reasonably recent past, and are not likely to come before the judge in the reasonably near future. Examples of comparable circumstances include the following: a law firm's policy is to extend professional courtesies to all former partners, and the judge is a former partner; a law firm's policy is to extend professional courtesies to the relatives of partners, and the judge's sibling is a partner at the firm; a lawyer's policy is to offer discounted legal services both to lawyers facing proceedings before the Board of Bar Overseers and to judges facing proceedings before the Commission on Judicial Conduct. Nevertheless, disclosure is necessary to maintain public confidence in the judiciary by making readily identifiable any potential for compromise to the judge's independence,* integrity,* or impartiality.*

[11A] Where a judge retains legal representation due to a matter before the Commission on Judicial Conduct, a judge may be entitled to the payment of reasonable attorneys' fees by the Commonwealth with the approval of the Supreme Judicial Court as provided by G. L. c. 211C, § 7(15) . See SJC Standing Order Regarding Procedure for Judges Seeking a Determination Concerning Attorneys' Fees for Representation in a Matter Before the Commission on Judicial Conduct.

[11B] A judge may accept free or discounted legal representation due to a matter before the Commission on Judicial Conduct upon a determination by the Supreme Judicial Court that such representation would serve the public interest. See SJC Standing Order Regarding Procedure for Judges Seeking a Determination Concerning Attorneys' Fees for Representation in a Matter Before the Commission on Judicial Conduct.

[12] Paragraphs (D) and (E) identify limited instances when, after making a threshold determination that, in the particular circumstances, acceptance of a gift or benefit would not appear to a reasonable person to undermine the judge's independence,* integrity,* or impartiality,* a judge may accept a gift or benefit given for or because of the judge's official position or action. Paragraph (D) identifies instances where the risk of the appearance of a conflict of interest is so slight that public reporting is not required, while Paragraph (E) identifies instances in which public reporting is required.

[13] Paragraph (D)(1) permits a judge to accept gifts not of substantial value* that are incident to public recognition of the judge. Examples might include plaques, trophies, and certificates. Gifts that are inscribed or personalized may have little market value.

[14] Paragraphs (D)(2) and (D)(3) are intended to encourage judicial participation in the activities of bar associations and other non-profit organizations concerned with the law,* the legal system, and the administration of justice. Judicial participation in such activities promotes professionalism within the legal profession and public confidence in the administration of justice. See, e.g., Rules 1.2, 3.1, and 3.7.

Paragraph (D)(2) encourages judicial participation in bar association activities by permitting judges to attend without charge luncheons, dinners, receptions, award ceremonies, or similar events held in Massachusetts. Unlike the invitations addressed in Rule 3.14, invitations under Paragraph (D)(2) may be accepted without obtaining a determination by the Chief Justice of the court on which the judge sits that acceptance will serve a legitimate public purpose, and that such public purpose outweighs any non-work related benefit to the judge or to the organization providing the waiver of expenses. That is because the judge's attendance at these types of events is presumed to serve such a public purpose.

[15] Paragraph (D)(4) provides that a judge may accept for official use books and other electronic and non-electronic resource materials supplied by publishers on a complimentary basis.

[16] Paragraph (E)(1) permits a judge to accept a gift of substantial value* incident to public recognition of the judge, but requires the judge to publicly report the gift.

[17] Paragraph (E)(2) recognizes that there are instances when it may be appropriate for a judge to accept complimentary invitations for family members or guests so long as the judge publicly

reports the gift. For example, a judge receiving an award from a bar association may accept an offer of complimentary tickets to be used by the judge's spouse and children.

### Rule 3.14 Reimbursement of Expenses and Waivers of Fees or Charges

**(A) Unless otherwise prohibited by Rules 3.1 and 3.13(A) or other law,\* a judge may accept reimbursement of necessary and reasonable expenses for travel, food, lodging, or other incidental expenses, or a waiver or partial waiver of fees or charges for registration, tuition, and similar items, from sources other than the judge's employing entity, if the expenses or charges are associated with the judge's participation in extrajudicial activities permitted by this Code.**

**(B) Reimbursement of expenses for necessary travel, food, lodging, or other incidental expenses shall be limited to the actual costs reasonably incurred by the judge.**

**(C) If the invitation to the judge is connected to the judge's official position or official action and is not covered by Rule 3.13(D)(2), a judge is required to notify the Chief Justice of the court on which the judge sits and obtain a determination that acceptance of the reimbursement or waiver serves a legitimate public purpose and such purpose outweighs any non-work related benefit to the judge or to the person or organization providing the payment or waiver of expenses.**

### Comment

[1] This Rule applies specifically to a judge's attendance at tuition-waived and expense-paid seminars and similar events that may be sponsored by law-related organizations or by educational, civic, religious, fraternal, and charitable organizations, and is intended to apply to events not described in Rule 3.13(D)(2).

