UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LYUDMILA S. MASLYAKOVA,**<br>　　　**Plaintiff,**<br><br>　　　v.<br><br>**SUPREME JUDICIAL COURT**<br>**OF THE COMMONWEALTH**<br>**OF MASSACHUSETTS, et al.,**<br>　　　**Defendants.** | Civil Action No.<br>18-12059-IT |

**MEMORANDUM AND ORDER**

**TALWANI, D.J.**

For the reasons set forth below, the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is denied, and the court reminds counsel for Plaintiff of the obligations imposed by Rule 11 of the Federal Rules of Civil Procedure. If plaintiff chooses to proceed with this action, she will be granted additional time to (1) either pay the $400 filing fee or file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs and (2) show cause why the complaint should not be dismissed for lack of subject matter jurisdiction and for failing to meet the requirements of Federal Rule of Civil Procedure 8(a).

**I.    Motion to Proceed *In Forma Pauperis***

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is not signed by Lyudmila S. Maslyakova. Instead, it is signed by her counsel. As such, it does not satisfy the requirement for an affidavit as required by 28 U.S.C. § 1915(a).

Additionally, Plaintiff fails to provide the source and amount of money she has received in the past 12 months, and what she expects to receive in the future. Plaintiff fails to disclose amount of money and any property that she owns as well as her monthly expenses. Because the

application is incomplete and does not include an affidavit as required by 28 U.S.C. §1915(a), the motion is DENIED without prejudice.

## II.     The Complaint is Subject to Dismissal

Plaintiff's eighteen-page complaint in the form of a movie script does not meet the requirement of Rule 8 of the Federal Rules of Civil Procedure for a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief."

Moreover, to the extent plaintiff is seeking to defeat or negate a state court judgment, this Court is without subject matter jurisdiction under the *Rooker-Feldman* doctrine. *D.C. Ct. App. v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003).

## III.     Plaintiff's Counsel is Reminded of the Obligations Imposed by Rule 11

Federal Rule of Civil Procedure 11(b) states in relevant part:

> By presenting to the court a pleading ... an attorney ... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, or other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ....

Fed. R. Civ. P. 11(b).

If the court determines that Rule 11(b) has been violated, the court may "impose an appropriate sanction on any attorney ... that violated the rule or is responsible for the violation."

Fed. R. Civ. P. 11(c)(1). The sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Counsel has previously been instructed that motions to proceed *in forma pauperis* need to be signed by the client and he has had previous claims against the Supreme Judicial Court dismissed for lack of subject matter jurisdiction, suggesting that counsel may be disregarding his Rule 11 obligations. *See Anderson v. Supreme Judicial Court, et al.,* No. 18-11302-DJC (first motion to proceed *in forma pauperis* denied without prejudice because it was not signed by plaintiff); *Debarros v. Supreme Judicial Court, et al.,* No. 18-11119-ADB (denying motion to proceed *in forma pauperis* because it was not signed by plaintiff and dismissing for lack of subject matter jurisdiction); *Liviz v. Supreme Judicial Court, et al.*, No. 17-12345-DJC (dismissing on *Younger* abstention grounds), *aff'd* No. 18-1340 (1st Cir. Oct. 2, 2018).

Plaintiff's counsel is cautioned that if future filings in this case violate Rule 11, the court may impose an appropriate sanction on counsel to deter further repetition of the conduct. *See* Fed. R. Civ. P. 11(c)(1), (4).

**IV. Order**

Based upon the foregoing, it is it is hereby ORDERED that

1. The Application to Proceed in District Court Without Prepaying Fees or Costs [#2] is denied without prejudice;

2. Plaintiff's counsel is reminded of the obligations imposed by Rule 11 of the Federal Rules of Civil Procedure; and

3. If Plaintiff chooses to proceed with this action, she shall, within 14 days of the date of this Memorandum and Order (1) either pay the $400 filing fee or file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs and (2) show cause why the

complaint should not be dismissed for the reasons stated above.

**So ordered.**

 /s/ Indira Talwani
Indira Talwani
United States District Judge

Dated: December 3, 2018