IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LYUDMILA S. MASLYAKOVA,** | ) | CASE NO. 1:18-cv-12059-IT |
| *Plaintiff*, | ) | |
| v. | ) | |
| | ) | |
| **SUPREME JUDICIAL COURT** | ) | FOR THE PEOPLE SUBMISION |
| **OF THE COMMONWEALTH** | ) | BY |
| **OF MASSACHUSETTS**, et al., | ) | JURIST FOR JUSTICE |
| *Defendants*, | ) | |
| | ) | |

### *VERIFIED* RESPONSE TO ORDER TO SHOW CAUSE WITH REQUEST FOR RECUSAL[1] AND FOR PARTIAL CERTIFICATION TO APPEAL

I, *jurist* Ilya Liviz D.L.D, hereby swear as followed:

There is a reason why many Americans feel the way they do about the courts. Our court system is the best in the world; however, there is growing discontent and feeling of injustice among the people. I am not talking about difference of opinion; important questions are being ignored, and fundamental rights are no longer secured.

### BACKGROUND

On 10/03/18 this counsel filed the above captioned civil action that was styled as a screen play. [Doc. 1] On 12/03/18 this court issued a Memorandum and Order; "... to (1) either pay the $400 filing fee or file a renewed Application to Proceed in District Court Without Prepaying Fees or Costs and (2) show cause why the complaint should not be dismissed for lack of subject matter jurisdiction and for failing to meet the requirements of Federal Rule of Civil Procedure 8(a)." [Doc. 6, at ¶ 1]

### ARGUMENT

---

[1] Jurist's takes his core values to heart, and presence of impartiality requires recusal. *See Liviz* Recusal Doctrine.

## I. SUBJECT MATTER JURISDICTION

### A. Fed. R. Civ. Pro Rule 8(a).

Although not part of the Order, the court wrote this counsel to; "... show cause why the complaint should not be dismissed for lack of subject matter jurisdiction and for failing to meet the requirements of Federal Rule of Civil Procedure 8(a)." [Doc. 6, in ¶ 1 at (2)].

#### 1. Legal Standard

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." See Fed. R. Civ. Pro. Rule 8(a).

#### 2. Failing to State Rule 8 Claim of Relief

In my life I have heard that there is more than one way to cook a fish; here is an example of the statement's sentiment in the context of legal application by a *jurist*.

We can use the logic behind Fed. R. Civ. Pro. Rule 12(b)(6), to show lack of relief pursuant to Rule 8 claim, because of failure to state facts that support the claim, *id est*, the court, can be seen as the Plaintiff in counter claim, and this jurist is the Defendant in counter claim, forming a collateral civil contempt hearing prior to an action even being initiated.

Hon. Judge Talwani, as the moving party, goes first by presenting her claim of action, *inter alia*, alleging lack of Fed. R. Civ. Pro. Rule 8 compliance by *Jurist* Ilya liviz who failed to draft a, "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." [Doc. 2, at II.]

*Jurist* Liviz, with his cardboard sword in one hand,[2] and the legal opinion of the Supreme Court of the United States in the other, responds and brings to attention, Hon. J. Talwani failed to state a claim for which Rule 8 Relief can be granted because her Memorandum and Order presents labels and conclusions without even a smidgen indicia of facts to support the alleged rule 8 noncompliance; bad faith presentment of rule 8 violation that would not be enough to relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (May 21, 2007). *Jurist* Liviz takes the position that Grandma should not have to pay legal fees for the time spent on responding to this court's Rule 8 violation claim, which is made in bad faith, vexatiously, wantonly, or for oppressive reasons. *See* III. C. *infra*.

