UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LYUDMILA S. MASLYAKOVA,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SUPREME JUDICIAL COURT<br>OF THE COMMONWEALTH<br>OF MASSACHUSETTS, et al.,<br>　　　　Defendants. | )<br>)<br>)<br>)  Civil Action No.<br>)  18-12059-IT<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM AND ORDER

**TALWANI, D.J.**

For the reasons set forth below, the court denies Plaintiff's request for recusal and interlocutory review and allows her Application to Proceed in District Court Without Prepaying Fees or Costs ("Renewed Application") [8]. If Plaintiff chooses to proceed with this action, she shall, within 21 days of the date of this Memorandum and Order, file an amended complaint that complies with the pleading requirements of the Rule 8(a) of the Federal Rules of Civil Procedure and states a claim upon which relief may be granted and as to which this court has subject matter jurisdiction.

### I.　　Relevant Background

This action was initiated by the filing of a Complaint [1] and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [2]. Plaintiff's Application was denied without prejudice as incomplete and because it was signed by counsel rather than Plaintiff. Mem. & Order [6]. The court also noted the pleading deficiencies of the complaint and explained that, to the extent this action seeks to defeat or negate a state court judgment, this federal court is without subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id.*

Now before the court are Plaintiff's Verified Response to Order to Show Cause with Request for Recusal and for Partial Certification to Appeal ("Verified Response") [7], which seeks the recusal of the assigned district judge and interlocutory appeal of the denial of the Application, and a Renewed Application [8].

**II.    Discussion**

Pursuant to 28 U.S.C. § 455(a), a judge shall disqualify herself in any proceeding in which her "impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *United States v. Casey*, 825 F.3d 1, 28 (1st Cir. 2016). Here, Plaintiff has offered no basis for judicial recusal other than dissatisfaction with this court's orders. See Verified Response [7]. Plaintiff's request for recusal is denied.

The Verified Response acknowledges that the requirement for fee waiver applications is codified, and that a purpose of this requirement is to hold an affiant accountable if the financial statement is false. Verified Response [7] at 7, citing 28 U.S.C. § 1915(a). Plaintiff argues that counsel's statement should be accepted in lieu of the client's signature, because counsel is making declarations under penalty of perjury, and therefore could be held accountable for false statements. Id. The original application did not state, however, that counsel was making the statements based on his own personal knowledge, but only that the client was making the statements, and counsel was signing for her. Application [2]. The original Application was thus insufficient.

As to Plaintiff's renewed Application to Proceed in District Court Without Prepaying Fees or Costs, it now includes additional information and Plaintiff's signature. Plaintiff will be permitted to proceed *in forma pauperis*.

Plaintiff's request for interlocutory review is denied both because Plaintiff has provided

2

no grounds for interlocutory review and because the issue is now moot.

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). As previously noted in the court's Memorandum and Order [6], the complaint does not meet the requirement of Rule 8 of the Federal Rules of Civil Procedure for a "short and plain statement of the grounds for the court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." The court explained further that to the extent that Plaintiff is seeking to defeat or negate a state court judgment, the court is without jurisdiction. Id. at 2. Plaintiff will be provided additional time to cure the pleading deficiencies of her complaint and, if she is unable to so, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### III.   Order

Based upon the foregoing, it is hereby ORDERED that

1. The renewed Application to Proceed in District Court Without Prepaying Fees or Costs [#8] is allowed;

2. Plaintiff's request for recusal and interlocutory review is denied; and

3. If Plaintiff chooses to proceed with this action, she shall, within 21 days of the date of this Memorandum and Order file an amended complaint that complies with the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure and this court's orders.

4. No summons shall issue pending further order of the court.

**So ordered.**

                                            /s/ Indira Talwani
                                            Indira Talwani
                                            United States District Judge

Dated: March 5, 2019