[2] Not infrequently, sponsoring organizations invite certain judges to attend seminars or other events on a fee-waived or partial-fee-waived basis, and sometimes include reimbursement for necessary travel, food, lodging, or other incidental expenses. A judge's decision whether to accept reimbursement of expenses or a waiver or partial waiver of fees or charges in connection with these or other extrajudicial activities must be based upon an assessment of all the circumstances. The judge must undertake a reasonable inquiry to obtain the information necessary to make an informed judgment about whether acceptance would be consistent with the requirements of this Code.

[3] A judge must assure himself or herself that acceptance of reimbursement or fee waivers would not appear to a reasonable person to undermine the judge's independence,\* integrity,\* or impartiality.\* This decision involves consideration of the totality of circumstances, including but not limited to the nature of the sponsor, the source of the funding, whether the sponsor or source of the funding frequently takes positions on issues before or likely to come before the court where the judge sits, and the content of the program or event, including whether differing viewpoints are presented. Where the invitation is associated with any of the judge's non-law-related activities, including educational, religious, fraternal, or civic activities, the judge may accept reimbursement or fee waiver only if the same invitation is offered to similarly-situated non-judges who are engaged in similar ways as the judge.

[4] Paragraph (C) is intended to ensure that a judge obtains a determination from the Chief Justice of the court on which the judge sits that a legitimate public purpose is served by the judge's acceptance of the reimbursement or waiver when the invitation is connected to the judge's official position or official action. In contrast, no such determination is required in the circumstances covered by Rule 3.13(D)(2) because a legitimate public purpose is presumed.

## Rule 3.15 Reporting Requirements

**(A) A judge shall annually complete the Public Report of Extra-Judicial Income in the form promulgated by the Supreme Judicial Court and the Statement of Financial Interests in the form promulgated by the Massachusetts State Ethics Commission.**

**(B) The Public Report of Extra-Judicial Income shall require the public reporting of the following items if they are of substantial value\*:**
> **(1) compensation received for extrajudicial activities permitted under Rule 3.12; and**
> **(2) gifts and other things of value where disclosure is required by Rule 3.13.**

## CANON 4:
## A JUDGE SHALL REFRAIN FROM POLITICAL ACTIVITY INCONSISTENT WITH THE INDEPENDENCE,\* IMPARTIALITY,\* OR INTEGRITY\* OF THE JUDICIARY

### Rule 4.1 Political and Campaign Activities

**(A) A judge shall not:**
> **(1) act as a leader in, or hold an office in, a political organization\*;**
> **(2) make speeches on behalf of a political organization\* or candidate;**
> **(3) publicly endorse or oppose a candidate for any public office;**
> **(4) solicit funds for, pay an assessment to, or make a contribution to a political organization\* or a candidate for public office; or**
> **(5) attend or purchase tickets for dinners or other events sponsored by a political organization\* or a candidate for public office or intended to raise money or gather support for or against a political organization\* or candidate.**

**(B) A judge may engage in activity in support or on behalf of measures to improve the law,\* the legal system, or the administration of justice, provided that the judge complies with the other provisions of this Code.**

**(C) On assuming a judicial office, a judge shall resign any elective public office then held.**

### Comment

[1] While judges have the right to participate as citizens in their communities and not be isolated from the society in which they live, judges must at all times act in a manner that promotes public confidence in their independence,\* integrity,\* and impartiality.\* This Rule imposes restrictions on a judge's political activities because public confidence in the judiciary is eroded if judges are perceived to be subject to political influence or give the impression of favoring the interests of a political organization\* or candidate.

[2] The restrictions in Paragraph (A) prohibit a judge from engaging in any public display in support of or opposition to a political candidate, including displaying a bumper sticker on an automobile the judge regularly uses, posting a campaign sign outside the judge's residence, signing nomination papers for a political candidate or ballot issue, carrying a campaign sign, distributing campaign literature, or encouraging people to vote for or give money to a particular candidate or political organization.*

[3] A judge may not avoid the restrictions imposed by this Rule by making contributions or endorsements through a spouse, domestic partner,* or other member of the judge's family.* Political contributions by the judge's spouse or domestic partner* must result from that person's independent choice, and checks by which contributions are made must not include the name of the judge.

[4] Although members of the judge's family* are free to engage in their own political activity, including running for public office, a judge must not endorse, appear to endorse, become involved in, or publicly associate with any family member's political activity or campaign for public office.

[5] A judge may register as a member of a political party. A judge may also attend non-partisan events, such as a forum that is open to all candidates and is intended to inform the public.

## Rule 4.2 Activities of Judges Who Become Candidates for Nonjudicial Office

**(A) Upon becoming a candidate in a primary or general election for elective office, a judge shall resign from judicial office.**

**(B) Upon becoming a candidate for a nonjudicial appointive office, a judge is not required to resign from judicial office, provided that the judge complies with the other provisions of this Code.**

## Comment

[1] The "resign to run" rule set forth in Paragraph (A) ensures that a judge cannot use the judicial office to promote his or her candidacy. When a judge is seeking appointive nonjudicial office, however, the dangers are not sufficient to warrant imposing the "resign to run" rule.