**B. *Rooker-Feldman* doctrine**

The *Rooker–Feldman* doctrine takes its name from two cases in which the U.S. Supreme Court determined Federal District Court lacked jurisdiction. "In *Rooker,* a party who had lost in the Indiana Supreme Court, and failed to obtain review in this Court, filed an action in Federal District Court challenging the constitutionality of the state-court judgment. " *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

In "*Feldman,* decided 60 years later, concerned slightly different circumstances, with similar results. The plaintiffs there had been refused admission to the District of Columbia bar by the District of Columbia Court of Appeals, and sought review of these decisions in Federal District Court. Our decision held that to the extent plaintiffs challenged the Court of Appeals decisions themselves—as opposed to the bar admission rules promulgated non[-]judicially by the Court of Appeals—their sole avenue of review was with this Court." *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, at 476 (1983).

---

[2] You can never be too careful.

This of course is very different from the present case, *inter alia*, Plaintiff case differs because: 1) does not seek review of state judgment; 2) alleges violation of a federal declaration [Doc. 1, at no. 5]; 3) alleges violations concerning non-judicial administrative conduct [*id*. at no. 6]; 4) alleges violation of Fifth & Fourteenth Amendment via deprivation of procedural due process access to the court [*id*. at no. 7]; and 5) deficiency in appellate remedy [*id*. at no. 8].

In summary in *Rooker-Feldman,* the matter was previously adjudicated by a state court, and the losing party attempted to review a state court's judgment, which pursuant to the "more than one way to cook a fish" (*supra*) can be said is an attempt to get a "second bite at the apple" in violation of *res judicata* of state judgment which the federal court is *estopped* from asserting jurisdiction pursuant to analogous *Younger* abstention preclusion, *id est*, *Rooker-Feldman* concerns review of state judgment, which is completely unrelated to the present Plaintiff's alleged administrative due process denial to access to court - for some claims court can adjudicate without even looking at the state judgment.

Simply said; this is a frivolous comparison that equates comparing **apples** to a **screwdriver**, that is justified with erroneously juxtaposed comparison of ol-lady **driver** who got **screwed** while eating an **apple**. (Say what? Emphasis added.)

**II. SANCTIONS**

A. Type of Sanctions Available

The court may rely on various remedies to sanction litigants pursuant to; 1) inherent power of the court; 2) 28 U.S.C. § 1927, and 3) Fed. R. Civ. P. Rule 11

1. <u>Inherent power of the court</u>

Federal court may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO,*

*Inc.*, 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991) "[C]ourts inherent power to impose sanctions for bad-faith conduct is not displaced by scheme of statute and rules;[and] there was no abuse of discretion in District Court's resort to its inherent power to impose sanctions for bad-faith conduct, even though some conduct was also sanctionable under rules".) A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. *Id*.

    2. <u>28 U.S.C. § 1927</u>

"This statute permits sanctions to be imposed against lawyers who "multipl[y] the proceedings . . . unreasonably and vexatiously." *See* 28 U.S.C. § 1927. Garden-variety carelessness or even incompetence, without more, will not suffice to ground the imposition of sanctions under §1927. Rather, an attorney's actions must evince a studied disregard of the need for an orderly judicial process or add up to a reckless breach of the lawyer's obligations as an officer of the court. Bad faith is not an essential element, but a finding of bad faith is usually a telltale indicium of sanctionable conduct." *See Jensen v. Phillips Screw Co*., 546 F.3d 59 (2008)(Internal citations omitted).

    3. <u>Violation of Fed. R. Civ. P. Rule 11</u>

Rule 11 is designed to keep litigants in check by allowing a grieved party to request compliance among themselves or face possible Rule 11 sanctions. See Fed. R. Civ. Pro. Rule 12(c)(1). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." *See ibid*. at (c)(3).

"By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. " *See* Fed. R. Civ. P. Rule 11(b)(1-4).

Because everything that is presented to the court is truthful, the court's only logically maintainable argument is that submission of the AO 240 amounts to judicial wasting. Whether the court can sanction this *jurist* for wasting the court's time pursuant to Rule 11 is not necessary to determine because we can just skip to the "Nature of a Sanction" and see; "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." In other words, a judge's prior denial does not amount to prohibited contact, and to assume so would be a due process violation of fair warning.