[2] Upon being appointed to any nonjudicial office except as permitted by Rule 3.4, a judge must resign from judicial office.

*As amended October 8, 2015, effective January 1, 2016.*

Ex. A, p. 83 of 91.

# APPENDIX D

## FLOW CHART OF COMMISSION PROCEDURES





COMPLAINT
**§5(1),  Rule 6A**

SCREENING
**Rule 6B**

NOT DOCKETED
Complainant Notified
**Rule 6C(1)**

DOCKETED
**Rule 6C(2)**

TO COMMISSION IMMEDIATELY IF:
- Frivolous or unfounded (**Rule 6D**)
- Stale (**Rule 6E**)
- Anonymous (**Rule 6F**)
- Danger of retaliation or
  destruction of evidence (**Rule 6G**)

NOTIFY JUDGE
**§5(2), Rule 6C(3)**

Notify judge of less
than full complaint
**§5(2)(a)+(b), Rule 6G(4)**

DISMISS

INVESTIGATION
**§5(1)-(5), Rule 6H**

SWORN
COMPLAINT OR
STATEMENT OF
ALLEGATIONS
**§5(5)**

JUDGE HAS 21 DAYS TO RESPOND
and
TO REQUEST AN APPEARANCE
(Judge Entitled to Discovery)
**§5(7) + (8)**

FORMAL CHARGES
**§5(13) + (14)**

Continued on Next Page



Continued from previous page

FORMAL CHARGES
§5(13) + (14)

JUDGE HAS 10 DAYS TO RESPOND
§5(14)

FORMAL CHARGES
and RESPONSE
FILED WITH SJC and
BECOME PUBLIC
§5(14)

DISCOVERY; SJC APPOINTS
HEARING OFFICER
§7(2); §5(14)

COMMISSION SCHEDULES HEARING
§7(1)

PUBLIC HEARING
§7(3)

The Commission may, at any stage of the proceedings:
a)  dismiss the complaint or,
b)  with the agreement of the judge,
    i.  dispose of it by Agreed Disposition pursuant
        to M.G.L. §8(1) or §8(3), or
    ii. send it to the SJC for disposition pursuant to
        Commission Rule 13.

HEARING OFFICER'S REPORT
§7(8)

20 DAYS FOR EITHER SIDE
TO SUBMIT OBJECTIONS
§7(8)

PUBLIC HEARING RE RECOMMENDATION,
IF REQUESTED BY JUDGE OR COMPLAINANT
§7(9)

COMMISSION'S RECOMMENDATION TO SJC
§7(9) + (10)

SJC DECIDES RE SANCTION

Simplified for purposes of explication.  M.G.L. c. 211C and Commission Rules govern.

**APPENDIX E**

**COMPLAINT FORM**





**COMMONWEALTH OF MASSACHUSETTS**
**COMMISSION ON JUDICIAL CONDUCT**
**11 BEACON STREET, SUITE 525**
**BOSTON, MASSACHUSETTS 02108-3006**
**Phone: (617) 725-8050**
**Fax: (617) 248-9938**

## COMPLAINT FORM

CJC Complaint Number: _____

This form is designed to provide the Commission with information necessary to determine whether your complaint falls within the Commission's jurisdiction, pursuant to M.G.L. Chapter 211C, and whether an investigation or further action should be taken.   Please review the Code of Judicial Conduct (SJC Rule 3:09) and the rules of the Commission, both of which are available on the Commission's website at www.mass.gov/cjc, before filling out this form.  ONLY ONE JUDGE MAY BE COMPLAINED OF ON EACH FORM.

### PLEASE TYPE OR PRINT CLEARLY ALL INFORMATION

Your name:_____

Your address:_____

_____

Daytime telephone number:_____

Name of judge:_____

Court:_____

Case name:_____

Docket number:_____

Attorney(s) involved:_____

Date(s) of misconduct: _____

Has an appeal been filed?_____

Please summarize the general nature of your complaint:

_____

_____

_____

_____

**Specific Facts:** Please describe exactly what the judge did that you believe constitutes judicial misconduct or evidence of disability, and on what date(s). YOUR COMPLAINT WILL BE SCREENED ON THE BASIS OF THIS FORM ONLY. DO NOT RELY UPON ATTACHMENTS TO MAKE YOUR ALLEGATIONS. (You may attach copies of any documents which support your allegations, for the purposes of the investigation.  Please delete anyone's personal identifying information, such as social security number, bank account information, or credit card information.)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I understand that this complaint and any other communication to or from the Commission on Judicial Conduct must remain confidential to the extent required by M.G.L. Chapter 211C, Section 6, and Commission Rule 5. I also understand that this complaint and any attachments I send to the Commission become the property of the Commission and will not be returned to me.


Signed: _____

Date: _____


Please mail completed form to:

Executive Director
Commission on Judicial Conduct
11 Beacon Street, Suite 525
Boston, MA 02108-3006