Thus, without even waiting for this court to simply tell me to never file an Application To Proceed In District Court without the client's signature thereon, I as an officer of the court, will simply comply and offer to not do so; just like that, the issue as to needing sanctions to prevent violation of AO 240 is now moot - but, I would like to appeal. *See* III. at C. *infra*.

### III. APPLICATION TO PROCEED IN FORMA PAUPERIS

**A. Legal Standard**

Indigent litigants may submit a standardized court form for application to proceed in district court without prepaying fees or costs. *See* form no. AO 250 (effective Jul. 1, 2010). The affidavit requirements are codified in 28 U.S.C. § 1915(a).

**B. Application of Legal Standard**

Plaintiff's counsel submitted Application to Proceed in District Court Without Prepaying Fees or Costs ("AO 240") [doc. 2] in which the court notes the following errors: 1) counsel signs on behalf of the client; 2) failure to provide the source and amount of money client has received in the past 12 months; 3) expectancy of money receipt in the future; 3) failure to disclose amount of money and any property that she owns; 4) monthly expenses. [Doc. 6, at I.]

What the court failed to appreciate this is; "[r]etired senior citizen on public assistance." *See Ex*. at no. 2. The income is limited to a pension. See ibid. Throughout the entire application it is clear that [t]his is a retired senior citizen in her 70's living on government's pension. *See id*. p. 2, at *. *See* also *e.g. id*. at nos. 4. "government rate", 5. "nominal value". Plaintiff is indigent, and the question is, would a court's officers declaration be sufficient to allow her access to the court. The court has no benefit other than to have a signed affidavit to hold over Grandma for which criminal charges can be brought if she lied about her financial statement.[3]

Thus, the court now seems to take issue with having sufficient evidence to prosecute than to administer justice. Moreover, counsel here has made a declaration under oath which gives the court similar remedy, albeit applied to a different party, which equally fulfill the deterrence of abuse purpose. Finally, there is a basis this *jurist's* declaration has the same force and affect pursuant to 28 U. S. C. § 1746 unsworn declarations under penalty of perjury.

---

[3] Of course we are not even going into issues with elderly making mistakes, age related memory problems, senior citizen benefits, delay in ability and availability for correspondence by mail, Grandma never lie, etc.

## C. Certification for Interlocutory Appeal

The undersigned alternatively hereby moves this Honorable Court for certification of this issue for interlocutory appeal; " ...interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *See McGillicuddy v. Clements*, 746 F.2d 76 (1984).

So here is the "novel" question of the day, can sanctions be enforced against this Honorable court for, inter alia, claim of dismissal without factual support raised in bad faith in oppressive you are "kings" and "queens" fashion. "Any attorney or **other person admitted to conduct cases** in any court of the United States ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy **personally** the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

I move for sanction against this Honorable court and request hearing for damages. Because of the pecuniary interest this court may have, I further request for your recusal and certification for interlocutory appeal to present the matter for *de novo* review.

The aforementioned is true, accurate and correct, to the best of my knowledge, recollection, and interpretation. Signed under pains and penalty of perjury on this fourth day of October in the year of 2018 of our Lord.

Respectfully submitted,

\_\_\_/s/ ilya Liviz_____
*Jurist* Ilya Liviz D.L.D.
Civil Rights & Civil Liberties Advocate      \_\_\_/s/ ilya Liviz_____
*Jurist* Ilya Liviz D.L.D.
Civil Rights & Civil Liberties Advocate
Date: 12/05/2018      LIVIZ LAW OFFICE
200 Central St., No. 1
Lowell, MA 01852
1 (978) 606-5326
ilya.liviz@gmail.com
B.B.O.# 686409

## **LOCAL RULE 7.1 CERTIFICATION**

I certify that, I did not attempt to resolve these issues, due to my previous interactions on this matter with counsel.

Dated: 12/05/2018              /s/ *Jurist* Ilya Liviz D.L.D.

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and regular email will be utilized to place counsel on notice, with service of the court's Order to this motion.

Dated: 12/05/2018              /s/ *Jurist* Ilya Liviz D.L.D.